IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JLR GLOBAL, LLC, et al.<br><br>**Plaintiffs,**<br><br>v.<br><br>PAYPAL, INC.,<br><br>**Defendant.** | CIVIL ACTION NO.: 4:22-cv-559<br><br>JURY TRIAL DEMANDED |

**PARTIES' JOINT REPORT OF RULE 26(f) CONFERENCE**

In compliance with this Court's Order Governing Proceedings (ECF No. 8) ("Order") and FRCP 26(f), lead counsel for Plaintiff and Defendant conducted a teleconference on August 16, 2022 (the "Conference"). The Parties' response(s) to each instruction or requirement of the Order and Rule 26(f) are listed below.

**Matters Included Per the Order**

1. Brief Factual and Legal Synopsis of the Case

   a) Plaintiffs:

   Plaintiffs filed their Complaint against Defendant on August 9, 2022, alleging that, in or prior to 2008, Ryan established an account with Defendant in order to utilize Defendant's services. On January 21, 2021 at 6:45 pm Central time, Ryan received an email notification from Defendant terminating Ryan's account, Defendant indicated that it was no longer bound to the terms of its agreement with Ryan from 13 years before. Defendant's justification for its termination of the agreement was a factually incorrect claim that Ryan had somehow violated Defendant's "Acceptable Use" policy. At 7:31 pm that same day, Ryan received

an email from CNET News Staff Reporter Laura Hautala stating "PayPal has told me that they shut down and account for Jenna Ryan because she is fundraising for purposes other than legal defense in violation of the company's policies." That same day at 7:49 pm, CBS News reporter Kate Smith published an article on cbsnews.com that stated PayPal spokesperson Kim Eichorn sent CBS an email notifying CBS of the fact that PayPal had closed Ryan's personal account. Within the next 24-48 hours, Plaintiffs' accounts with a number of electronic funds transfer services and social media sites were canceled. On January 25, 2021 Plaintiffs were wrongfully evicted from their corporate office location in Frisco, Texas, in response to the press activity generated by Defendant's illegal disclosure of Ryan's private personal financial information to news and media outlets. Plaintiffs incurred extensive financial losses – both immediate and long-term – amounting to millions of dollars, caused by Defendant's illegal disclosure of Ryan's private personal financial information to news and media outlets; and Ryan suffered severe emotional distress as a result of Defendant's illegal disclosure of Ryan's private personal financial information to news and media outlets.

Plaintiffs' Complaint against Defendant alleges that: Defendant has violated 15 U.S.C. § 1693(a)(9); committed tortious interference with prospective relations; violated the Texas Deceptive Trade Practices Act ("DTPA"); committed invasion of privacy; and committed intentional infliction of emotional distress upon Ryan.

b) <u>Defendant</u>:

Defendant contends that this matter should be submitted to binding arbitration as discussed in more detail in its August 29, 2022 Motion to Compel Arbitration and to Dismiss, or in the Alternative, to Stay this Action Pending Arbitration ("Motion to Compel Arbitration"). Defendant denies that it violated 15 U.S.C. § 1693(a)(9); committed tortious interference with prospective relations; violated the Texas Deceptive Trade Practices Act ("DTPA"); committed invasion of privacy; or committed intentional infliction of emotional distress as alleged by Plaintiffs. The damages alleged by Plaintiffs—if they were in fact damaged— were not caused by Defendant, but rather by Plaintiff Jennifer Ryan's participation in and live streaming of the attack on the United States Capitol on January 6, 2021, and her subsequent related social media activity.

2. <u>Jurisdictional Basis for This Suit:</u>

Plaintiffs allege that this action arises under the commerce and trade laws of the United States, Title 15 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332(a), and 15 U.S.C. § 1693. This Court has supplemental jurisdiction over Plaintiffs' claims arising under the laws of Texas, pursuant to 28 U.S.C. § 1367(a), because these claims are so related to Plaintiffs' claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact(s).

Defendant contends that this matter should be submitted to binding arbitration as discussed in its Motion to Compel Arbitration.

3. <u>List of the Correct Names of the Parties and Anticipated Additional Parties:</u>

   <u>Plaintiffs:</u>

   JLR Global, LLC, Jenna Ryan Realty, LLC, Jenna Ryan Real Estate, LLC, First Place Real Estate, SelfLoveU, LLC, The Jenna Ryan Show, and dotJenna

   2011 Lakeview Parkway, Flower Mound, TX 75028

   Jennifer Ryan

   4682 Rhett Lane, Unit C, Carrollton Texas, 75010

   <u>Defendant:</u>

   PayPal, Inc.

   2211 N 1st St San Jose, CA 95131

4. <u>Listing of Related Cases:</u>

   *JLR Global, LLC et al. v. PayPal Holding Company*, Case No. 22-4648-431, District Court of Denton County, Texas ("State Court Action") – removed to this Court as the present action.

5. <u>Confirmation of Completion of Initial Mandatory Disclosures:</u>

   Plaintiff:   Completed August 29, 2022.

   Defendant:  Completed August 29, 2022.

6. <u>Proposed Scheduling Order:</u>

   Submitted as a separate document, herewith.

7. <u>Describe in Accordance with Rule 26(f):</u>

   (i)   Subjects on Which Discovery May Be Needed:

    a. <u>Plaintiffs</u>

At this time, Plaintiffs can reasonably foresee the following subjects on which discovery may be needed:

Communications between Dan Schulman and any other person or entity, that pertain in any way to Ryan or the other Plaintiffs;

Communications between Kim Eichorn and any other person or entity, that pertain in any way to Ryan or the other Plaintiffs;

Communications between any other PayPal personnel and any other person or entity, that pertain in any way to Ryan or the other Plaintiffs; and

PayPal's history of enforcement of its "Acceptable Use" policy, and other related policies.

    b. <u>Defendant</u>

Should its Motion to Compel Arbitration be denied, Defendant anticipates discovery on all issues of liability and damages.

(ii) Issues Relating to Disclosure or Discovery of Electronically Stored Information (ESI).

At this time, the Parties do not have any issues regarding ESI to report. However, the Parties respectfully reserve the raise such issues with the Court should they arise.

(iii) Issues Relating to Asserting Claims of Privilege or Preserving Discoverable Information.

At this time, the Parties do not have any issues to report.

  (iv) Changes to Discovery Limitations Imposed By the Rules.

   None.

  (v) Orders That Should Be Entered By the Court.

   Plaintiffs: Only the proposed Scheduling Order, submitted herewith. Defendant: Defendant requests that the Court enter an order granting its Motion to Compel Arbitration.

8. <u>Progress/Status of Settlement:</u>

Plaintiffs' have presented an offer of settlement to Defendant. Defendant rejected the offer, and has not made a counter-offer. No substantive negotiations have taken place.

The parties have not agreed upon a mediator, or upon a deadline for mediation.

9. <u>Identity of Persons to be Deposed:</u>

 Jennifer Ryan

 Dan Schulman

 Kim Eichorn

 Kate Smith

 Laura Hautala

10. <u>Estimated Trial Time and Jury Demand:</u>

Plaintiffs have timely made a jury demand. Plaintiffs estimate five (5) days will be required to try this case. Defendant contends that the matter should be submitted to binding arbitration as discussed in its Motion to Compel Arbitration.

11. <u>Attorneys at Management Conference:</u>

 Plaintiffs: Ronald W. Burns

 Defendant: Robert C. Vartabedian and Alix D. Allison

12. <u>Consent to Trial Before a Magistrate Judge:</u>

    Neither Party consents to trial before a Magistrate Judge.

13. <u>Other Matters for Management Conference:</u>

    None at this time.

14. <u>Contested Motion Practice</u>

    The Parties will comply with the rules governing contested motion practice.

15. <u>Safeguarding Personal Information</u>

    The Parties are aware of, and will comply with, the policies and guidelines concerning the protection of sensitive personal information.

16. <u>Failure to Serve</u>

    The Parties will comply with the instructions concerning failure to serve, as set forth in the Order.

17. <u>Fictitious Parties</u>

    There are no fictitious Parties named in this cause of action.

18. <u>Settlement</u>

    The Parties understand and will comply with the instructions concerning settlement, as set forth in the Order.

19. <u>Compliance</u>

    The Parties will comply with the instructions concerning compliance, as set forth in the Order. The Parties will also comply with the instructions concerning the withholding of consent to just requests for cooperation or scheduling accommodation, as set forth in the Order.

Dated:  August 31, 2022

Respectfully Submitted,

By: /s/ Ronald W. Burns
Ronald W. Burns
Texas State Bar No. 24031903
Fresh IP, PLC
5999 Custer Road, Suite 110-507
Frisco, Texas 75035
972-632-9009
ron@freship.com

**ATTORNEY FOR PLAINTIFFS**

By: /s/ Robert C. Vartabedian
Robert C. Vartabedian
Texas Bar No. 24053534
Robert.Vartabedian@alston.com
Alix D. Allison
Texas Bar No. 24086261
Alix.Allison@alston.com

Alston & Bird LLP
301 Commerce, Ste. 3635
Fort Worth, TX 76102

**ATTORNEYS FOR DEFENDANT PAYPAL, INC.**