IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **JLR GLOBAL, LLC, et al.**<br><br>    Plaintiffs,<br><br>    v.<br><br>**PAYPAL, INC.,**<br><br>    Defendant. | **CIVIL ACTION NO.: 4:22-cv-559**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL ARBITRATION AND TO DISMISS**

Plaintiffs file this sur-reply ("Sur-reply") in Opposition to Defendant PayPal, Inc.'s ("PayPal" or "Defendant") Motion to Compel Arbitration and to Dismiss (ECF No. 10)("Motion") – responsive to Defendant's Reply In Support of the Motion (ECF No. 18) ("Reply"). Plaintiffs' herein incorporate their Response (ECF No. 14) by reference, and respectfully show the following.

**I.    INTRODUCTION**

Defendant bears the burden of proof in its attempt to enforce an arbitration agreement. *Psara Energy*, 427 F. Supp. At 861-863. As established in the Response, the Motion fails to adequately meet that burden of proof in a number of respects.

Defendant's Reply does nothing to remedy the failures of the Motion.

Instead, the Reply: cites to non-binding authority that is distinguishable from the facts of this case; attempts to introduce new arguments that Defendant waived by not including them in the Motion; and fails to specifically address the deficiencies enumerated in the Response. In fact, the Reply and Motion seem generally oblivious to the facts of *this* case, and how they differ from all the other cases where Defendant was able to bury its wrongdoings under the cloak of arbitration.

For these reasons, the Motion should be DENIED in its entirety.

1

## II. DEFENDANT'S RELIANCE ON NON-BINDING AND DISTINGUISHABLE AUTHORITY IS UNAVAILING.

The "vast body of case law PayPal cited and relied on in its Motion"[1] actually fails to provide proper support for the assertions in the Motion and Reply, for two reasons: 1) the case law relied upon by Defendant is non-binding precedent for this Court; and 2) the facts of those cases are substantively distinguishable from the facts of the present matter.

The vast majority of case law cited and relied upon in the Motion and Reply is non-binding upon this Court in the present matter – issuing from: S.D. Tex.; N.D. Cal.; N.D. Ill.; D. Del.; Del. Super. Ct.; Del.; C.D. Cal.; W.D. Tex.; 3d Cir.; and N.D. Tex.

To be fair, there is some case law cited in the Motion and Reply that is arguably binding or controlling for this Court – *but* – that case law is cited for general principles of arbitration and/or the process for evaluating arbitration clauses,[2] and provides no support for the Motion's inadequate arguments.

As shown in Plaintiff's Response, and further explained herein, the "vast body of case law PayPal cited and relied on in its Motion" is based upon fact patterns and claims that differ substantially from those of the present case. The Reply seems to be oblivious to (or deliberately ignoring) the facts and claims of *this case*, and how they differ from the facts and claims of the cases cited in the Motion and Reply ("Cited Cases").

The Cited Cases addressed Defendant's actions occurring during the existence of an acknowledged agreement based upon readily identifiable terms of that agreement. The Cited Cases

---

[1] Reply at p. 1.
[2] *See, e.g.*, *Preston v. Ferrer*, 552 U.S. AT 353; *Kubala*, 830 F.3d at 201; *Polyflow*, 993 F.3d at 303; *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469; *Graves v. BP Am., Inc.*, 568 F.3d at 222; *Harvey v. Joyce*, 199 F.3d at 793; *Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d at 1068; *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. at 625; *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. at 91; *AT&T Techs., Inc. v. Comm'ns Workers of Am.*, 475 U.S. at 650.

did *not* address wrongful actions by the Defendant, after it terminated an agreement, which fell outside the scope of the agreement.[3]

*None* of the cases cited in either the Motion or the Reply pertain to independently wrongful and illegal action taken by PayPal after it terminated a contractual relationship with a Plaintiff – as is the case in the present matter.

### III.  GIVEN THE FACTS OF *THIS CASE*, THE REPLY FAILS TO ESTABLISH A "BINDING" ARBITRATION AGREEMENT.

The Reply unabashedly proclaims that "PayPal has placed before the Court a valid, authenticable, and fully enforceable agreement to arbitrate."[4]

That proclamation is demonstrably false.

As pointed out in the Response, the Motion contains no singular, specific, identification of the agreement to arbitrate that Defendant seeks to enforce. The Motion engages in a shell game of APUs that confuses, rather than clarifies, the issue. The Reply offers no clarification, and only continues that shell game. The Reply again refers to, but fails to pinpoint, "the very arbitration agreement at issue" (the "Mystery Agreement").[5] The Reply, as does the Motion, bounces back and forth between references to "some form of alternative dispute resolution provision" in place: 1) when Ryan first established a PayPal account;[6] 2) when PayPal's arbitration agreements were

---

[3] *See, e.g.*, *Cheng v. PayPal, Inc.*, Case No. 21-cv-03608-BLF, 2022 WL 126305 (N.D. Cal. Jan. 13, 2022), ECF No. 14 at pp. 1, 3 ("Complaint purports to assert *claims for breach of contract*, breach of the covenant of good faith and fair dealing, unjust enrichment, conversion, and common count, based on allegations that PayPal wrongfully retained funds from Cheng's PayPal account as damages)(emphasis added); Friends for Health: Supporting N. Shore Health Ctr. V. PayPal, Inc., No. 17 CV 1542, 2018 WL 2933608 (N.D. Ill. June 12, 2018) (*see*, generally, ECF No. 38 ("Amended Class Action Complaint") – Plaintiffs causes of action based upon PayPal's mischaracterization and misuse of charitable donations made using Plaintiff Kass' PayPal account).
[4] Reply at p. 2.
[5] *Id.* at p. 1.
[6] *Id.* at p. 3.

challenged in 2018;[7] 3) when PayPal issued the 2012 "Agreement to Arbitrate" [8]; and 4) when PayPal issued the 2020 "Agreement to Arbitrate."[9]

The Motion and the Reply both fail to make a specific and unequivocal identification of "the very arbitration agreement at issue" – choosing, instead, to bounce back and forth between references to at least four different "arbitration agreements."

Why?

The shell game continues – in both the Reply and Motion – with respect to the issue of "authenticable" agreements. Careful review of the Motion reveals that it authenticated no document or record specific to any of the Plaintiffs. The Motion and its exhibits do authenticate a compilation of true and correct copies of Defendant's litany of generic APUs.

However …

When it comes to the "Signatory Plaintiffs", the Motion only makes references to "PayPal's records" with respect to the "Signatory Plaintiffs." The Motion provides no copies, samples, or documents that in any way show "PayPal's records" concerning the "Signatory Plaintiffs." The Motion cannot authenticate documentation that it does not provide.

Plaintiffs respectfully submit that the Reply fails to remedy the Motion's lack of proper support for the relief it seeks.

**IV.     GIVEN THE FACTS OF *THIS CASE*, ANY PURPORTED AGREEMENT TO ARBITRATE DOES NOT SURVIVE DEFENDANT'S TERMINATION AND REPUDIATION OF AGREEMENT.**

The Reply ineffectively attempts to argue that Defendant's Mystery Agreement is still somehow enforceable, even after the Defendant's termination and repudiation of any agreement(s) it had with the Two Ryan Plaintiffs.

---

[7] *Id.* at p. 2.
[8] *Id.* at p. 4.
[9] *Id.*

In support of this flawed proposition, the Reply makes an unavailing reference to "Supreme Court precedent that states arbitration agreements can and do survive termination or expiration of the underlying contract."[10] The Reply then goes on to cite authority that – at the very best (for Defendant) – is once again distinguishable from the facts and claims of the present cause of action, providing no additional support to the failed Motion. At the very worst (for Defendant), the cited authority actually highlights critical facts of the present case further establishing that any existing arbitration agreement is unenforceable.[11] This portion of the Reply cites to, and quotes from, the *Hanson Pipe* case:

> "As the Fifth Circuit has explained, '[a]lthough the contract containing the arbitration clause *expired before the dispute arose* that is the subject of this suit, the Supreme Court has made it clear that an arbitration clause applies to a grievance arising after the expiration of the agreement when *under normal principles* of contract interpretation, the *disputed contractual rights* survive expiration of the remainder of the agreement.'" (emphasis added).[12]

In the present cause of action, *there was no contract expiration*. Rather, Defendant clearly and unequivocally *terminated* and *repudiated* any agreement(s) it may have had with the Two Ryan Plaintiffs. Plaintiffs are unaware of any normal principles of contract interpretation that allow a first party, who terminated and repudiated a contract with a second party, to obtain infinite arbitration for any illegal acts it commits against the second party at any time after the first party's termination and repudiation of the contract.

In the present cause of action, the Complaint is *not based upon* disputed contractual rights. The claims of the Complaint are focused upon Defendant's illegal Press Release that was

---

[10] Reply at p. 5.
[11] Reply at pp. 5-6 (citation to, and quotation from, *Hanson Pipe & Products, Inc. v. Bridge Techs.*, LLC, 160 F. App'x 380, 382 (5th Cir. 2005)).
[12] *Id.*

proactively circulated by Defendant, *after* Defendant terminated any agreement(s) it had with the Two Ryan Plaintiffs. Plaintiffs are not asserting or disputing any contractual rights.

On this issue, the Reply makes the first of several attempts to improperly raise a new argument that Defendant waived by failing to include it in the Motion. In an attempt to try to make this case about contractual rights, the Reply states "Plaintiffs have artfully amended their pleading to remove the breach cause of action, the crux of their claims remain the same."[13] Defendant waived any such arguments about the content of the Complaint by failing to include them in the Motion. *N. Am. Deer Registry, Inc. v. DNA Solutions, Inc.*, 2017 U.S. Dist. LEXIS 73930 at *7 – *8 (E.D. Tex. 2017).

When properly considered, the Reply fails to properly rebut the Response's showing that any arbitration clause is unenforceable given Defendant's termination and repudiation of any contractual relationship that it might have had with the Two Ryan Plaintiffs.

## V. GIVEN THE FACTS OF *THIS CASE*, THE CLAIMS OF THE "SIGNATORY PLAINTIFFS" ARE NOT ENCOMPASSED BY ANY PURPORTED AGREEMENT.

In Section III, the Reply fails to address – in any substantively meaningful way – the fact that the scope of any one of the Defendant's purported agreements does not extend to the claims of the Complaint, nor to all of the Plaintiffs.

The Reply fails to address the fact that the claims of the Complaint are focused upon Defendant's illegal Press Release, which was proactively circulated by Defendant after Defendant terminated any agreement(s) it had with the Two Ryan Plaintiffs.

The Reply does not – and cannot – address the fact that this wrong was something that none of the provisions of any of the Defendant's APUs addressed or contemplated.

---

[13] Reply at p. 6.

Instead, the Reply punts – citing "any and all disputes" and "intended to be broadly interpreted" language from one of its multiple candidates for "the very arbitration agreement at issue"; and concluding with hand-waving logic that "the claims asserted … are expressly subject to the Agreement to Arbitrate."[14] For good measure, the Reply throws in a self-defeating citation to the *Cheng* case – which is easily and instructively distinguishable from this case.[15] In *Cheng*, the claims of the complaint were based upon breach of contract and other contract-related causes.

In the present matter, the claims of the Complaint are based upon the illegal actions of the Defendant after it terminated any agreement(s) it had.

Even when considered in combination, the Reply and the Motion fail to adequately establish that the claims of the Complaint fall within the scope of any agreement(s) terminated and repudiated by Defendant.

**VI. DEFENDANT WAIVED ITS NEW ARGUMENTS CONCERNING DIRECT BENEFITS ESTOPPEL AND DERIVATIVE CLAIMS, BY FAILING TO INCLUDE THEM IN THE MOTION.**

In a flawed effort to resuscitate this portion of the Motion, the Reply once again attempts to introduce new arguments not found in the Motion.[16] These new – and improper – arguments appear to be directed at shoring up the deficiencies of the Motion with respect to Non-Signatory Plaintiffs.

Under Local Rule CV-7(f), a reply brief is limited to "responding to the issues raised in the response." E.D. Tex. Civ. R. CV-7(f).

The Reply tries to introduce new arguments concerning "strategic amendment" of the Complaint.[17] Strategic amendment of the Complaint is *not* an argument made in the Plaintiff's

---

[14] *Id.*
[15] *Cheng v. PayPal, Inc.*, Case No. 21-cv-03608-BLF, 2022 WL 126305 (N.D. Cal. Jan. 13, 2022), ECF No. 14 at pp. 1, 3 ("Complaint purports to assert *claims for breach of contract*, breach of the covenant of good faith and fair dealing, unjust enrichment, conversion, and common count, based on allegations that PayPal wrongfully retained funds from Cheng's PayPal account as damages)(emphasis added).
[16] Reply at p. 7-9.

Response, nor is it an argument made in the Motion. The Reply tries to introduce new arguments concerning receiving benefits under the User Agreement by seeking damages under the EFTA.[18] Again, this is *not* an argument raised in the Response or the Motion. Defendant waived these arguments by failing to include them in the Motion, and these new arguments should disregarded. *N. Am. Deer Registry,* 2017 U.S. Dist. LEXIS 73930 at *7 – *8.

Thus, the Reply fails to properly add any support to the Motion's deficiencies concerning Direct Benefits Estoppel. The Reply and the Motion both fail to adequately establish that the claims of the "Non-Signatory Plaintiffs" are subject to direct benefits estoppel, or fall within the scope of any agreement(s) terminated and repudiated by Defendant.

## VII. CONCLUSION

As explained herein, the Reply purposefully glosses over the relevant facts of the present matter, and makes much ado about arguably inapplicable case law. The Reply further attempts to improperly introduce new arguments to resuscitate the fatally flawed Motion. Plaintiffs respectfully submit that the Reply has failed to add any proper support that cures the defects in the Motion.

For the reasons set forth herein, Plaintiffs respectfully submit that the Motion should be DENIED in its entirety. In the alternative, Plaintiffs respectfully submit that the Motion should be DENIED with respect to the "Non-Signatory Plaintiffs."

---

[17] *Id.* at p. 7.
[18] *Id.* at pp. 7-8.

October 6, 2022                                        Respectfully Submitted,

By:  /s/ *Ronald W. Burns*

Ronald W. Burns (*Lead Counsel*)
Texas State Bar No. 24031903
Fresh IP, PLC
5999 Custer Road, Suite 110-507
Frisco, Texas 75035
972-632-9009
ron@freship.com

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.  As such, the foregoing was served on all counsel of record who have consented to electronic service.  Local Rule CV-5.  Pursuant to Fed. R. Civ. P. 5 and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email, on this the 6th day of October, 2022.

/s/ Ronald W. Burns
Ronald W. Burns, Esq.