IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JLR GLOBAL, LLC, JENNA RYAN REALTY, LLC, JENNA RYAN REAL ESTATE, LLC, FIRST PLACE REAL ESTATE, SELFLOVEU, LLC, THE JENNA RYAN SHOW, DOTJENNA, and JENNIFER RYAN,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL INC.,<br><br>Defendant. | Case No. 4:22-CV-559 |

## DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant PayPal Inc. ("PayPal") moves to stay discovery pending the outcome of its Motion to Compel Arbitration and to Dismiss, or in the Alternative, to Stay this Action Pending Arbitration (ECF No. 10) ("Motion to Compel").

## CERTIFICATE OF CONFERENCE

Defendant's counsel conferred with Plaintiffs' counsel regarding the relief sought in this motion. Plaintiffs oppose the relief sought herein.

## BACKGROUND

This suit is brought by January 6 Capitol rioter Jenna Ryan and her various business entities and Internet personas. Together, Plaintiffs claim PayPal improperly divulged "private information"—the fact that PayPal terminated Ryan's PayPal accounts—leading to "extensive financial losses." Compl. ¶ 25, ECF No. 9. Plaintiffs' claims are inexorably tied to an Agreement to Arbitrate, dictating that "any and all disputes or claims that have arisen or may arise between

you and PayPal, including without limitation federal and state statutory claims, common law claims, and those based in contract, tort, fraud, misrepresentation or any other legal theory, shall be resolved exclusively through final and binding arbitration." Agreement to Arbitrate, ECF No. 10-6. And the Plaintiff entities who were non-signatories to the Agreement to Arbitrate are nevertheless bound to its terms through direct-benefits estoppel as their claims also arise from PayPal's termination of the signatory Plaintiffs' relationship with PayPal. Accordingly, PayPal's pending motion seeks to compel this entire lawsuit to arbitration under the American Arbitration Association ("AAA") Commercial Arbitration Rules, as provided in the operative contract.

Nevertheless, Plaintiffs filed suit in the District Court of Denton County, Texas on June 8, 2022. Notice of Removal, ECF No. 1. PayPal removed the matter to this Court on July 2, 2022. *Id.* PayPal filed its Motion to Compel on August 29, 2022, which is fully briefed and ripe for the Court's resolution. Since that time, Plaintiffs served written discovery requests to PayPal on October 19, 2022. *See* Ex. A. PayPal expects Plaintiffs may continue to seek further discovery (i.e., depositions, interrogatories, requests for admission) while PayPal's Motion to Compel remains pending.

Plaintiffs are attempting to circumvent the agreed-upon forum and rules for adjudicating this dispute. The purpose of the Agreement to Arbitrate is to require the parties to pursue an alternate, more efficient, streamlined path to resolution. The AAA Commercial Arbitration Rules approach "discovery" in a fundamentally different manner than the Federal Rules of Civil Procedure. *See* American Arbitration Association, Rules and Mediation Procedures, R-22-24. Rather than defaulting to the parties to determine what requests for information are appropriate—precisely as Plaintiffs are attempting to do here—the AAA Commercial Rules dictate that the *arbitrator* determine from the outset whether, and what types of, document and information

**Defendant's Motion to Stay Discovery - Page 2**

exchanges are appropriate to the case, all with an eye toward efficiency. *Compare id*. at R-23 ("The arbitrator shall manage any necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses.") *with* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

PayPal also would be prejudiced if it were forced to respond to discovery before the Court's ruling on its Motion to Compel. If forced to respond now, it is likely PayPal will be required to expend valuable resources reviewing, objecting where appropriate, and producing information that would not be at issue under the active supervision of a neutral AAA arbitrator.[1] That PayPal would, at the very least, incur unnecessary expense is reason enough to stay discovery until the Court has ruled on the Motion to Compel. For all these reasons, and consistent with Texas law, PayPal requests that the Court stay discovery pending a resolution on its Motion to Compel.

---

[1] For example, Plaintiffs request "All Documents and Communications concerning Events of Jan. 6 – specifically including all Documents and Communications created after Events of Jan. 6. *See* Ex. A, Req. for Production No. 6. Plaintiffs define "Events of Jan. 6" to mean "the Presidential Election of November 3, 2020; any events, actions, activities, or reports of such occurring or purported to have occurred in Washington, D.C. on January 6, 2021; and any events, actions, activities, or reports of such, relating to the Presidential Election of November 3, 2020 and occurring between November 3, 2020 and January 6, 2021, inclusive." *Id*. at Instruction No. 9. This request is overbroad, unduly burdensome, and wholly irrelevant to any of the claims Plaintiffs have asserted. An arbitrator likely would not permit Plaintiffs to seek discovery on this topic.

**Defendant's Motion to Stay Discovery - Page 3**

## ARGUMENT AND AUTHORITIES

Courts have inherent authority to manage discovery on their dockets. *See, e.g.*, *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 134 (5th Cir. 1987). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery."). Moreover, "once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration." *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004) (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)). District Courts across the Fifth Circuit have used this inherent authority to stay discovery pending the resolution of a motion to compel arbitration. *See, e.g.*, *Patel v. Regions Bank*, No. 18-796-BAJ-RLB, 2018 U.S. Dist. LEXIS 206152 at *3-5 (M.D. La. Dec. 6, 2018); *Mason v. Cannon Ford, Lincoln*, No. 4:21-CV-175-DMB-DAS, 2022 U.S. Dist. LEXIS 103243 at *1-2 (N.D. Miss. Jun. 8, 2022); *Precision-Hayes, Int'l v. JDH Pac.*, CIVIL ACTION H-19-1805, 2019 U.S. Dist. LEXIS 191641 at *9 (S.D Tex. Nov. 5, 2019).

Commencing discovery concerning claims that will likely be compelled to arbitration would be prejudicial to PayPal and unnecessarily increase its costs and expenses. The scope and materiality of discovery differs greatly between a lawsuit in federal court and an arbitration proceeding. *See Pirzada v. AAA Tex., LLC*, No. CV H-21-0664, 2021 WL 2446193, at *3 (S.D. Tex. June 15, 2021) ("[W]hile discovery in arbitration proceedings might not be as extensive as in the federal courts, by agreeing to arbitrate, a party trades the procedures and opportunity for review

of the courtroom for the simplicity, informality, and expedition of arbitration.") (internal quotation marks and citation omitted). PayPal would be prejudiced were it required to produce materials in discovery that would be outside the scope of discovery permitted by an arbitrator. Forcing PayPal to do so would only reward Plaintiffs' improper attempt to litigate this case in court notwithstanding the clear language of the Agreement to Arbitrate, and Plaintiffs' rush to formal discovery before the threshold decision on compelling arbitration is made. Additionally, PayPal's collection and production efforts would be duplicative were the matter later compelled to arbitration. *See Patel*, No. 18-796-BAJ-RLB, 2018 U.S. Dist. LEXIS 206152 at *5 (holding that requiring the defendants to respond to discovery before deciding a motion to compel arbitration would subject them to "undue burden and expense."). This runs counter to the core purpose of arbitration, which is to reduce the burden and expense of litigation. As a result, PayPal requests that the Court stay discovery pending a ruling on PayPal's Motion to Compel.

## CONCLUSION

Based on the foregoing, PayPal requests this Court stay discovery pending its ruling on PayPal's Motion to Compel Arbitration and to Dismiss, or in the Alternative, to Stay this Action Pending Arbitration (ECF No. 10).

Respectfully submitted,

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian
Texas Bar No. 24053534
Robert.Vartabedian@alston.com
Alix D. Allison
Texas Bar No. 24086261
Alix.Allison@alston.com

Alston & Bird LLP
301 Commerce, Ste. 3635
Fort Worth, TX  76102
Telephone: 214-922-3400
Facsimile: 214-922-3839

**Attorneys for Defendant**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on November 8, 2022, I complied with the meet and confer requirement in Local Rule CV-7(h) and conferred with counsel for Plaintiff, Ronald Burns, by telephone regarding the merits of this motion. Plaintiff does not consent to a stay of discovery and thus is opposed to this motion. As a result, discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2022, I caused to be served true and correct copies of the foregoing Notice of Removal by filing such notice with the Court's CM/ECF system.

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian