# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JLR GLOBAL, LLC, et al.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>PAYPAL, INC.,<br><br>　　Defendant. | CIVIL ACTION NO.: 4:22-cv-559<br><br>JURY TRIAL DEMANDED |

**FIRST SET OF REQUESTS FOR PRODUCTION (1 – 12)
FROM PLAINTIFFS TO DEFENDANT**

TO:　PayPal, Inc., by and through its attorneys of record, Robert C. Vartabedian and Alix D. Allison, Alston & Bird LLP, 301 Commerce, Ste. 3635, Fort Worth, TX 76102.

　　Pursuant to the Federal Rules of Civil Procedure, Plaintiffs JLR Global, LLC, Jenna Ryan Realty, LLC, Jenna Ryan Real Estate, LLC, First Place Real Estate, SelfLoveU, LLC, The Jenna Ryan Show, dotJenna, and Jennifer Ryan (collectively "*Plaintiffs*") serve the following requests for production (the "*Discovery Requests*") on Defendant PayPal, Inc. ("*Defendant*" or "*PayPal*" or "*You*").

　　You are directed to answer the Discovery Requests fully and in writing, based on all information reasonably available to You or Your attorney at the time Your responses are made. A true copy of the answers and any objections You may have must be served on the undersigned attorney, within thirty (30) days after date of service, at:

　　Ronald W. Burns
　　Fresh IP, PLC
　　5900 South Lake Forest, Suite 300
　　McKinney, TX 75070
　　ron@freship.com

In responding to the attached Discovery Requests, Plaintiffs respectfully request that You carefully review the "Definitions and Instructions" that apply to such requests. Further, these Discovery Requests specifically request that You produce Electronically Stored Information (also known as "ESI"). Moreover, Plaintiffs specifically request that You produce all ESI in the form in which it is ordinarily maintained or in a reasonably usable form.

With regard to non-ESI production, Plaintiffs specifically request that You organize and label all production to correspond to the categories in the requests for production.

Dated: October 19, 2022

Respectfully Submitted,

By: /s/ Ronald W. Burns

Ronald W. Burns
Texas State Bar No. 24031903
Fresh IP, PLC
5900 South Lake Forest Dr., Suite 300
McKinney, Texas 75070
972-632-9009
ron@freship.com

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the Plaintiffs served a true and correct copy of the foregoing on Defendant's counsel of record, as listed below, via electronic mail, on October 19, 2022:

Robert C. Vartabedian
Robert.Vartabedian@alston.com

Alix D. Allison
Alix.Allison@alston.com

Alston & Bird LLP
301 Commerce, Ste. 3635
Fort Worth, TX 76102

/s/ Ronald W. Burns
Ronald W. Burns, Esq.

# DEFINITIONS AND INSTRUCTIONS

1.     Unless otherwise indicated in these Discovery Requests, the use of the term "***Lawsuit***" refers to the above-styled lawsuit, Civil Action No. 4:22-cv-559, in the United States District Court for the Eastern District of Texas, Sherman Division.

2.     Unless otherwise indicated, in these Discovery Requests the use of the terms "***Defendant***" or "***PayPal***" or "***You***" specifically include: (a) Defendant PayPal, Inc.; (b) all affiliate, parent, or subsidiary entities of Defendant PayPal, Inc.; (c) all employees, contractors, agents, representatives, and attorneys of Defendant PayPal, Inc.; and (d) all employees, contractors, agents, representatives, and attorneys of any affiliate, parent, or subsidiary entity of Defendant PayPal, Inc.

3.     Unless otherwise indicated, in these Discovery Requests the use of the term "***Plaintiffs***" specifically includes Plaintiffs JLR Global, LLC, Jenna Ryan Realty, LLC, Jenna Ryan Real Estate, LLC, First Place Real Estate, SelfLoveU, LLC, The Jenna Ryan Show, dotJenna, and Jennifer Ryan, collectively or individually.

4.     In these Discovery Requests the terms "***You***," "***Your***," or "***Yours***" specifically refer to PayPal as previously defined herein.

5.     As used in these Discovery Requests, "***ESI***" means "Electronically Stored Information" and includes any type of document or information that is stored in electronic form. For example purposes only, ESI includes, but is not limited to the following: word processing documents, spreadsheets, digital photographs, videos, emails and their attachments, text and instant messages, call logs, voicemails, information stored in databases, electronic records of online activity, such as social media postings and other activity. Further, ESI may be stored on and retrieved from many sources, including, but not limited to, the following: computer hard drives, network servers, thumb (USB) drives, databases, the cloud or online file storage platforms, mobile devices (such as mobile phones and tablet computers), and social media websites, such as Facebook, Twitter, and LinkedIn.

*For purposes of these Discovery Requests, any request for a "Document" or "Documents" or "Communication" or "Communications" specifically includes all ESI related to such request.*

6.     As used in these Discovery Requests, the terms "***Document***" or "***Documents***" mean and include all originals, carbon copies, photocopies, or other identical or non-identical copies, and drafts – *as well as and specifically including all ESI* – related to any of the following:

   a. Papers, books, writings, drawings, graphs, charts, notes, diaries, and/or any other data compilations (again, whether in hard-copy or electronic form);

   b. Calendar entries (including electronic calendars or calendar entries);

   c. Account information, lists of accounts, lists of customers (whole or partial regardless of whether in hard-copy or electronic form);

   d. Photographs, videos, and recordings (regardless of form or where such are stored), specifically including any screenshots made on a computer or cell phone and pictures taken of any Document or Communication (as defined herein); and

   e. Text messages, voice messages, e-mails, postings on or Communications made through social media websites or apps.

7. As used in these Discovery Requests, the terms "*Communication*" or "*Communications*" mean and include all originals, carbon copies, photocopies, or other identical or non-identical copies, of any recordings (including voice and video recordings, regardless of form); written accounts of and/or notes regarding such Communications; letters; memoranda; instructions and/or directions; facsimiles; and/or calendar entries relating to such Communications. Further, such terms specifically include all ESI related to any such Communications.

8. As used in these Discovery Requests, the terms "*concerning*" or "*relating to*" shall mean about, referring to, or mentioning, as context dictates.

9. As used in these Discovery Requests, the term "*Events of Jan. 6*" refers to: the Presidential Election of November 3, 2020; any events, actions, activities, or reports of such occurring or purported to have occurred in Washington, D.C. on January 6, 2021; and any events, actions, activities, or reports of such, relating to the Presidential Election of November 3, 2020 and occurring between November 3, 2020 and January 6, 2021, inclusive.

10. As used in these Discovery Requests, the term "*Schulman*" refers to Daniel Schulman, currently President and CEO of PayPal, in his current or past role(s), as context dictates.

11. As used in these Discovery Requests, the term "*Eichorn*" refers to Kim Eichorn, currently Global Corporate Affairs Leader of PayPal, in her current or past role(s), as context dictates.

12. As used in these Discovery Requests, **unless otherwise specified**, the term "*Relevant Time Period*" means the time period from **July 22, 2005 through the date of Your responses to these Discovery Requests**.

13. **Limitation to Time Period**. Unless otherwise indicated, the discovery that Plaintiffs request from You is limited to the Relevant Time Period, as defined above.

14. **PRESERVATION OF DOCUMENTS, COMMUNICATIONS AND ESI. DEFENDANTS REQUEST THAT ALL DOCUMENTS AND COMMUNICATIONS THAT CONCERN THE SUBJECT MATTER OF THIS LAWSUIT BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE. THIS REQUEST FOR PRESERVATION OF DOCUMENTS AND COMMUNICATIONS SPECIFICALLY INCLUDES ALL ELECTRONIC DOCUMENTS AND COMMUNICATIONS, REGARDLESS OF WHERE THE DATA IS LOCATED OR RESIDES**.

15. **Organization of Responsive Documents, Communications, and ESI**. In responding to these Discovery Requests, Surgical Notes specifically requests that You:

    a. Organize and label all production to correspond to the categories in the requests for production;

    b. Bates Number each physical Document or Communication produced;

    c. Produce all ESI in the form in which it is ordinarily maintained or in a reasonably usable form; and

    d. Conform in all respects to any Protective Order in this case.

To the extent that You have any questions about this instruction or cannot produce Documents, Communications, or ESI as instructed, Plaintiffs request that You contact Plaintiffs' counsel **prior to** the deadline to respond to these Discovery Requests so that an agreement can be reached with regard to Your production.

16. **Objections**. To the extent that You object to any request contained in these Discovery Requests, please set forth a complete basis for the objection. If You object to only a portion of a particular request, specifically identify the portion of the request to which You are objecting and completely respond to the remainder.

17. **Privilege Log**. If you withhold from production—OR REDACT—any Document, Communication, or ESI requested herein on the grounds of privilege or immunity, please state with specificity a full identification of the Document, Communication, or ESI withheld OR REDACTED, and the specific asserted privilege(s), specifically including the following information:

    a. Any Bates number assigned to the withheld Document, Communication, or ESI;

    b. The type of the withheld or redacted Document, Communication, or ESI;

    c. The date of the withheld or redacted Document, Communication, or ESI;

    d. The authors(s) or creator(s) of the withheld or redacted Document, Communication, or ESI;

    e. An explanation for the privilege or immunity asserted for the withheld or redacted Document, Communication, or ESI; and

    f. A description of the withheld or redacted Document, Communication, or ESI and its subject matter (with sufficient detail to enable Plaintiffs' counsel to assess applicability of the claimed privilege or immunity).

18. **Redactions and Alterations Must be Readily Apparent**. If You produce any Document, Communication, or ESI with any redactions or other alterations, you are requested to clearly identify **in large, bolded font**, the "REDACTED" OR "ALTERED" material so that such redaction or alteration is readily apparent on the face of the Document, Communication, or ESI.

19.     **Duplicates are Not Requested**. To the extent that any discovery requested in these Discovery Requests could be read as duplicative of or overlapping a previous or subsequent discovery request, You are hereby on notice that Plaintiffs are not requesting You to produce multiple copies of the same Document or Communication; and, further, that an objection by You that a request is duplicative does not relieve You from producing Documents or Communications to the first instance in which the Documents or Communications would be responsive.

20.     **Identification of Documents**. If You choose to answer a specific request or interrogatory contained in these Discovery Requests by referring to a specific Document or Communication, Plaintiffs request that such reference be in sufficient detail to permit Plaintiffs to locate and identify the Communications and/or Documents from which the answer is to be ascertained, as readily as can You, pursuant to Fed. R. Civ. P. 33(d).

21.     **Delivery of Responses to These Discovery Requests**. With the exception of materials produced or made available under the provisions of the Agreed Protective Order (e.g., Source Code), Your responses to these Discovery Requests, including any documents to be produced in response to requests for production, **shall be delivered to the offices of Fresh IP, PLC, ATTN: Ronald W. Burns, 5900 South Lake Forest Dr., Suite 300, McKinney, Texas 75070**, on or before Your deadline to respond to such Discovery Requests.

22.     **Duty to Supplement**. To the extent that any discovery requested in these Discovery Requests is discovered or comes into existence after You respond to these Discovery Requests, You are required to supplement Your responses to these Discovery Requests. Moreover, You are under a duty to supplement Your answers to these Discovery Requests if You discover that Your answers were incomplete or incorrect when made, or if You discover that any response is no longer complete and correct. Supplementation must be made reasonably and promptly after You discover the need for supplementation.

23.     **<u>DOCUMENTS MUST BE PRODUCED BY THE RESPONSE DEADLINE AT THE LOCATION SPECIFIED</u>**. **Production at the above location and by the applicable deadline will not be excused, except in writing, signed by Plaintiffs' counsel. It is not sufficient to respond to any request for production by stating that You will produce documents at a later date; that You will produce documents at a mutually agreeable time; or that You will permit Plaintiffs to inspect such records at another time or location. If for any reason You cannot produce all responsive documents at the above location, by the applicable deadline, You are requested to notify and make agreeable arrangements with Plaintiffs' counsel prior to Your deadline to respond to these Discovery Requests**.

24.     **<u>Sanctions, Spoliation, and Discovery to Third Parties</u>**. **You are hereby on notice that if You fail to produce the Documents, Communications, and ESI requested herein, without a specific valid objection, or You are discovered to have destroyed any Document, Communication, or ESI requested herein or related to the Lawsuit, Plaintiffs will seek all available remedies in law or equity, including, but not limited to, sanctions and remedies available for spoliation.**

**You are further hereby on notice that discovery will be sought from third parties and that Plaintiffs will assume that any Documents, Communications, and ESI produced by third parties, but not produced by You in response to a valid discovery request, were intentionally omitted by You.**

# REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** All Documents and Communications referred to in Your Motion to Compel Arbitration and to Dismiss (ECF No. 10).

**REQUEST FOR PRODUCTION NO. 2.** All Documents and Communications about or with Schulman concerning Events of Jan. 6.

**REQUEST FOR PRODUCTION NO. 3.** All Documents and Communications about or with Schulman relating to any of the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 4.** All Documents and Communications about or with Eichorn concerning Events of Jan. 6.

**REQUEST FOR PRODUCTION NO. 5.** All Documents and Communications about or with Eichorn relating to any of the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 6.** All Documents and Communications concerning Events of Jan. 6 – specifically including all Documents and Communications created after Events of Jan. 6.

**REQUEST FOR PRODUCTION NO. 7.** All Documents and Communications concerning unenforceability of PayPal's arbitration clauses.

**REQUEST FOR PRODUCTION NO. 8** All Documents and Communications about PayPal's "Records" – as that term is used to in Your Motion to Compel Arbitration and to Dismiss (ECF No. 10) – relating to any of the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 9** All Documents and Communications concerning enforcement of PayPal's "Acceptable Use Policy" – as that term is used to in Your Motion to Compel Arbitration and to Dismiss (ECF No. 10), from January 1, 2019 through the present date.

**REQUEST FOR PRODUCTION NO. 10** All Documents and Communications concerning PayPal corporate contributions – in kind, or monetary – to all political and social recipients.

**REQUEST FOR PRODUCTION NO. 11** All Documents and Communications concerning any gaps or lapses in PayPal's Records of signatory users.

**REQUEST FOR PRODUCTION NO. 12.** All Documents and Communications concerning settlements with any party for PayPal's actions or activities after termination of a PayPal agreement.