IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JLR GLOBAL, LLC, et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>PAYPAL, INC.,<br><br>    Defendant. | CIVIL ACTION NO.: 4:22-cv-559<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY**

Plaintiffs file their response ("Response") in Opposition to Defendant PayPal, Inc.'s ("PayPal" or "Defendant") Motion to Stay Discovery ("Motion to Stay") (ECF No. 20).

## I.   INTRODUCTION

Defendants' Motion to Stay suffers from the same fundamental errors that plague their Motion to Compel Arbitration and to Dismiss (ECF No. 10)("Motion"). Defendant's Motion to Stay once again attempts to mischaracterize the present dispute as an action based upon one of its multitudinous agreements, when it is actually an action based upon Defendant's wrongful and malicious actions occurring after termination of an agreement. The Motion to Stay erroneously presumes that Defendant is somehow *entitled* to arbitration.

Most importantly, the Motion to Stay fails to properly support – or even fully address – the four balance of equities factors for which Defendant bears the burden of proof. The Motion to Stay should therefore be denied.

Defendant's Motion to Stay offers no proper support for the stay that it seeks. Instead, it attempts to further prop up its already failed Motion, and implicitly acknowledges that Defendant will have a much easier time hiding relevant evidence within an arbitration setting.

As Plaintiff's response to the Motion (ECF No. 14) – incorporated herein by reference – thoroughly establishes, Defendant's Motion lacks any proper support and should be denied. Defendant cannot, therefore, credibly claim a *strong* showing that its pending Motion is likely to succeed on the merits. Aside from flimsy, hand waving arguments, the Motion to Stay makes *no* showing that Defendant will be *irreparably* harmed absent the stay. The Motion to Stay completely ignores the substantial injury and prejudice to Plaintiffs if a stay is granted, and the impact of a stay on public interest.

As its initial Motion did, the Defendant's Motion to Stay completely fails to properly support the relief it requests. For these reasons, as explained in further detail below, Plaintiff respectfully requests that this Court DENY the Motion to Stay.

**II.    FACTUAL BACKGROUND**

As accurately described in the Motion to Stay, Plaintiff served its first requests for production ("RFP") upon Defendant on October 19, 2022. There were a grand total of 12 requests in the RFP. The date for Defendant's response to the RFP was November 18 – last Friday.

Defendant filed its Motion to Stay on November 8, 2022 – 3 weeks after being served with the RFP. On November 18, 2022, Defendant served its response to the RFP (attached as Exhibit A). No documents were produced, and the responses to individual requests made clear that Defendant had no intention of producing anything, until forced to do so by this Court.[1]

---

[1] *See, e.g.*, Ex. A at p.6 ("upon an order from the Court related to Defendant's Motion to Compel Arbitration and Motion to Stay Discovery, Defendant will produce documents.")

### III. LEGAL AUTHORITY

#### A. Factors Affecting The Court's Decision to Grant a Stay.

A district court has broad discretion to stay proceedings in the interest of justice and to control its docket. *Landis v. North American Co.*, 299 U.S. 248, 257 (1936). Proper use of this authority calls for the exercise of judgment that must weigh competing interests and maintain an even balance. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

Courts determining whether to issue a stay (pending a separate decision or ruling) consider several factors, including: 1) whether the movant has made a strong showing that he is likely to succeed on the merits (of a separate decision or ruling); 2) whether the movant would suffer irreparable harm absent a stay; 3) whether granting the stay would substantially harm the other parties; and 4) whether granting the stay would serve the public interest. *Vine v. PLS Fin. Servs.*, 2019 U.S. Dist. LEXIS 153328, *13 – *14 (E.D. Tex. 2019)(citing *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011)); *accord NFL Players Ass'n v. NFL*, Civil Action No. 4:17-CV-00615, 2017 U.S. Dist. LEXIS 150758 at *5 (E.D. Tex. 2017) (citing *In re First South Sav. Asso.*, 820 F.2d 700, 704 (5th Cir. 1987)). If consideration of the other three factors is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits. *NFL Players*, 2017 U.S. Dist. LEXIS 150758 at *6 (citations omitted).

The party seeking the stay "bears the burden of establishing these prerequisites." *Ruiz v. Estelle (Ruiz II)*, 666 F.2d 854, 856 (5th Cir. 1982).

### IV. ARGUMENTS AND AUTHORITIES

Put simply, the Motion to Stay fails to meet its burden of proof to establish that a stay is justified. The Motion to Stay should be denied.

**A. The Motion to Stay Fails to Demonstrate a Likelihood of Success On the Merits.**

The Motion to Stay provides *no* arguments or assertions regarding the likelihood of success of its Motion.

None.

The Motion to Stay therefore fails to carry its burden of proof, under any applicable standard, on this factor.

This factor weighs heavily against a stay.

**B. Defendant Will Not Experience Irreparable Harm in the Absence of a Stay.**

A party moving to stay proceedings must prove more than just a possibility of irreparable injury. *Vine*, 2019 U.S. Dist. LEXIS 153328 at *26 (citing *Nken v. Holder*, 556 U.S. 418, 429 (2009)).

Aside from vague assertions of inconvenience and increased costs and efforts, the Motion to Stay fails to properly establish irreparable harm to Defendant in the absence of a stay.

The Motion makes the bald and vague assertion that Defendant will "likely … be required to expend valuable resources reviewing, objecting where appropriate, and producing information that would not be at issue under the active supervision of a neutral AAA arbitrator." Motion at p.3. The Motion makes no proper showing of what information requested by Plaintiffs would not be at issue under the cover of arbitration. Furthermore, the Motion to Stay's vague allusion to "expend(ing) valuable resources" is not a sufficient showing of irreparable injury. *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.")

Another vague assertion offered in support of the Defendant's inconvenience states that "PayPal's collection and production efforts would be duplicative were the matter later compelled

to arbitration." Motion at p. 5. This argument is unavailing. The Motion to Stay provides no substantive arguments or showing of what collection and production efforts would be duplicative.

Again, this is just a vague and unsubstantiated assertion, lacking any factual foundation or compelling argument. In fact, this issue could even be turned around in favor of production now being more efficient – production of materials now obviates the need to produce those same materials at a later time.

The Motion to Stay must prove more than just the possibility of irreparable injury. The Motion to Stay fails to provide any proper support – aside from vague allusions to inconvenience and unsubstantiated assertions of increased costs – for even the possibility of injury.

The Motion to Stay completely fails to show that any of its imagined inconveniences and costs constitute irreparable harm.

This factor weighs heavily against a stay.

**C. Plaintiffs Will Be Injured if a Stay is Granted.**

This factor looks to whether a stay will cause Plaintiffs difficulties in presenting their case. *Weingarten*, 661 F.3d at 913.

A stay would not only cause Plaintiffs difficulties in presenting their case, it would be highly prejudicial to the Plaintiffs.

The scheduling order entered in this case ("Scheduling Order") (ECF No. 17) calls for the disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof by December 1. Plaintiffs' deadline for filing amended pleadings is December 16. The deadline for motions for summary judgment is Jan. 6, 2023 – a little over 6 weeks from now.

Plaintiffs served their first RFPs over a month ago, and have yet to receive any responsive documents from Defendant. Defendant has literally refused. *See* Ex. A, p. 6.

Granting the requested stay will not only cause Plaintiffs difficulties in presenting their case, it will render the Plaintiffs' ability to comply with the Scheduling Order next to impossible. This is highly prejudicial to the Plaintiffs, and should be sufficient reason to deny the Motion to Stay in and of its own.

A stay may further prejudice Plaintiffs' case as it allows more time for discovery problems such as spoliation of evidence and accurate recollection of facts by witnesses.'

There is, therefore, evidence that granting the Motion to Stay causes the Plaintiffs difficulties in preparing and presenting their case – causing significant harm to the Plaintiffs.

This factor weighs heavily against granting the Motion to Stay.

### D. Public Interest Favors Denying the Motion to Stay.

General public policy favors preserving judicial resources. However, where the movant fails to present a likelihood of success on the merits, there is "little reason to invoke" this policy interest. *Vine*, 2019 U.S. Dist. LEXIS 153328 at *29 (quoting *Weingarten*, 661 F.3d at 913).

As previously established, the Motion to Stay makes *no* showing of a likelihood of success on the merits. Therefore, there is no reason to invoke the public policy of preserving judicial resources. The interest in speedy resolution of disputes prevails, and public interest favors denying the Motion to Stay. *Id.*, at *29-*30.

This factor weighs heavily against granting the Motion to Stay.

### IV. CONCLUSION

The Motion to Stay is baseless and unsupported. Of the four relevant factors used to consider such a motion, the Motion to Stay: 1) completely fails to address the likelihood of

success on the merits; 2) makes only a superficial and insufficient attempt to address a perceived possibility of inconvenience and resource expenditures; 3) completely fails to address the harms of a stay on the Plaintiffs' ability to present their case; and 4) fails to sufficiently or properly establish any public interest favoring a stay. In fact, the prevailing judicial standards actually weigh this factor *against* granting a stay.

Plaintiffs therefore respectfully request that this Court DENY the Motion to Stay as unsupported.

Plaintiffs further request that this Court compel Defendant's responses to the RFP immediately, and/or provide relief to the Plaintiffs by granting the Plaintiffs leave to file a proposal for an amended scheduling order, or the Court amending the Scheduling Order of its own accord. Plaintiffs respectfully submit that this Response sufficiently supports such requests, but the Plaintiffs will file and brief separate motions for such relief if the Court deems it necessary.

Plaintiffs submit herewith a proposed order to those effects.

November 21, 2022                                  Respectfully Submitted,

By: /s/ *Ronald W. Burns*

Ronald W. Burns (*Lead Counsel*)
Texas State Bar No. 24031903
Fresh IP, PLC
5999 Custer Road, Suite 110-507
Frisco, Texas 75035
972-632-9009
ron@freship.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.  As such, the foregoing was served on all counsel of record who have consented to electronic service.  Local Rule CV-5.  Pursuant to Fed. R. Civ. P. 5 and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email, on this the 21st day of November, 2022.

/s/ *Ronald W. Burns*
Ronald W. Burns, Esq.