IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JLR GLOBAL, LLC, JENNA RYAN REALTY, LLC, JENNA RYAN REAL ESTATE, LLC, FIRST PLACE REAL ESTATE, SELFLOVEU, LLC, THE JENNA RYAN SHOW, DOTJENNA, and JENNIFER RYAN,<br>        Plaintiffs,<br><br>v.<br><br>PAYPAL INC.,<br>        Defendant. | Case No. 4:22-CV-559 |

**DEFENDANT PAYPAL, INC.'S RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION (1-12)**

To:   Plaintiffs, JLR Global, LLC, Jenna Ryan Realty, LLC, Jenna Ryan Real Estate, LLC, First Place Real Estate, SelfLoveU, LLC, The Jenna Ryan Show, dotJenna, and Jennifer Ryan, by and through their counsel of record, Ronald W. Burns with Fresh IP, PLC at 5900 South Lake Forest Drive, Suite 300, McKinney, Texas 75070.

In accordance with the Federal Rules of Civil Procedure, Defendant PayPal, Inc. ("Defendant") serves the following objections and responses to Plaintiffs JLR Global, LLC, Jenna Ryan Realty, LLC, Jenna Ryan Real Estate, LLC, First Place Real Estate, SelfLoveU, LLC, The Jenna Ryan Show, dotJenna, and Jennifer Ryan's ("Plaintiffs"), first set of requests for production served on October 19, 2022.

DATED: November 18, 2022                    Respectfully submitted,

**ALSTON & BIRD**

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian
Texas Bar No. 24053534
Robert.Vartabedian@alston.com
Alix D. Allison
Texas Bar No. 24086261
Alix.Allison@alston.com

Alston & Bird LLP
301 Commerce, Ste. 3635
Fort Worth, TX  76102
Telephone: 214-922-3400
Facsimile: 214-922-3839

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served via e-mail to all counsel of record in accordance with the Federal Rules of Civil Procedure on November 18, 2022.

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian

**Defendant PayPal, Inc.'s Responses to Plaintiffs' First Set of Requests for Production – Page 2**

## OBJECTIONS TO DEFINITIONS

1. Defendant objects to the prefatory instruction, which purports to require that documents be produced at the time of response, and Definition and Instruction Nos. 21 and 23. In accordance with Federal Rule of Civil Procedure 34, Defendant will produce documents as set forth in its responses on a rolling basis as they are available for production.

2. Defendant objects to the prefatory instruction regarding "non-ESI production" wherein Plaintiffs request Defendant "organize and label all production to correspond to the categories in the requests for production" and Definition and Instruction No. 15(a). In accordance with the Federal Rules of Civil Procedure 34, Defendant will produce documents as they are kept in the usual course of business.

3. Defendant objects to Definition and Instruction No. 2 subparts (b)-(d) as Plaintiffs are attempting to impose a burden or duty on Defendant to respond to discovery upon, or on behalf of, an entity that is not related to Defendant. Defendant will respond on its own behalf, and not on the behalf of any other person or entity. In addition, the terms agents and representatives are vague and ambiguous as Plaintiffs do not define who they refer to.

4. Defendant objects to Definition and Instruction Nos. 5, 6, 7, and 17 to the extent they seek production of "text and instant messages, call logs, voicemails, … electronic records of online activity, such as social media postings and other activity" and information "stored on and retrieved from … computer hard drives, network servers, thumb (USB) drives, databases, the cloud or online file storage platforms, mobile devices (such as mobile phone and tablet computers), and social media websites, such as Facebook, Twitter, and LinkedIn" for the reason that Defendant does not have possession, custody, or control over its employees' personal computers, mobile devices, phones, or social media accounts. Defendant further objects because the request is overly

broad and unduly burdensome. Defendant will perform a search of records that are reasonably available to it.

   5. Defendant objects to Definition and Instruction No. 6 to the extent it seeks diaries for the reason that Defendant does not have possession, custody, or control over its employees' diaries. Defendant further objects to the request for lists of accounts and lists of customers as the request impinges on non-parties' privacy rights. The request seeks information not relevant to any party's claim or defense, and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Finally, Defendant objects to the request for photographs, videos, and recordings "regardless of form or where such are stored." As written, the request would require Defendant to search records that are not in its possession, custody, or control. Defendant will limit its responses to comply with the Federal Rules of Civil Procedure.

   6. Defendant objects to Definition and Instruction No. 9 to the extent it seeks information related to "any events, actions, activities, or reports of such occurring or purported to have occurred in Washington, D.C. on January 6, 2020…[and] relating to the Presidential Election of November 3, 2020 occurring between November 3, 2020 and January 6, 2021, inclusive." This request is overly broad, unduly burdensome, and vague and ambiguous. As written, the request requires Defendant to guess at what events Plaintiffs may be referring to that occurred on January 6, 2020 in Washington D.C. or during a two-month period that may be in any way related to the Presidential Election. Given the allegations in Plaintiffs' Complaint, Defendant interprets "the Events of Jan. 6" to mean the November 3, 2020 Presidential Election and the Capitol riot that

occurred on January 6, 2021.

      7.     Defendant objects to Definition and Instruction No. 24 for the reason that such instruction seeks to impose a greater burden on Defendant than that imposed by the Federal Rules. Defendant's duties and responses are limited by the scope of discovery under the Federal Rules of Civil Procedure.

**Responses to Requests for Production**

**REQUEST FOR PRODUCTION NO. 1.** All Documents and Communications referred to in Your Motion to Compel Arbitration and to Dismiss (ECF No. 10).

**RESPONSE:** Defendant filed a Motion to Stay Discovery (ECF No. 20) on November 8, 2022. As explained more fully in that Motion, Defendant objects to engaging in the discovery process before the Court rules on Defendant's Motion to Compel Arbitration. Defendant further objects that the phrase "referred to" is vague and ambiguous. Defendant interprets this request as one for the evidence used to support Defendant's Motion to Compel Arbitration. Subject to this interpretation and without waving the foregoing objections, upon an order from the Court related to Defendant's Motion to Compel Arbitration and Motion to Stay Discovery, Defendant will produce documents.

**REQUEST FOR PRODUCTION NO. 2.** All Documents and Communications about or with Schulman concerning Events of Jan. 6.

**RESPONSE:** Defendant filed a Motion to Stay Discovery (ECF No. 20) on November 8, 2022. As explained more fully in that Motion, Defendant objects to engaging in the discovery process before the Court rules on Defendant's Motion to Compel Arbitration. Defendant further objects that this request seeks information that is overbroad and not relevant to any party's claim or defense. Correspondence "about or with Schulman" regarding the Events of Jan. 6, if any, is irrelevant to Plaintiffs' claim in this suit that Defendant allegedly mishandled their private financial information. As such, the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 3.** All Documents and Communications about or with Schulman relating to any of the Plaintiffs.

**RESPONSE:** Defendant filed a Motion to Stay Discovery (ECF No. 20) on November 8, 2022. As explained more fully in that Motion, Defendant objects to engaging in the discovery process before the Court rules on Defendant's Motion to Compel Arbitration. Defendant further objects that the request for documents and communications "about … Schulman relating to any of the Plaintiffs" is vague and ambiguous. Defendant interprets this request as one for Schulman's communications relating to the Plaintiffs. Subject to this interpretation and without waving the foregoing objections, upon an order from the Court related to Defendant's Motion to Compel Arbitration and Motion to Stay Discovery, Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 4.** All Documents and Communications about or with Eichorn concerning Events of Jan. 6.

**RESPONSE:** Defendant filed a Motion to Stay Discovery (ECF No. 20) on November 8, 2022. As explained more fully in that Motion, Defendant objects to engaging in the discovery process before the Court rules on Defendant's Motion to Compel Arbitration. Defendant further objects that this request seeks information that is overbroad and not relevant to any party's claim or defense. Correspondence "about or with" Eichorn regarding the Events of Jan. 6, if any, is irrelevant to Plaintiffs' claim in this suit that Defendant allegedly mishandled their private financial information. As such, the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 5.** All Documents and Communications about or with Eichorn relating to any of the Plaintiffs.

**RESPONSE:** Defendant filed a Motion to Stay Discovery (ECF No. 20) on November 8, 2022. As explained more fully in that Motion, Defendant objects to engaging in the discovery process before the Court rules on Defendant's Motion to Compel Arbitration. Defendant further objects that the request for documents and communications "about … Eichorn relating to any of the Plaintiffs" is vague and ambiguous. Defendant interprets this request as one for Eichorn's communications relating to the Plaintiffs. Subject to this interpretation and without waving the foregoing objections, upon an order from the Court related to Defendant's Motion to Compel Arbitration and Motion to Stay Discovery, Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 6.** All Documents and Communications concerning Events of Jan. 6 – specifically including all Documents and Communications created after Events of Jan. 6.

**RESPONSE:** Defendant filed a Motion to Stay Discovery (ECF No. 20) on November 8, 2022. As explained more fully in that Motion, Defendant objects to engaging in the discovery process before the Court rules on Defendant's Motion to Compel Arbitration. Defendant further objects that this request seeks information that is overbroad and not relevant to any party's claim or defense. Documents and communications concerning the Events of Jan. 6, if any, are irrelevant to Plaintiffs' claim in this suit that Defendant allegedly mishandled their private financial information. As such, the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 7.** All Documents and Communications concerning unenforceability of PayPal's arbitration clauses.

**RESPONSE:** Defendant filed a Motion to Stay Discovery (ECF No. 20) on November 8, 2022. As explained more fully in that Motion, Defendant objects to engaging in the discovery process before the Court rules on Defendant's Motion to Compel Arbitration. Defendant contends that the relevant arbitration provision is enforceable. Moreover, it is undisputed that the arbitration clause is unambiguous; thus, the requested documents and communications, if any, are inadmissible parol evidence. *See, e.g.*, *Eagle Indus., Inc. v. DeVilbiss Health Care, Inc.*, 702 A.2d 1228, 1232 (Del. 1997) ("If a contract is unambiguous, extrinsic evidence may not be used to interpret the intent of the parties, to vary the terms of the contract or to create an ambiguity."). Plaintiffs' request for information related to unenforceability thus is overbroad, seeks information not relevant to any party's claim or defense, and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 8** All Documents and Communications about PayPal's "Records" – as that term is used to in Your Motion to Compel Arbitration and to Dismiss (ECF No. 10) – relating to any of the Plaintiffs.

**RESPONSE:** Defendant filed a Motion to Stay Discovery (ECF No. 20) on November 8, 2022. As explained more fully in that Motion, Defendant objects to engaging in the discovery process before the Court rules on Defendant's Motion to Compel Arbitration. Defendant further objects that the phrase "Records" is vague and ambiguous. Defendant did not use "Records" as a defined term in its Motion to Compel Arbitration. Defendant interprets this request as one for the evidence used to support Defendant's Motion to Compel Arbitration. Subject to this interpretation and without waving the foregoing objections, upon an order from the Court related to Defendant's Motion to Compel Arbitration and Motion to Stay Discovery, Defendant will produce documents.

**REQUEST FOR PRODUCTION NO. 9** All Documents and Communications concerning enforcement of PayPal's "Acceptable Use Policy" – as that term is used to in Your Motion to Compel Arbitration and to Dismiss (ECF No. 10), from January 1, 2019 through the present date.

**RESPONSE:** Defendant filed a Motion to Stay Discovery (ECF No. 20) on November 8, 2022. As explained more fully in that Motion, Defendant objects to engaging in the discovery process before the Court rules on Defendant's Motion to Compel Arbitration. Defendant further objects that any request for information related to any users other than Plaintiffs is overbroad, seeks information not relevant to any party's claim or defense, and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Subject to and without waving the foregoing objections, upon an order from the Court related to Defendant's Motion to Compel Arbitration and Motion to Stay Discovery, Defendant will produce documents related to Plaintiffs' accounts only.

**REQUEST FOR PRODUCTION NO. 10** All Documents and Communications concerning PayPal corporate contributions – in kind, or monetary – to all political and social recipients.

**RESPONSE:** Defendant filed a Motion to Stay Discovery (ECF No. 20) on November 8, 2022. As explained more fully in that Motion, Defendant objects to engaging in the discovery process before the Court rules on Defendant's Motion to Compel Arbitration. Documents related to Defendant's political and social contributions are overbroad and unrelated to any of Plaintiffs' claims in this case. Whether Defendant engaged in these activities does not bear on the ultimate question at issue: whether Defendant appropriately handled Plaintiffs' account information following Defendant's termination of Plaintiffs' accounts. Thus, the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 11** All Documents and Communications concerning any gaps or lapses in PayPal's Records of signatory users.

**RESPONSE:** Defendant filed a Motion to Stay Discovery (ECF No. 20) on November 8, 2022. As explained more fully in that Motion, Defendant objects to engaging in the discovery process before the Court rules on Defendant's Motion to Compel Arbitration. Defendant further objects that any request for information related to any users other than Plaintiffs is overbroad, seeks information not relevant to any party's claim or defense, and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Subject to and without waving the foregoing objections, upon an order from the Court related to Defendant's Motion to Compel Arbitration and Motion to Stay Discovery, Defendant will produce documents related to Plaintiffs' accounts only, if any exist.

**REQUEST FOR PRODUCTION NO. 12.** All Documents and Communications concerning settlements with any party for PayPal's actions or activities after termination of a PayPal agreement.

**RESPONSE:** Defendant filed a Motion to Stay Discovery (ECF No. 20) on November 8, 2022. As explained more fully in that Motion, Defendant objects to engaging in the discovery process before the Court rules on Defendant's Motion to Compel Arbitration. Defendant further objects that this request is overbroad, seeks information not relevant to any party's claim or defense, and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). PayPal's business activities with users other than Plaintiffs are irrelevant in this suit.