**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **JLR GLOBAL, LLC, JENNA RYAN REALTY, LLC, JENNA RYAN REAL ESTATE, LLC, FIRST PLACE REAL ESTATE, SELFLOVEU, LLC, THE JENNA RYAN SHOW, DOTJENNA, and JENNIFER RYAN,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**PAYPAL INC.,**<br><br>**Defendant.** | **Case No. 4:22-CV-559** |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**

This Court should stay discovery because, by Plaintiffs' own admission, it was designed as an end-run around the AAA arbitration rules which the parties chose to govern this dispute. Not surprisingly, Plaintiffs marshal no authority supporting the imposition of such discovery on PayPal while the Motion to Compel Arbitration is pending before the Court. On the contrary, courts in these very circumstances routinely stay discovery because otherwise parties like PayPal would be incurably prejudiced, and the parties' agreement to arbitrate under specific rules would not be given effect, which would offend the Supreme Court's repeated admonitions to the contrary.

PayPal timely moved to compel arbitration of this entire action because the parties agreed not to litigate in federal court under the Federal Rules of Civil Procedure. Instead, the parties agreed that these claims would be resolved through binding arbitration under the AAA Commercial Arbitration Rules. *See* Mot. to Compel at 2-3. Among other things, those rules delegate to the arbitrator chosen by the parties the authority and responsibility to "manage any

necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses." AAA R-23. Plaintiffs consciously seek to circumvent that agreed-upon, arbitrator-supervised process by serving requests under the Federal Rules of Civil Procedure on PayPal before the Court even decides the Motion to Compel Arbitration. PayPal seeks by this motion only to have that discovery stayed until the Court decides whether, as PayPal submits, the matter must be sent to arbitration.

Plaintiffs' opposition to this motion largely misses the point, citing cases addressing discovery stays when an appeal is pending, rather than those addressing the specific context of a pending motion to compel arbitration. Here, discovery is improper because it would: (a) effectively void a material part of the Agreement to Arbitrate before the Court even rules on the Motion to Compel Arbitration; (b) cause PayPal the burden and expense of answering formal discovery in federal court, which the parties agreed would be avoided; and (c) preemptively invade the authority and central function the parties agreed to entrust to the arbitrator. For these and similar reasons, as explained more fully in PayPal's Motion to Stay Discovery, courts across the Fifth Circuit (and the entire country) routinely stay discovery pending the resolution of a motion to compel arbitration. For example, in *Patel v. Regions Bank*, the court determined a stay of discovery was appropriate pending resolution of a motion to compel arbitration as the discovery sought had no bearing on whether arbitration must proceed. No. 18-796-BAJ-RLB, 2018 U.S. Dist. LEXIS 206152, at *4-5 (M.D. La. Dec. 6, 2018). As a result, the court found that "[a]llowing Plaintiff to conduct discovery with respect to [defendant] prior to a determination of whether Plaintiffs and [defendant] must arbitrate their dispute would, if arbitration is required, subject [defendant] to undue burden and expense." *Id*. at *5. Similarly here, no additional discovery is necessary to enable

the Court to determine whether to enforce the Agreement to Arbitrate. Indeed, as one Circuit Court put it, "requiring the parties to submit to full discovery under the Federal Rules of Civil Procedure may unnecessarily subject them to the very complexities, inconveniences and expenses of litigation that they determined to avoid." *Klepper v. SLI, Inc.*, 45 F. App'x 136, 139 (3d Cir. 2002). As in *Patel*, Plaintiffs make no effort to justify any of their discovery as necessary for the Court to adjudicate the Motion to Compel Arbitration itself.

Plaintiffs concede they served discovery specifically to avoid the boundaries set by the AAA discovery rules.[1] That is simply not allowed. *See, e.g.*, *Parcel Tankers, Inc. v. Formosa Plastics Corp.*, 569 F. Supp. 1459, 1467 (S.D. Tex. 1983) ("Sufficient prejudice . . . might be found, for example, if the party . . . took advantage of judicial discovery procedures not available in arbitration."). Indeed, the parties have explicitly agreed to arbitrate under the AAA rules, and Plaintiffs' naked attempt to pursue formal discovery in the interim disregards longstanding Supreme Court precedent. As the Supreme Court has reinforced many times, because of the strong federal policy favoring arbitration as expressed in the Federal Arbitration Act, "courts must rigorously enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes, and the rules under which that arbitration will be conducted." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal quotation marks and citations omitted).

"A further reason for denying discovery pending arbitration lies in the potential for

[1] For instance, Plaintiffs argue that they should not be bound by the AAA rules because "Defendant will have a much easier time hiding relevant evidence within an arbitration setting." Resp. at 1. This is not true. AAA is a "highly respected entit[y]" (*Proctor v. Andrews*, 972 S.W.2d 729, 736 (Tex. 1998)), capable of managing discovery effectively. *Alamo Moving & Storage One Corp. v. Mayflower Transit*, 46 F. App'x 731, 2002 WL 1973482, at *1 (5th Cir. 2002) (per curiam) (finding "nothing oppressive or unreasonable" about arbitration agreement where both parties' access to discovery was within discretion of arbitrators). Further, PayPal has no intent to "hide" any relevant evidence. Instead, PayPal requests that discovery proceed in the agreed-upon forum per the AAA rules for adjudicating the dispute.

interference with the arbitral function. By retaining jurisdiction over this action and allowing pre-arbitration discovery[,] the Court would be duty bound to administer the discovery process. In so doing, there is a likelihood that its administration of the discovery issues could preshape the issues before the arbitrator." *Recognition Equip., Inc. v. NCR Corp.*, 532 F. Supp. 271, 275 n.4 (N.D. Tex. 1981). If this Court agrees that this case must be arbitrated, PayPal would be prejudiced if this Court were to decide any discovery disputes because the scope of all discovery should be decided by an arbitrator under AAA Rule R-23. *See In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002) ("A court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement."). Plaintiffs' contention that PayPal "makes no proper showing of what information requested by Plaintiffs would not be at issue under the cover of arbitration" misses the point. Resp. at 4. Knowing that discovery is often the most expensive and inefficient part of the federal litigation process, the parties chose in the Agreement to Arbitrate to place in the hands of the arbitrator alone the decisions around what discovery is necessary and appropriate. Plaintiffs' preemptive discovery seeks impermissibly to avoid this agreed-upon process.

In sum, "[t]o require the parties to proceed with the action pending a ruling on the motion to compel arbitration…would cause the party seeking to enforce the arbitration clause [here, PayPal] to be deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes." *Miceli v. Citigoup, Inc.*, No. 2:15-cv-01962-GMN-VCF, 2016 U.S. Dist. LEXIS 38708, at *4 (D. Nev. Mar. 22, 2016); *see also Davidow v. H&R Block,* No. 18-01022-CV-W-ODS, 2019 U.S. Dist. LEXIS 239296, at *5 (W.D. Mo. Mar. 14, 2019) ("If the Court does not stay discovery, Defendants will inevitably expend resources on litigation activities that [they] sought to avoid when they entered into an arbitration agreement with Plaintiff. . . . This factor also weighs in favor of granting Defendants' motion to extend the current deadlines and stay the

commencement of discovery.") (citation omitted).

As noted, Plaintiffs have no cogent response to these facts, or this law. They instead offer an irrelevant discussion of a different issue. Plaintiffs' response confuses the standard for a motion to stay discovery pending a ruling on a dispositive arbitration motion with the standard for a motion to stay an entire proceeding pending an appeal. Plaintiffs argue PayPal failed "to meet its burden of proof to establish that a stay is justified," citing several cases, all of which analyze four factors in the context of either (1) a motion to stay a suit pending appeal, or (2) a motion to stay an injunction pending appeal. Resp. at 3-6. But the Fifth Circuit—and the Federal Rules—treat these stay requests differently. A "court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011); *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …."). This good cause standard differs materially from the more exacting standard analyzed by Plaintiffs to stay an entire proceeding pending appeal.

The *Vine*[2], *Weingarten Realty Investors*[3], *In re First South Savings Association*[4], and *NFL Players Association*[5] cases Plaintiffs cite are all distinguishable. In the first three cases, the court was asked to stay the suit pending appeal and, in *NFL*, to stay entry of a preliminary injunction pending appeal. In each of those cases, the stay contemplated would "suspend[] judicial alteration of the status quo" where "the merits of the case before the district court [were] directly involved in the merits of an appeal." *Vine*, 2019 U.S. Dist. LEXIS 153328, at *4-5. By contrast here, PayPal

---

[2] *Vine v. PLS Fin. Servs.*, No. 4:18-CV-00450, 2019 U.S. Dist. LEXIS 153328 (E.D. Tex. Sept. 9, 2019).
[3] *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 907 (5th Cir. 2011).
[4] *In re First S. Sav. Ass'n*, 820 F.2d 700, 702 (5th Cir. 1987).
[5] *NFL Players Ass'n v. NFL*, No. 4:17-CV-00615, 2017 U.S. Dist. LEXIS 150758 (E.D. Tex. Sept. 18, 2017).

seeks a temporary stay of discovery pending the Court's resolution of the dispositive Motion to Compel Arbitration.

As to any prejudice Plaintiffs claim they will suffer, such arguments are unavailing for several reasons. First, Plaintiffs' argument that they will have "difficulties in presenting their case" is entirely misplaced. Resp. at 5. As an initial matter, this argument presupposes they are allowed to conduct formal discovery under the Federal Rules. For reasons that are articulated in PayPal's Motion to Compel Arbitration, they are not. Nothing prevents Plaintiffs from arbitrating this case under the Agreement to Arbitrate to which they agreed. That includes the opportunity to seek an exchange of information as allowed by the AAA rules. The fact that, after accepting the benefits of the PayPal services, Plaintiffs would now like to evade their obligation to abide by the Agreement to Arbitrate does not constitute prejudice. *See Shanks v. Swift Transp. Co.*, No. L-07-55, 2008 U.S. Dist. LEXIS 55063, at *25-26 (S.D. Tex. June 19, 2008) ("By actively seeking a 'direct benefit' under the Plan, Plaintiffs have obligated themselves to accept the Plan's burden, namely arbitration."). In any case, if PayPal's Motion to Compel is denied, Plaintiffs may then conduct discovery under the Federal Rules. If PayPal's Motion to Compel is granted, Plaintiffs will be allowed to conduct discovery under the AAA rules. *Davidow*, 2019 U.S. Dist. LEXIS 239296, at *4-5 ("If this matter is arbitrated, Plaintiff will have the right to conduct discovery."). There is no substantive barrier to Plaintiffs presenting their case.

Second, Plaintiffs' speculation that a brief discovery stay would allow "more time for discovery problems such as spoliation of evidence and accurate recollection of facts by witnesses" is also unavailing. Resp. at 6. Plaintiffs cite no authority suggesting that such mere conjecture constitutes any cognizable prejudice, as none exists. Indeed, if Plaintiffs' argument was accepted, no court would ever be justified in staying any discovery. But courts often stay discovery,

particularly in these circumstances. *See Davidow*, 2019 U.S. Dist. LEXIS 239296, at *4-5 ("[T]here is no indication that Plaintiff's ability to litigate her case and obtain discovery will be irreparably harmed by a short stay. . . . But if the Court does not stay discovery, Defendants will inevitably expend resources on litigation activities that [they] sought to avoid when they entered into an arbitration agreement with Plaintiff.") (internal quotation marks omitted).

Finally, Plaintiffs also argue they will be procedurally prejudiced because, should the Court grant the requested stay, "it will render the Plaintiffs' ability to comply with the Scheduling Order next to impossible." Resp. at 6. Plaintiffs thus request (1) an order compelling immediate discovery responses, and (2) an amendment of the scheduling order. *Id.* at 7. Contrary to the Local Rules, Plaintiffs made no effort to confer with PayPal on either request. *See* Local Rule CV-7(h)-(i). With respect to Plaintiffs' discovery requests, PayPal lodged several objections to the breadth and relevance of documents sought on top of the objection related to the request for discovery stay. PayPal therefore opposes this requested relief. As for Plaintiffs' request for an amendment of the scheduling order, PayPal is not opposed to such request, but would like the opportunity to negotiate amended deadlines. PayPal requests the opportunity to confer with Plaintiffs—and then submit a report of areas of agreement and disagreement to the Court as necessary—in accordance with the Local Rules before (a) it is required to produce documents over its objection, or (b) an amended scheduling order is entered.

For the reasons set forth in its Motion to Stay Discovery and in this Reply, PayPal requests that this Court stay discovery pending its ruling on PayPal's Motion to Compel Arbitration and to Dismiss, or in the Alternative, to Stay this Action Pending Arbitration (ECF No. 10).

Respectfully submitted,

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian
Texas Bar No. 24053534
Robert.Vartabedian@alston.com
Alix D. Allison
Texas Bar No. 24086261
Alix.Allison@alston.com

Alston & Bird LLP
301 Commerce, Ste. 3635
Fort Worth, TX 76102
Telephone: 214-922-3400
Facsimile: 214-922-3839

**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2022, I caused to be served true and correct copies of the foregoing document by filing such notice with the Court's CM/ECF system.

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian