IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JLR GLOBAL, LLC, JENNA RYAN REALTY, LLC, JENNA RYAN REAL ESTATE, LLC, FIRST PLACE REAL ESTATE, SELFLOVEU, LLC, THE JENNA RYAN SHOW, DOTJENNA, and JENNIFER RYAN, <br><br> Plaintiffs, <br><br> v. <br><br> PAYPAL INC., <br><br> Defendant. | Case No. 4:22-CV-559 |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO REMOVE CURRENT ATTORNEY FROM CASE**

Plaintiffs' counsel of record, Ronald Burns, sought leave to withdraw from this matter in April 2023. ECF No. 26. But after counsel failed to respond to the Court's order requiring him to provide contact information for each Plaintiff, the Court denied Burns' motion. ECF No. 29. Now, individual Plaintiff Jennifer Ryan has renewed the request to have Burns removed as counsel so that she can pursue a contemporaneously filed Motion for Reconsideration [ECF No. 30] of the Court's March 15, 2023 order compelling this matter to arbitration. ECF No. 25. Under well-settled law, Ryan may not represent those businesses pro se. Accordingly, the Court should deny the Motion to Remove Current Attorney from Case. ECF No. 31. For the same reason, the Court should strike as improperly filed the Motion for Reconsideration.

## ARGUMENT

It has been well-established "for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *see also Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) ("[Plaintiff] does not deny the well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney."); *United States ex rel. Proctor v. Next Health LLC*, 652 F.Supp.3d 788, 794 (E.D. Tex. Jan. 25, 2023) (holding that permitting counsel to withdraw would be disruptive "[b]ecause this matter involves a corporation and corporations cannot proceed pro se"). Because seven of the Plaintiffs are corporate entities, they are only permitted to appear in federal court through a licensed attorney. Ryan is not an attorney, as she freely admits. *See* Motion at 1 ("Jennifer L. Ryan is not an attorney . . .."). Her attempt to file any motion on behalf of corporate Plaintiffs is improper and should be struck.

## CONCLUSION

The Court should deny the Pro Se Motion to Remove Current Attorney from Case because Ryan is not allowed to represent corporate Plaintiffs JLR Global, LLC, Jenna Ryan Realty, LLC, Jenna Ryan Real Estate, LLC, First Place Real Estate, SelfLoveU, LLC, The Jenna Ryan Show, and dotJenna in this Court. For the same reason, the Court should strike as improperly filed Plaintiffs' contemporaneously filed Motion for Reconsideration.

Respectfully Submitted,

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian
Texas Bar No. 24053534
Rob.Vartabedian@alston.com
Alix D. Allison
Texas Bar No. 24086261
Alix.Allison@alston.com

Alston & Bird LLP
301 Commerce, Ste. 3635
Fort Worth, TX  76102
Telephone: 214-922-3400
Facsimile: 214-922-3839

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2023, I caused to be served true and correct copies of the foregoing document by filing such document with the Court's CM/ECF system.

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian