IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JLR GLOBAL, LLC, JENNA RYAN REALTY, LLC, JENNA RYAN REAL ESTATE, LLC, FIRST PLACE REAL ESTATE, SELFLOVEU, LLC, THE JENNA RYAN SHOW, DOTJENNA, and JENNIFER RYAN,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL INC.,<br><br>Defendant. | Case No. 4:22-CV-559 |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Eight months after the entry of the Court's March 13, 2023 Order compelling arbitration, Plaintiffs JLR Global, LLC, Jenna Ryan Realty, LLC, Jenna Ryan Real Estate, LLC, First Place Real Estate, SelfLoveU, LLC, The Jenna Ryan Show, DotJenna, and Jennifer Ryan improperly seek to bring a pro se motion for reconsideration of the Order on the sole basis that they will have to spend money to engage counsel to pursue their claims. Ryan and the seven corporate entities filed an extensive opposition to PayPal's Motion to Compel Plaintiffs to abide by the Agreement to Arbitrate[1] governing this dispute but failed to raise this issue. This effort is improper now because (1) Ryan cannot proceed pro se on behalf of the corporate entities,[2] and (2) the Motion

---

[1] Capitalized terms used in this Response have the same meaning as that ascribed to them in PayPal's Motion to Compel Arbitration. PayPal incorporates by reference as if fully set forth herein all arguments and evidence submitted to this Court through its Motion to Compel Arbitration, ECF No. 10, 10-1—10-8.

[2] Plaintiffs JLR Global, LLC, Jenna Ryan Realty, LLC, Jenna Ryan Real Estate, LLC, First Place Real Estate, SelfLoveU, LLC, The Jenna Ryan Show, and DotJenna are corporate entities incapable of representing themselves before this Court pro se. *United States ex rel. Proctor v. Next Health LLC*, 652 F.Supp.3d 788, 794 (E.D. Tex. Jan. 25, 2023) (holding that permitting counsel to withdraw would be disruptive "[b]ecause this matter involves a corporation and corporations cannot proceed *pro se*."). As explained in PayPal's contemporaneously filed Response

Defendant's Response to Plaintiffs' Motion for Reconsideration – Page 1

does not meet the high standards for reconsideration. Plaintiffs' allegation that they will have to compensate counsel to represent them in pursuing their claims is by no means "new" evidence as this information was known or knowable at the time Plaintiffs responded to PayPal's Motion to Compel. The Agreement to Arbitrate to which Plaintiffs are bound is valid and binding as this Court—and many others—have already determined. Because Plaintiffs' Motion is merely a baseless pro se attempt to revisit the Court's prior ruling, PayPal requests that the Court deny Plaintiffs' Motion for Reconsideration.

## I. FACTUAL BACKGROUND

Since her participation in the attack on the United States Capitol on January 6, 2021, Plaintiff Jennifer Ryan has regularly publicized her conduct and resultant criminal conviction on social media and in interviews to various news outlets. *United States v. Jennifer Leigh Ryan*, Case No. 1:21-cr-00050 (CRC), ECF No. 48 (D.C. Dec. 28, 2021). Ryan pleaded guilty to a federal misdemeanor for her conduct and served a 60-day sentence. On January 21, 2021, Ryan took to Twitter, requesting donations via PayPal to help recover financial losses to her many businesses resulting from her conduct. Later that same day, PayPal terminated Plaintiffs Jenna Ryan Realty, LLC and Jennifer Ryan's shared PayPal account and Jennifer Ryan's separate personal account.[3]

Plaintiffs sued in Texas state court on June 8, 2022, which was later removed to this Court on July 2, 2022. PayPal timely filed its Motion to Compel Arbitration and to Dismiss, or in the Alternative, to Stay this Action Pending Arbitration, which was granted by this Court on March 15, 2023. Mem. Op. Order, ECF No. 25. After Plaintiffs began an action before the American

---

to Plaintiffs' Motion to Remove Current Attorney from Case, PayPal objects to Plaintiffs proceeding pro se and requests that the Court strike the Motion for Reconsideration.
[3] Mot. Compel, Ex. A (Potter Decl.) ¶ 24, ECF No. 10-1.

Arbitration Association ("AAA"), the matter was administratively closed on October 3, 2023, after Plaintiffs failed to cure an unspecified filing deficiency.[4]

Eight months after the Court entered its original Order, Plaintiffs now move this Court to reconsider its earlier Order compelling arbitration, arguing they have newfound evidence of the attorney fee expense to pursue arbitration. Mot. Reconsider 1, ECF No. 30. Plaintiffs contend that because they have found no attorney to represent them on contingency before the AAA, the Agreement to Arbitrate in PayPal's User Agreement is void, unconscionable, and unenforceable as the cost of attorney fees is prohibitively high. *Id*. at 2. But Plaintiffs have offered no "new" evidence sufficient to merit the Court's reconsideration of its original Order—this information would have been available to Plaintiffs at any point had they exercised reasonable diligence to discover it. And even were the Court to consider this "new" evidence, there is nothing unconscionable about compelling Plaintiffs to abide by the Agreement to Arbitrate that was a clear condition of their use of PayPal's services. As a result, the Court should deny Plaintiffs' Motion for Reconsideration.

## II.   LEGAL STANDARD

Courts in the Eastern District have considered motions to reconsider interlocutory orders under Federal Rules of Civil Procedure 59(e). *Blue Spike, LLC v. Juniper Networks, Inc.*, No. 6:17-CV-16-KNM, 2018 WL 4261316, at *1 (E.D. Tex. May 16, 2018). "Under Rule 59(e), courts may reconsider their rulings when there has been: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Id.* The motions serve only the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Thus, a party

---

[4] *See* Ex. A.

should not raise arguments "that could, and should, have been made before entry of judgment or to re-urge matters that have already been advanced by a party." *Id.*

### III. ANALYSIS

**1. Plaintiffs failed to offer "new" evidence supporting a reversal of this Court's Order compelling arbitration.**

Plaintiffs contend they "discovered New Evidence that proves that the ordered arbitration is cost prohibitive as opposed to accessing the court; and that the costs to arbitrate are so high that Plaintiffs are prevented from exercising their statutory right to vindicate their claims." Mot. Reconsider 1, ECF No. 30. When a motion to reconsider is based on discovery of new evidence, the moving party will prevail only if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015). Plaintiffs cannot establish either of the first two elements.

The potential cost of attorney fees for Plaintiffs to pursue their claims in arbitration is not "new" evidence sufficient to support this Court's reconsideration of its ruling compelling arbitration. As explained in more depth in Part III(2) below, this "new" evidence would not change the outcome of the Court's decision. As this Court and other courts have previously held, PayPal's Agreement to Arbitrate is neither procedurally nor substantively unconscionable. Mem. Op. Order, ECF No. 25; *Pickaree v. Kim*, No. CV H-22-901, 2022 WL 2317157, at *5 (S.D. Tex. June 28, 2022); *see also Cheng v. PayPal, Inc.*, Case No. 21-cv-03608-BLF, 2022 WL 126305 (N.D. Cal. Jan. 13, 2022); *see also Evans v. PayPal, Inc.*, No. 22-CV-00248-BLF, 2022 WL 1813993, at *5 (N.D. Cal. June 2, 2022), *aff'd*, No. 22-15979, 2023 WL 6058490 (9th Cir. Sept. 18, 2023)..

Nor are the facts newly discovered. First, the AAA publicizes its filing schedules on its public web page.[5] At all times pertinent to this dispute, Plaintiffs could have discovered the cost of the AAA fees, including at the time Plaintiffs opposed PayPal's Motion to Compel Arbitration, had they exercised reasonable diligence. Second, Plaintiffs could have similarly discovered attorney fee costs to proceed before the AAA at all times pertinent to this dispute. Plaintiffs submit evidence they obtained well after the Court entered its Order compelling arbitration. Nothing in the record suggests Plaintiffs would have been prevented from obtaining this information before the Court's Order. Moreover, Plaintiffs' proffered evidence that they cannot find either (a) third-party litigation financing, or (b) counsel to pursue the claims on contingency fee, does not make the fact that Plaintiffs would have to compensate their counsel to pursue the claims "new" evidence.[6] As a result, Plaintiffs cannot establish this element and their Motion should be denied.

   2. **The Agreement to Arbitrate is not unconscionable.**

The thrust of Plaintiffs' argument is that the Agreement to Arbitrate is unconscionable because Plaintiffs cannot afford the attorney fees sufficient to litigate their claims before the AAA. *See generally* Mot. Reconsider, ECF No. 30. Unconscionability requires the "absence of meaningful choice and contract terms [that are] unreasonably favorable to one of the parties." *Tulowitzki v. Atl. Richfield Co.*, 396 A.2d 956, 960 (Del. 1978). "[B]oth procedural and substantive unconscionability are required for a court to hold an arbitration agreement unenforceable." *Maxwell v. Cellco P'ship*, Civil Action No. 19-152-RGA, 2019 WL 5587313, *7 (D. Del Oct. 30, 2019). Delaware (like Texas) routinely enforces agreements of the kind at issue,

---

[5] Commercial Arbitration Rules and Mediation Procedures Administrative Fee Schedules, https://www.adr.org/sites/default/files/Commercial_Arbitration_Fee_Schedule_1.pdf, last accessed on Nov. 10, 2023.
[6] Notably, Plaintiffs' current counsel withdrew not because he refused to represent Plaintiffs on contingency fee but rather due to "professional considerations" after Plaintiffs refused to pay third party fees and costs. Mot. Reconsider Ex. A, ECF No. 30-1. Nor does the proffered engagement letter with Mark Dominic Grosso suggest he refused to represent Plaintiffs on contingency fee before the AAA. *Id.* Ex. G, ECF No. 30-7.

i.e., "online agreement[s] that require[] a 'webpage user [to] manifest assent to the terms of a contract by clicking an 'accept' button in order to proceed." *Doe v. Massage Envy Franchising, LLC*, No. CV S20C-05-005RFS, 2020 WL 7624620, at *2 (Del. Super. Ct. Dec. 21, 2020) (citation omitted); *see Cheng*, 2022 WL 126305, at *3 (enforcing Agreement to Arbitrate under Delaware law); *Bongalis-Royer v. RJ Worldwide, LLC*, No. 4:14-CV-330, 2015 WL 12778846, at *5 (E.D. Tex. July 16, 2015) (recognizing the enforceability of clickwrap agreements in Texas). Indeed, this Court has already determined that the Agreement to Arbitrate is valid and enforceable against the Plaintiffs. Mem. Op. Order, ECF No. 25.

    a) *There is no procedural unconscionability.*

Plaintiffs argue, without offering any evidence, that they "did not have a choice to negotiate terms for this agreement [to arbitrate], and therefore this is an agreement of adhesion, and the terms of the Arbitration are impossible for the Plaintiffs to fulfill, therefore the agreement must be found to be unconscionable, unenforceable and void." Mot. Reconsider 9-10, ECF No. 30. The Court already determined that the Agreement to Arbitrate was not unconscionable when it enforced the agreement and compelled the parties to arbitration. Mem. Op. Order, ECF No. 25. Nevertheless, "that a contract is adhesive does not give rise to a presumption of unenforceability." *Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 912 (Del. 1989); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir. 1992) (same). Likewise, unequal bargaining power alone is "insufficient to hold an arbitration agreement unconscionable." *Wells v. Merit Life Ins. Co.*, 671 F. Supp. 2d 570, 574 (D. Del. 2009); *see Mikkilineni v. PayPal, Inc.*, C.A. No. N19C-05-123 PRW CCLD, 2021 WL 2763903, at *12 (Del. Super. Ct. Jul. 1, 2021) ("An otherwise clear intent to arbitrate will not be invalidated merely because a party did not negotiate the arbitration provision or participate in its drafting.").

Plaintiffs consented to the terms of the User Agreement in consideration of opening their PayPal accounts.[7] Before doing so, Plaintiffs were presented with the agreement and required to affirmatively check a box indicating that they read and agreed to the User Agreement and click a button labeled "Agree and Create Account."[8] Plaintiffs also had the right and opportunity to—but did not—opt out of the Agreement to Arbitrate.[9] *See Mikkilineni*, C.A. No. N19C-05-123 PRW CCLD, 2021 WL 2763903, *11 (compelling arbitration where plaintiff could have opted out); *Andre v. Dollar Tree Stores, Inc.*, Civil Action No. 18-142-MN-CJB, 2019 WL 2617253, *10 (D. Del. June 26, 2019) (opt-out procedure supported validity of arbitration agreement). Instead, as the Court has already recognized, Plaintiffs continued to use their PayPal accounts, thereby manifesting their intent to be bound by the bilateral Agreement to Arbitrate which provides that "any and all disputes or claims that have arisen or may arise between you and PayPal, … shall be resolved exclusively through final and binding arbitration … on an individual basis."[10] *See generally* Mem. Op. Order, ECF No. 25.

    b) <u>*There is no substantive unconscionability.*</u>

Plaintiffs further argue the costs of arbitration are prohibitively high. In particular, Plaintiffs argue that the potential cost of attorney fees are too expensive, and that they cannot afford any additional AAA fees on top of the initial AAA filing fee, as reduced by the AAA. Mot. Reconsider 3-6, ECF No. 30. But the Agreement to Arbitrate's arbitration procedures provide an inherently fair method of dispute resolution. *Graham*, 565 A.3d at 912-13. The provision requires both parties to arbitrate under the AAA's Rules, as applicable, except for claims qualifying for

---

[7] Mot. Compel, Ex. A (Potter Decl.) ¶ 5, ECF No. 10-1.
[8] *Id.*
[9] *Id.* ¶¶ 15, 20.
[10] *Id.* ¶ 14; Mot. Compel, Ex. A-5 (Nov. 9, 2020 User Agreement) ECF No. 10-6.

small claims court.[11] Arbitration is to occur in the user's county of residence or at a mutually agreeable location; parties may choose arbitration by phone or written submissions if the value of relief sought is $10,000 or less.[12] *See Fleck, d/b/a Fleck's Carpet v. J.A. Moore & Sons, Inc.*, Civil Action No. 98-08-069, 1999 WL 1847435, *3 (Del. Com. Pl. Jan. 29, 1999) (considering bilateral arbitration requirement in determining that provision was not unconscionable).

The Agreement to Arbitrate also permits a party to request that PayPal pay "as much of the filing, administration, and arbitrator fees as the arbitrator(s) deems necessary to prevent the cost of accessing arbitration from being prohibitive" where that party can show that the cost of accessing arbitration is prohibitive compared to accessing a court.[13] Aside from requesting a hardship waiver for the initial filing fee—which the AAA granted—there is no evidence that Plaintiffs made any application to the AAA requesting that PayPal pay the rest of any other arbitration fees.[14]

Furthermore, were Plaintiffs to prevail on their Electronic Fund Transfer Act claim, they could be entitled to recover their costs and reasonable and necessary attorney fees. 15 U.S.C. § 1693m(a)(1)(3) ("Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer … is liable to such consumer in an amount equal to … in the case of any successful action to enforce

---

[11] Mot. Compel, Ex. A-5 (Nov. 9, 2020 User Agreement) ECF No. 10-6.
[12] *Id*.
[13] *Id*.
[14] Plaintiffs rely on *Thompson v. Global Fixture Servs. Inc*., arguing an arbitration agreement may render a contract unconscionable if the existence of large arbitration costs could preclude a litigant from effectively vindicating his or her federal statutory rights in the arbitral forum. Mot. Reconsider 10, ECF No. 30. But this case is inapplicable here. The *Thompson* court, in applying Texas law, focused on whether the *arbitration* fees were cost prohibitive where the agreement required the parties to split those fees. *Thompson v. Glob. Fixture Services, Inc.*, No. CV H-22-0484, 2022 WL 3693453, at *2 (S.D. Tex. Aug. 25, 2022). Plaintiffs here complain about the costs of potential *attorney* fees. "Requiring Plaintiff[s] to otherwise pay [their] own attorneys' fees, costs, and expenses does not render the arbitration agreement unconscionable, as the same would be true in court but for statutory authorization." *Styczynski v. MarketSource, Inc*., 340 F. Supp. 3d 534, 544 (E.D. Pa. 2018).

Defendant's Response to Plaintiffs' Motion for Reconsideration – Page 8

the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."). Under the AAA Commercial Rules, the arbitrator would be vested with the discretion to make such an award. AAA Commercial Rule R-49(d)(ii) ("The award of the arbitrator may include … an award of attorneys' fees if all parties have requested such an award or it is authorized by law or the parties' arbitration agreement.").

Ultimately, Plaintiffs offer no evidence supporting a finding that they could not afford to pay the filing fee as reduced by the AAA. Indeed, while Plaintiffs submit evidence to this Court that the AAA agreed to reduce the initial filing fee to $1,500, they offer no evidence to suggest they could not pay this fee, or that they could not obtain an order from the AAA shifting fees between the parties, prohibiting their recovery on this Motion. *Cheng*, No. 21-CV-03608-BLF, 2022 WL 126305, at *4 ("PayPal's promise to advance arbitration fees in certain circumstances does not amount to substantive unconscionability because it does not amount to a use of superior bargaining power 'to take unfair advantage of another' party."); *Nezri v. PayPal, Inc.*, 606 F. Supp. 3d 985, 995 (C.D. Cal. 2022) (same); *Evans*, No. 22-CV-00248-BLF, 2022 WL 1813993, at *5 (same).

### IV. CONCLUSION

As discussed in more depth in the contemporaneously filed response to Plaintiffs' Motion to Remove Current Attorney from Case, Plaintiffs' Motion should be struck as it was improperly filed by pro se Plaintiff Ryan. But even were the Court to consider the merits of Plaintiffs' Motion for Reconsideration, it should be denied as Plaintiffs offer no "new" evidence sufficient to meet the high bar required for reconsideration. The Agreement to Arbitrate is valid and enforceable against all Plaintiffs; thus, PayPal requests that the Court deny Plaintiffs' Motion.

        Respectfully Submitted,

        */s/ Robert C. Vartabedian*
        Robert C. Vartabedian
        Texas Bar No. 24053534
        Rob.Vartabedian@alston.com
        Alix D. Allison
        Texas Bar No. 24086261
        Alix.Allison@alston.com

        Alston & Bird LLP
        301 Commerce, Ste. 3635
        Fort Worth, TX 76102
        Telephone: 214-922-3400
        Facsimile: 214-922-3839

        **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

    I hereby certify that on November 20, 2023, I caused to be served true and correct copies of the foregoing document by filing such notice with the Court's CM/ECF system.

        */s/ Robert C. Vartabedian*
        Robert C. Vartabedian