IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



FILED
NOV 27 2023
Clerk, U.S. District Court
Eastern District of Texas

| | |
|---|---|
| JLR GLOBAL, LLC, JENNA RYAN REALTY, LLC, JENNA RYAN REAL ESTATE. LLC, FIRST PLACE REAL ESTATE, SELFLOVEU, LLC, THE JENNA RYAN SHOW, DOTJENNA, and JENNIFER RYAN, | |
| Plaintiffs, | CIVIL ACTION NO.: 4:22-cv-559 |
| v. | JURY TRIAL DEMANDED |
| PAYPAL INC., | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE
FOR MOTION FOR RECONSIDERATION**

Plaintiff, Jennifer Ryan, files this motion on behalf of herself, Pro Se.

1. **Plaintiff Cannot Afford to Arbitrate this Case**

It is impossible for Plaintiff to arbitrate this case based on information and belief of the newly discovered evidence regarding the upfront retainer fee of a minimum of $350,000, an amount that Plaintiff cannot afford to pay. *(See Declaration of Jennifer Ryan - List of 30+ Attorneys Contacted, and Timeline, (Exhibit A), as well as the newly discovered evidence presented in the original Motion.* Whether the information in this Motion was known to the Defendant or to the Court prior to the referral to arbitration, it was unknown to Plaintiff. While trying to perform the arbitration as ordered, Plaintiff discovered new evidence that the arbitration process is not accessible to her in this case and cost prohibitive. The Order to Arbitrate is impossible for Plaintiff to achieve and therefore unenforceable by law and must be reconsidered.

2. **Plaintiff Presents New Evidence of the Inability to Afford Arbitration**

Black's Law Dictionary defines "After-discovered Evidence" and "New Evidence" as *"evidence which existed at the time of the original trial but was only discovered after the conclusion of the trial."* New evidence can also be defined as evidence that was not previously a part of the record before the Court. Plaintiff did not know about the new evidence presented herein, the same such evidence has not yet been considered by the Court and provides statutory grounds for reconsideration.

Defendant argues in its response to Plaintiff's Motion for Reconsideration:

> When a motion to reconsider is based on discovery of new evidence, the moving party will prevail only if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015). **Plaintiffs cannot establish either of the first two elements.** [emphasis added]

Firstly, if the Defendant's argument is deemed controlling, and this evidence was known on the record, it proves the reference to arbitration is unenforceable and a denial of due process for Plaintiff. The record, however, is clear that this evidence was not known then.

Plaintiff asserts that the new evidence presented herein warrants reconsideration based on the facts of the case law cited above by Defendant.

(1) <u>Facts discovered are such a nature as they would probably change the outcome</u>. Pointing to the excerpt above, Defendant argues that Plaintiff's new evidence would not change the outcome of the referral to arbitration. Plaintiff disagrees. The evidence in this motion proves that the arbitration costs (including attorneys fees) prohibits Plaintiff from accessing arbitration as opposed to accessing the court and forecloses her right to due process of law. The evidence

provided in this motion to reconsider is critical to the Court's determination of the reasonableness and appropriateness of granting Defendant's motion for referral to arbitration.

(2) <u>The facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence</u>. Plaintiff asserts that the workload required to discover the new evidence took extreme diligence, tenacity and perseverance by the Plaintiff–beyond that which would be reasonably "due" in advance. *(See Declaration of Jennifer Ryan - List of 30+ Attorneys Contacted, and Timeline, (Exhibit A), as well as the newly discovered evidence presented in the original Motion.* Plaintiff took hours, days, weeks and months to painstakingly seek representation for the ordered arbitration, and during the process, discovered that she could not afford the arbitration costs required for this complex case. The argument regarding the cost prohibitive nature of the proceedings was not presented when the Court initially ruled on Defendant's motion to compel arbitration because it was neither known nor knowable to Plaintiff. Even Plaintiff's counsel was unaware that he would not be permitted by his firm to proceed with representation under arbitration.

(3) <u>The facts are not merely cumulative or impeaching</u>.

The newly discovered evidence is wholly independent from prior arguments and evidence so it is neither impeaching nor cumulative.

## 3. The New Evidence Was Discovered Only After the Order to Arbitrate was Entered

Plaintiff asserts that new evidence is provided herein showing that Plaintiff cannot arbitrate due to prohibitive costs. Plaintiff spent countless hours in earnest attempt to follow the order of this Court, and to proceed with arbitration, however, during this arduous, difficult eight month process, Plaintiff discovered that the arbitration was impossible to fulfill due to prohibitive costs. Plaintiff made hundreds of phone calls, spoke at length to 30+ attorneys (See Exhibit A) and tried to overcome every obstacle that she confronted in seeking representation to arbitrate her claims. The insurmountable obstacles that Plaintiff uncovered are presented in this Motion as "new evidence."

The attorneys that Plaintiff consulted each made decisions about this case after thoughtful consideration–these decisions could not have been made prior to said attorneys being consulted, which was after the arbitration was ordered. The attorneys who reviewed this case did not even know themselves that they would not take the case on a contingency basis, and/or how much it would take to successfully arbitrate this complex case against Defendant. The diligence required for Plaintiff to discover that she could not afford to arbitrate due to prohibitive costs of arbitration went beyond reasonable due diligence and into the realm of impossibility.

The following newly discovered evidence was not known to Plaintiff prior to the Order to Arbitrate:

1. Plaintiff could not have known that her existing attorney would be forced to withdraw from her case due to the inability of Plaintiff to pay upfront retainer fees required to arbitrate. This information was not even known by Plaintiff's attorney until after the arbitration was ordered and discussions were had among the partners at his law firm.

2. Plaintiff could not have known that no other attorney would handle her case on a contingency basis without taking the time to locate and consult with over 30 attorneys for determinations. Each attorney required individual consultations, review of case pleadings, internal discussions within their respective firms and gauging their current caseload.

3. Plaintiff could not have known that the minimum retainer required to arbitrate her case was $350,000 until after she received numerous rejections through the process of searching for representation, and went above-and-beyond to locate an attorney capable of handling this complex arbitration for a retainer fee.

4. Plaintiff could not have known that she would not qualify for a litigation loan for the arbitration until after Plaintiff applied for said loans, and the litigation loan companies analyzed the case and denied Plaintiff's applications.

5. Plaintiff could not have known that she would be able to secure an attorney on a contingency basis if allowed to remain in court. This fact was discovered only after all other avenues for pursuing arbitration were exhausted.

It is not logical to expect the Plaintiff to have knowledge of information that was discovered only through the process of earnestly seeking representation for the arbitration: ie: meetings, consultations, document exchanges, and expert review of existing pleadings in this case. Plaintiff is not omnipresent and cannot predict events and outcomes prior to the unfolding of reality.

### 4. The Prohibitive Costs At Issue are Attorneys Fees, Not Just Arbitration Fees

Defendant fails to acknowledge that the fees at issue for Plaintiff in this Motion to Reconsider include attorneys fees, not simply arbitration costs. Plaintiff received a Hardship Waiver of arbitration fees from the AAA, and even with the discount in Arbitration Fees, it is still impossible for Plaintiff to arbitrate due to the other prohibitive costs required.

The Attorneys fees and costs required to arbitrate this complex case have been estimated by qualified experts and presented as new evidence herein to be a retainer of at least $350,000. Plaintiff is a single woman who works as a Realtor and does not make $350,000 per year, and who has been financially and emotionally destroyed by Defendant and cannot afford to pay $350,000 to arbitrate her claims against Defendant for the damages incurred against her.

Interestingly, Plaintiff found that she is able to retain counsel on a contingency basis if allowed to stay in court–where the attorneys fees are contingent only upon the success of the action.

### 5. Defendant is Negligent in Failing to Disclose the High Cost of Arbitration to Plaintiff

Defendant argues in its response that Plaintiff "should have known" the facts proven by the new evidence presented, but Plaintiff asserts lack of awareness and knowledge at any time–until Plaintiff diligently sought to follow this Court's orders. Technically, since Defendant admits that it was aware of the high cost of attorneys fees to arbitrate this case, and expects Plaintiff to know said costs–Defendant should have disclosed the full breadth of information to Plaintiff within the context of the Arbitration Agreement itself, but failed to do

so. Defendant merely addressed the Arbitration Fees, but omitted the Cost Prohibitive Attorneys Fees required for a consumer such as Plaintiff to bring claims in the arbitral forum. The failure to inform Plaintiff of the high cost of arbitration casts light on Defendant's negligence and further proves the unconscionability of the original agreement. Defendant knew that Plaintiff would not likely be able to afford the arbitration process due to the high cost of upfront attorneys fees required, but conveniently omitted that information from the agreement.

### 6. The Order to Arbitrate is Unenforceable and Void Due to the Prohibitive Costs

The decision to compel arbitration is void and unenforceable due to impossibility of performance, commercial impracticability and prohibitive costs required for arbitration. Both the US Supreme Court and the Texas Supreme Court have ruled that a Plaintiff should not be barred from vindicating their claims due to the high costs of arbitration compared to the accessibility of the courts. See: US Supreme Court (<u>Green Tree Financial Corp.-Alabama and Green Tree Financial Corporation, Petitioners v. Larketta Randolph</u>) and Texas Supreme Court (<u>Houston ANUSA, LLC d/b/a AutoNation USA Houston v. Walter Shattenkirk</u>). The Order to Arbitrate constitutes a denial of Plaintiff's right to due process of law.

### 7. Defendant's False & Prejudicial Statements Regarding Plaintiff Should be Stricken

Defendant's false statements regarding Plaintiff, Jennifer Ryan, and Case No. 1:21-cr-00050 (CRC) are not factually correct and inconsistent with the record of that case. The statements Defendant made about Plaintiff are legally irrelevant and are intended to have a prejudicial effect against Plaintiff. Defendan's false allegations against Plaintiff is intended to cause bias in the eyes of the Court. All personal references to Jennifer Ryan should be stricken from the record and disregarded by the Court; and any further such references should be sanctioned.

### 8. The Defendant PayPal is the Sole Online Payment Processor for this Court

It is worth noting, for the record, that the Defendant, PayPal, is believed to serve as the sole online payment processor for filing fees to this Court. The relationship between the Court and the Defendant could constitute a conflict of interest in this case due to contracts that exist between Defendant and this Court.

## Conclusion

Plaintiff has met the burden of proof that she cannot afford to arbitrate, and did not know that she could not afford to arbitrate until after the arbitration was ordered, at which time Plaintiff diligently sought to pursue arbitration, but uncovered multiple pieces of evidence showing that the arbitration is cost prohibitive to execute. The Plaintiff did not know about the cost prohibitive nature of the arbitration prior to the referral to arbitration and only discovered it through evidence presented herein. The Order to Arbitrate is impossible for Plaintiff to fulfill and prohibits Plaintiff from exercising her statutory right to due process of law and as such, must be reconsidered.

COMES NOW, Plaintiff, and respectfully requests this Honorable Court to:

1. Lift the Stay imposed in this matter;

2. Vacate the Order to Arbitrate dated March 15, 2023;

3. Hold a Hearing;

4. Or, appoint an attorney willing to handle this complex arbitration on a contingency basis;

5. Or, in the alternative, Compel PayPal to Advance Attorneys Fees to Plaintiff for Arbitration.

November 27, 2023

Respectfully Submitted,

By: /s/ Jennifer L. Ryan
469-491-0587
jennaryanrealty@gmail.com

PRO SE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed in person on November 27th, 2023, electronically in compliance with Local Rule CV-5. As such, the foregoing was served on all counsel of record who have consented to electronic service. Local Rule CV-5. Pursuant to Fed. R. Civ. P. 5 and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email, on this the 27th day of November, 2023.

/s/ Jennifer L. Ryan