## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JLR GLOBAL, LLC, JENNA RYAN REALTY, LLC, JENNA RYAN REAL ESTATE, LLC, FIRST PLACE REAL ESTATE, SELFLOVEU, LLC, THE JENNA RYAN SHOW, DOTJENNA, and JENNIFER RYAN, | Case No. 4:22-CV-559 |
| Plaintiffs, | |
| v. | |
| PAYPAL INC., | |
| Defendant. | |

## DEFENDANT'S SUR-REPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

Plaintiffs'[1] reiterate in their reply in support of their Motion for Reconsideration that it would be unfair for the Court to enforce the Agreement to Arbitrate because they cannot afford attorney's fees incurred on an hourly basis to prosecute their claims in arbitration. *See generally* Reply, ECF No. 35. To that end, Plaintiffs offer no new argument outside their original Motion. PayPal therefore incorporates by reference as if set forth herein all arguments in its Response to Plaintiffs' Motion.

Plaintiffs also submit to the Court (1) new unsupported and speculative argument about a potential "conflict of interest," and (2) additional evidence in support of their Motion for Reconsideration. PayPal addresses each issue in turn.

---

[1] Plaintiff Jennifer Ryan asserts in her Reply that she filed the brief "on behalf of herself, Pro Se." Reply 1, ECF No. 35. The Reply further argues on behalf of "Plaintiff" rather than "Plaintiffs." *See generally id*. Because all Plaintiffs jointly filed the Motion for Reconsideration, PayPal treats the Reply as being filed by all Plaintiffs, in an abundance of caution.

## I.     RESPONSE TO INACCURATE AND UNSUPPORTED "CONFLICT" ALLEGATIONS

Plaintiffs assert "[i]t is worth noting, for the record, that the Defendant, PayPal, is believed to serve as the sole online payment processor for filing fees to this Court. The relationship between the Court and the Defendant could constitute a conflict of interest in this case due to contracts that exist between Defendant and this Court." Reply 6, ECF No. 35. Plaintiffs offer no evidence in support of this allegation, nor do they cite any legal authority supporting such an allegation. As a result, the allegation is baseless and should be rejected. To the extent that the allegation can be considered a request for recusal under 28 U.S.C. § 455, such a request is untimely as Plaintiffs could have made this challenge at the outset of the suit but instead waited over a year—and after they received what they perceived to be an adverse ruling—to raise the issue. *United States v. York*, 888 F.2d 1050, 1055 (5th Cir. 1989) ("A timeliness requirement forces the parties to raise the disqualification issue at a reasonable time in the litigation. It prohibits knowing concealment of an ethical issue for strategic purposes."). Further, the allegation is without merit as there is no evidence that the Court is improperly biased, has personal knowledge of the disputed facts, or has any financial interest in the dispute. *Delta Air Lines, Inc. v. Sasser*, 127 F.3d 1296, 1298 (11th Cir. 1997) (Participation in "day-to-day consumer transactions, conducted in the ordinary course of the business of a vendor, in which judges must and do participate, as do all other citizens" is not grounds for recusal.).

## II.     OBJECTION TO EVIDENCE

Plaintiffs offer a second Declaration written by Plaintiff Jennifer Ryan in support of Plaintiffs' Motion. Reply Ex. A, ECF No. 35-1. PayPal objects to this untimely evidence as submitting evidence in a reply brief is improper. *See Medeiros v. Quality Logistics, Inc.*, No. 618CV00526JDKJDL, 2019 WL 5588888, at *2 (E.D. Tex. Oct. 11, 2019), *report and*

*recommendation adopted*, No. 6:18-CV-526-JDK-JDL, 2019 WL 5578684 (E.D. Tex. Oct. 29, 2019) ("This Court has previously stated that while replies and sur-replies are permitted, the purpose of those briefs are to respond to arguments raised, not to present 'new' information that was known to a party at the time it filed its initial motion."). Thus, PayPal requests that the Court grant this objection and strike Plaintiffs' Exhibit A from the record.

### III.    CONCLUSION

As discussed in more depth in PayPal's Response, Plaintiffs' Motion for Reconsideration should be denied as Plaintiffs offer no "new" evidence sufficient to meet the high bar required for reconsideration. PayPal further requests that the Court grant its objection to Plaintiffs' untimely evidence.

Respectfully Submitted,

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian
Texas Bar No. 24053534
Rob.Vartabedian@alston.com
Alix D. Allison
Texas Bar No. 24086261
Alix.Allison@alston.com

Alston & Bird LLP
301 Commerce, Ste. 3635
Fort Worth, TX  76102
Telephone: 214-922-3400
Facsimile: 214-922-3839

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2023, I caused to be served true and correct copies of the foregoing document by filing such notice with the Court's CM/ECF system.

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian

Defendant's Sur-Reply to Plaintiffs' Reply in Support of Motion for Reconsideration – Page 3