**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **JLR GLOBAL, LLC, et al.** | |
| **Plaintiffs,** | **CIVIL ACTION NO.: 4:22-cv-559** |
| **v.** | **JURY TRIAL DEMANDED** |
| **PAYPAL, INC.,** | |
| **Defendant.** | |

**RONALD W. BURNS' RESPONSE TO COURT'S SHOW CAUSE ORDER
AND MOTION FOR RECONSIDERATION OF RONALD W. BURNS' MOTION TO
WITHDRAW FROM REPRSENATATION OF PLAINTIFFS**

Attorney Ronald W. Burns ("Burns") files this response ("Response") to this Court's Show Cause Order ("SCO") (ECF No. 34) and Motion for Reconsideration of Ronald W. Burns's Motion to Withdraw from Representation of Plaintiffs ("Motion to Withdraw") (ECF No. 27).

**I.     INTRODUCTION**

Based upon the facts stated in the Declaration of Ronald W. Burns ("Burns Decl.") (attached hereto as Exhibit A), Burns respectfully provides this Court with information that should obviate the need for a Show Cause Hearing on December 15, 2023.

As detailed in the Burns Decl., Burns did not receive CM/ECF notifications from this Court after May of 2023, due to a change in employment and email address, and an erroneous belief that a correct email address was provided for such purposes. As a result, Burns did not receive CM/ECF notifications for this Court's orders of July 26, 2023 (ECF No. 28) and September 27, 2023 (ECF No. 29), and first read those orders on November 27, 2023, when he became aware of the SCO (ECF No. 34). In this pleading, Burns respectfully submits facts

establishing a reasonable explanation for the uncharacteristic lack of response to this Court's order of July 26, and provides the information this Court has been seeking since that time. Burns respectfully submits that a Show Cause Hearing is unnecessary in light of this pleading.

Furthermore, Burns' period of non-responsiveness notwithstanding, he respectfully submits that there is good cause to reconsider, and grant, his Motion for Withdrawal.

Burns' record reflects that – over the course of 60+ cases before this Court – he has never been non-responsive or failed to timely answer an order from this Court. The events of this case are anomalous, with an accumulation of uncommon circumstances that led to the appearance of non-responsiveness by Burns. His period of non-responsiveness was completely unintentional. This Court now has the information it has been seeking. The Motion to Withdraw, as originally filed, was unopposed. Burns now works in-house and does not represent clients such as the plaintiffs in this case any longer. He therefore respectfully submits that his Motion to Withdraw should be reconsidered and granted.

## II.    FACTUAL BACKGROUND

A detailed account of the facts relating to this Response is provided in the Burns Decl. The most pertinent facts to this Response include:

1)    According to the most recent information that Burns has concerning the plaintiffs in this matter, their address(es) and contact information are as follows (Burns Decl., ⁋ 22):

> For Ms. Jennifer Ryan:
> 407 E Tyler St.
> Richardson, TX 75081
> jennaryanrealty@gmail.com
> 469-491-0587
>
> For all other plaintiffs:
> 430 N Carroll Ave, Suite 120

Southlake, TX 76092 – 6452
469-491-0587 (c/o Jennifer Ryan)

2) Burns has personally represented a variety of parties as lead counsel in over 65 civil cases before this Court. Prior to July 26, 2023, Burns has never been non-responsive to orders entered by this Court, nor has he previously been ordered by this Court to show cause (Burns Decl., ℙℙ 3-4).

3) Prior to Burns' current employment, he worked as an attorney at the law firm of Fresh IP, PLC ("Fresh"), until he terminated his employment there on May 5, 2023. He is currently employed as an in-house attorney at a privately held company based in Austin, Texas and has been employed there since May 8, 2023 (Burns Decl., ℙℙ 5-7).

4) Burns represented the plaintiffs as their lead counsel in this present matter until April 17, 2023. On that date, Burns sent the plaintiffs a letter terminating the representation for professional reasons relating to the degradation of professional communication with the plaintiffs. On April 18, 2023, Burns filed the Motion to Withdraw himself and Fresh as counsel for plaintiffs (ECF No. 27), citing professional considerations that required termination of the representation despite good faith efforts to address those considerations (Burns Decl., ℙℙ 9-10). That motion was unopposed.

5) On May 5, 2023, Burns received communication from Ms. Ryan indicating that she was retaining new counsel to represent her, and requesting a letter from Burns specifically disclaiming any contingent fees that might be recoverable from this matter (Burns Decl., ℙ 11). A true and correct copy of the letter sent in response to Ms. Ryan's request is provided as Exhibit 1 of the Burns Decl.

6) On approximately May 8, 2023, Burns logged into his pacer.gov account to update his contact and service information. To the best of his recollection and belief, Burns

updated his email address for PACER and CM/ECF notifications to his personal email address (rburns@burnsiplaw.com) and requested that his updated contact information be submitted to all federal courts that he is registered in, including the Eastern District of Texas (Burns Decl., ₱ 12).

7) Around May 12, 2023, Fresh blocked Burns' email login credentials for his Fresh email address (ron@freship.com). Thereafter, Burns could not receive any new emails sent to that email address, nor could he retrieve any saved emails sent to that email address. As a result, after May 12, 2023, Burns received no CM/ECF notifications about this matter. More specifically, Burns did not receive ECF notifications that may have been sent to his Fresh email address, including ECF Nos. 28 – 33 (Burns Decl., ₱₱ 12-13).

8) Given that: Burns filed a motion to withdraw nearly a month before May 12; Burns believed in good faith he updated his CM/ECF contact email properly; and this matter had been ordered to arbitration, Burns didn't believe that there was any cause for concern about the apparent lack of activity or CM/ECF Notifications for the present case (Burns Decl., ₱ 14).

9) On November 27, 2023, Burns first became aware that this Court entered its SCO in this matter. Immediately thereafter, Burns logged into the CM/ECF docket for this matter and found, for the first time, that there were multiple ECF entries for this matter (ECF Nos. 28-33) since July 26, 2023 (Burns Decl., ₱₱ 15-16).

10) Burns first viewed: this Court's Order (ECF No. 28); this Court's Order (ECF No. 29); and ECF Nos. 30-33, and 35, on November 27, 2023 (Burns Decl., ₱₱ 17-19).

11) On November 27, 2023, Burns contacted several of this Court's personnel to inquire as to why CM/ECF notifications were not sent to his updated email address. Burns was informed that the CM/ECF email on file for this Court was still listed as his Fresh email address. Burns immediately logged into the PACER system to find that, indeed, the change in his email information had not been recorded in May of 2023. Burns immediately updated his information through PACER, and confirmed with this Court's personnel that the correct email address was reflected in this Court's CM/ECF system (Burns Decl., ⁋ 20).

12) The first CM/ECF notification that Burns received at his corrected email address was for ECF No. 36, dated December 4, 2023 (Burns Decl., ⁋ 21).

### III.   BURNS' RESPONSE TO SHOW CAUSE ORDER

**A.  This Court now has the information required in its July 26 Order (ECF No. 28).**

In the Statement of Facts above, Burns has provided the most up-to-date information that he has access to regarding contact information for the plaintiffs in this matter. To the best of Burns' knowledge, full contact information for Ms. Jennifer Ryan is provided. To the best of Burns' knowledge, contact information for all other plaintiffs is also provided.

Burns finds no other information sought or required by this Court in its July 26 Order (ECF No. 28).

**B.  The Cause for Burns' failure to comply is understandable, and unintentional, considering the facts.**

The primary cause for Burns' failure to comply with this Court's July 26 Order (ECF No. 28) boils down to two issues: the change in Burns' professional email address in May of 2023 left him unable to receive or retrieve emails sent to that email address after mid-May; and Burns

believed – in good faith, but erroneously – that he updated his PACER and CM/ECF notification email address in May.

Other factors contributed to Burns' lack of concern about the apparent lack of activity or CM/ECF Notifications for the present case. This case had been ordered to arbitration, Burns filed his Motion to Withdraw in April, and communication from Mr. Ryan led Burns to believe that she retained new counsel.

Even though Burns' failure to comply with this Court's July 26 Order (ECF No. 28) is a serious matter, Burns respectfully submits that his failure to comply is understandable and excusable when the totality of the facts and circumstances preceding that failure to comply are fully considered.

Burns also respectfully submits that – over the course of nearly 70 previous cases before this Court – he never failed to comply with an order entered by this Court in any of those cases. Burns respectfully submits that this factor – in combination with the facts laid out herein – highlights the anomalous and unintentional nature of his failure to comply with this Court's July 26 Order (ECF No. 28).

### C. Considering this Response, Burns respectfully submits that the Show Cause Hearing, scheduled for December 15th, should be canceled.

Burns respectfully submits that – considering the facts and explanations laid out in this Response – the Show Cause Hearing scheduled for December 15th should be canceled. Burns respectfully submits that this Response sufficiently details and explains the cause for Burns' failure to comply with this Court's July 26 Order (ECF No. 28). Additionally, Burns has provided this Court with the information required in the July 26 Order.

Burns respectfully requests that the Show Cause Hearing scheduled for December 15th be canceled. All the information concerning the cause has been detailed in this Response. Burns will provide all additional information this Court requires to facilitate the cancelation.

Additionally, Burns assures this Court that he will make all possible efforts to ensure that this situation will be the last and only instance of his failure to comply with this Court's orders.

## IV.    MOTION FOR RECONSIDERATION OF MOTION TO WITHDRAW

Burns respectfully submits that there is good cause for this Court to vacate its September 27 Order (ECF No. 29) denying Burns's Motion to Withdraw, and reconsider and grant Burns' Motion to Withdraw. In support of this motion for reconsideration, Burns shows the following.

### A. This Court's reason for denying the Motion to Withdraw has now been remedied.

In the September 27 Order denying the Motion to Withdraw, this Court stated that motion was "DENIED for Counsel's failure to respond to a Court Order and provide the Court with the information requested." ECF No. 29 at ⁋ 3.

With the Response above, Burns has now fully responded to this Court's July 26 Order and provided the Court with the information requested. As detailed throughout the Response, there are extenuating circumstances that caused Burns' failure to respond. Although that failure to respond is a serious matter, it was unintentional, and the underlying causes have now been remedied.

Burns therefore respectfully submits that this Court's reason for denying the Motion to Withdraw has now been completely remedied, and he therefore respectfully requests that this Court reconsider and grant the Motion to Withdraw.

**B.  Burns' change in employment militates in favor of the Motion to Withdraw.**

At the time the Motion to Withdraw was filed, Burns was working for Fresh representing a variety of clients – including the plaintiffs in the present case. Burns filed the Motion to Withdraw on April 18, 2023. As of May 5, 2023, Burns terminated his employment at Fresh – believing at the time that the Motion to Withdraw would be granted. Since that time, Burns has been employed as in-house counsel at a privately held software company. Burns' current employment precludes him from representing the plaintiffs in this case, and requiring him to do so could place his current employment in jeopardy.

**C.  The conditions cited in support of the Motion to Withdraw have not changed.**

The Motion to Withdraw cited certain professional considerations requiring the withdrawal, and those considerations have not changed. Although certain *pro se* filings by the plaintiffs in this matter have suggested that financial considerations were the primary reason for the withdrawal, the primary considerations requiring the withdrawal actually concerned an irreconcilable breakdown in constructive communications between the plaintiffs, on the one hand, and Burns and Fresh on the other. To date, that breakdown remains irreconcilable.

Additionally, the Motion to Withdraw was filed as unopposed.

Considering the foregoing, Burns respectfully submits that there is good cause for reconsideration of the Motion to Withdraw, and for granting the same.

**V. CONCLUSION**

Burns respectfully submits that the facts and explanations presented herein obviate the need to conduct the Show Cause Hearing on December 15th. Burns therefore respectfully requests that hearing be canceled.

Burns also respectfully submits that there is good cause for granting his motion for reconsideration of the Motion to Withdraw, and for granting and entering the Motion to Withdraw. Burns submits herewith a proposed order to those effects.

December 5, 2023                                   Respectfully Submitted,

By:  /s/ Ronald W. Burns

Ronald W. Burns
Texas State Bar No. 24031903
2205 Canyon Point
McKinney, Texas 75071
972-632-9009
rburns@burnsiplaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.  As such, the foregoing was served on all counsel of record who have consented to electronic service.  Local Rule CV-5.  Pursuant to Fed. R. Civ. P. 5 and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email, on this the 5th day of December, 2023.

/s/ Ronald W. Burns
Ronald W. Burns, Esq.