IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JLR GLOBAL, LLC, et al.<br><br>    Plaintiffs,<br><br>  v.<br><br>PAYPAL, INC.,<br><br>    Defendant. | CIVIL ACTION NO.: 4:22-cv-559<br><br>JURY TRIAL DEMANDED |

### DECLARATION OF RONALD W. BURNS IN SUPPORT OF RESPONSE TO SHOW CAUSE ORDER AND MOTION FOR RECONSIDERATION

1. My name is Ronald W. Burns. I submit this Declaration In Support of my Response to the Show Cause Order and Motion for Reconsideration.

2. I am over 18 years of age, and my personal address is 2205 Canyon Point, McKinney, Texas 75071. I am a resident of the State of Texas and a citizen of the United States of America. I am fully competent to make this declaration. I have personal knowledge of the facts stated, and they are all true and correct.

3. I have personally represented a variety of parties as lead counsel in over 65 civil cases before this Court.

4. Until this present case, I have never been non-responsive to orders from this Court, nor have I been ordered to show cause.

5. I am currently employed as an in-house attorney at a privately held company based in Austin, Texas and have been employed there since at least as early as May 8, 2023.

6. Prior to my current employment, I worked as an attorney at the law firm of Fresh IP, PLC ("Fresh").

7. On May 5, 2023, I terminated my employment at Fresh.

8. Around May 12, 2023, Fresh blocked my email login credentials for my Fresh email address (ron@freship.com). Thereafter, I could not receive or retrieve any new or saved emails sent to that email address.

9. I represented the plaintiffs as their lead counsel in this present matter until April 17, 2023. On that date, I sent the plaintiffs a letter terminating the representation for professional reasons relating to the degradation of professional communication with the plaintiffs.

10. On April 18, 2023, I filed a motion to withdraw myself and Fresh as counsel for plaintiffs (ECF No. 27), citing professional considerations that required termination of the representation despite good faith efforts to address those considerations.

11. On May 5, 2023, I received communication from Ms. Ryan indicating that she was retaining new counsel to represent her, and requesting a letter from me specifically disclaiming any contingent fees that might be recoverable from this matter. A true and correct copy of the letter sent in response to Ms. Ryan's request is appended as Exhibit 1, hereafter.

12. On May 8, 2023, I logged into my pacer.gov account to update my contact and service information. To the best of my recollection, I updated my email address for PACER and ECF notifications to my personal email address (rburns@burnsiplaw.com) and requested that my updated information be submitted to all federal courts that I am registered in, including the Eastern District of Texas.

13. After May 12, 2023, I received no ECF notifications about this matter. More specifically, I did not receive ECF notifications that may have been sent to my Fresh email address, including ECF Nos. 28 – 33.

14. Given that: I filed a motion to withdraw nearly a month before May 12; I believed I had updated my ECF contact email properly; and this matter had been ordered to arbitration, I didn't believe that there was any cause for concern about the apparent lack of activity or ECF Notifications.

15. On November 27, I became aware that this Court entered its Show Cause Order (ECF No. 34) in this matter.

16. I logged into the CM/ECF docket for this matter and found, for the first time, that there were multiple ECF entries for this matter (ECF Nos. 28-33) since July 26, 2023.

17. I first viewed this Court's Order (ECF No. 28) on November 27, 2023.

18. I first viewed this Court's Order (ECF No. 29) on November 27, 2023.

19. I first viewed ECF Nos. 30-33, and 35, on November 27, 2023.

20. On November 27, 2023, I contacted several of this Court's personnel to inquire as to why CM/ECF notifications were not sent to my updated email address. I was informed that the CM/ECF email on file was still listed as my Fresh email address. I immediately logged into the PACER system to find that, indeed, the change in my email information had not been recorded in May of 2023. I immediately updated my information through PACER, and confirmed with this Court's personnel that the correct email address was reflected in this Court's CM/ECF system.

21. The first ECF notification that I received at my corrected email address was for ECF No. 36, dated December 4, 2023.

22. According to the most up-to-date information that I have concerning the plaintiffs in this matter, their address(es) and contact information are as follows:

<u>For Ms. Jennifer Ryan:</u>

407 E Tyler St.

Richardson, TX 75081

jennaryanrealty@gmail.com

469-491-0587

<u>For all other plaintiffs</u>:

430 N Carroll Ave, Suite 120

Southlake, TX 76092 – 6452

469-491-0587 (c/o Jennifer Ryan)

I hereby solemnly affirm under penalty of perjury under the laws of the State of Texas and the United States that the foregoing is true and correct.

Dated:  December 5, 2023                     Respectfully Submitted,

                                                    By:  <u>/s/ Ronald W. Burns</u>
                                                        Ronald W. Burns
                                                        Texas State Bar No. 24031903
                                                        2203 Canyon Point
                                                        McKinney, Texas 75071
                                                        rburns@burnsiplaw.com
                                                        972-632-9009

# **EXHIBIT 1**

**RON BURNS**
Direct Dial: (972) 632-9009
Email: rburns@burnsiplaw.com

May 5, 2023

<u>**Via Email:**</u>   [jennaryanrealty@gmail.com]

Jennifer Ryan
407 E Tyler St
Richardson, TX 75081

    Re:    Disclaimer of Entitlement to Fees Following Termination of Legal Representation

Jennifer:

    As requested in your email earlier today, I am writing this letter to disclaim any entitlement to any fees that might have otherwise been due under the engagement letter governing my prior represenation of you - which has been terminated.

    This disclaimer specifically includes fees from any recovery by means of arbitration, mediation or litigation against or involving against PayPal, Inc.

    Respectfully,

By: _____
Ronald Burns, Esq.