IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



FILED

DEC 0 6 2023

Clerk, U.S. District Court
Eastern District of Texas

| | |
|---|---|
| JLR GLOBAL, LLC, JENNA RYAN REALTY, LLC, JENNA RYAN REAL ESTATE. LLC, FIRST PLACE REAL ESTATE, SELFLOVEU, LLC, THE JENNA RYAN SHOW, DOTJENNA, and JENNIFER RYAN, <br><br>  Plaintiffs, <br><br> v. <br><br> PAYPAL INC., <br><br>  Defendant. | CIVIL ACTION NO.: 4:22-cv-559 <br><br> JURY TRIAL DEMANDED |

**"Sur Reply to Sur Reply for Motion for Reconsideration Based on New Evidence of the Prohibitive Costs to Arbitrate and Impossibility of Performance of the Order"**

Plaintiff responds herein to Defendant's objection and request to strike Plaintiff's New Evidence submitted as Exhibit "A" in Plaintiff's Response Motion.

1. **Plaintiff Asks the Court to Overrule Defendant's Objection to Plaintiff's Evidence**

Plaintiff asks the Court to overrule Defendant's objection regarding Plaintiff's Evidence, and allow the thorough review of all relevant evidence submitted by Plaintiff, including Exhibit "A" List of Attorneys and Timeline." Such evidence should remain on the record as it has probative value, is relevant, contains first-hand knowledge, and is authentic and proper. The "List of Attorneys Contacted and Timeline" proves Plaintiff's assertion that the evidence in the original Motion was new, contrary to Defendant's argument. Striking the evidence would prejudice Plaintiff, therefore it should be allowed to remain on the record.

## 2. Plaintiff Raised the New Evidence: Exhibit A - List of Attorneys and Timeline in the Original Motion

Plaintiff's Motion to Reconsider I (B):

"Plaintiffs' Representative contacted 30+ attorneys, and spent over 100 hours of time diligently seeking representation for the ordered arbitration, but no attorneys were willing to handle the arbitration of this complex case on a contingency basis. *A list of all the attorneys contacted can be provided.*" [emphasis added]

The evidence that Defendant moves to strike was raised in the original Motion to Reconsider. Plaintiff provided the details of the attorneys contacted and timeline as clarification and in response to Defendant's argument that there was no "new evidence."

## 3. There is no basis in law or fact to strike Plaintiff's Evidence

According to the "Federal Rules of Evidence," there are no grounds for striking Plaintiff's evidence offering support for the Motion for Reconsideration before this Court. In fact, Defendant's objection to Plaintiff's evidence underscores its value and relevancy as it proves in detail that the evidence Plaintiff provided is new and not known prior.

## Conclusion

Plaintiff requests the Court to consider all evidence presented by Plaintiff in support of the Motion to Reconsider as it proves that Plaintiff discovered new evidence in the process of fulfilling this Court's order that arbitration is cost prohibitive for Plaintiff as opposed to remaining in court.

December 6 , 2023

Respectfully Submitted,

By: /s/ Jennifer L. Ryan

469-491-0587
jennaryanrealty@gmail.com

PRO SE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed in person on December 6th, 2023, electronically in compliance with Local Rule CV-5. As such, the foregoing was served on all counsel of record who have consented to electronic service. Local Rule CV-5. Pursuant to Fed. R. Civ. P. 5 and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email, on this the 6th day of December 6, 2023.

/s/ Jennifer L. Ryan