# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

|  |  |  |
|---|---|---|
| JLR GLOBAL, LLC, et al., | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | Civil Action No. 4:22-CV-559 |
| v. | § | Judge Mazzant |
| | § | |
| PAYPAL HOLDING CO., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Reconsideration Based on New Evidence of the Prohibitive Costs to Arbitrate and Impossibility of Performance of the Order (Dkt. #30). Having considered the Motion and the relevant pleadings, the Court finds it should be **DENIED**.

## BACKGROUND

The facts of this case are fully set out in the Court's Memorandum Opinion and Order (Dkt. #25) (the "Opinion"), which was entered on March 15, 2023.  Following the Opinion, Plaintiffs' counsel withdrew from the case (Dkt. #30, Exhibit 1-A).  Plaintiffs allege they entered a contingency fee agreement with counsel (Dkt. #30, Exhibit 1-A). Once ordered to arbitration, however, counsel withdrew because Plaintiffs could not pay their fees (Dkt. #30, Exhibit 1-A). Plaintiffs then contacted over 30 attorneys and spent over 100 hours seeking representation in the matter (Dkt. #30 at p. 4).  Two attorneys agreed to take Plaintiffs' case to arbitration on a retainer-fee basis, but Plaintiffs cannot afford the retainer (Dkt. #30 at p. 4).  Plaintiffs cannot acquire financing for arbitration (Dkt. #30, Exhibit 3-C) or acquire representation from free legal assistance programs or political organizations (Dkt. #30, Exhibit 4-D).  Further, Plaintiffs also filed

complaints with the Consumer Financial Protection Bureau and the Texas Attorney General (Dkt. #30, Exhibit 5-E).  Lastly, Plaintiffs requested that Defendant pay Plaintiffs' expenses for counsel, which Defendant refuses to do (Dkt. #30, Exhibit 6-F).

Thus, on November 6, 2023, Plaintiffs filed the instant Motion (Dkt. #30).  Defendant filed its response on November 20, 2023 (Dkt. #33). Plaintiffs filed their reply[1] on November 27, 2023 (Dkt. #35), and Defendant filed its sur-reply on December 4, 2023 (Dkt. #36).  On May 24, 2024, Plaintiffs filed their "Superseding Exhibit 'I' Declaration of Jennifer Ryan" (Dkt. #42).  Plaintiffs request the Court reconsider its Opinion and allow Plaintiffs to proceed before the Court instead of arbitration (*See* Dkt. #30 at p. 11).

## LEGAL STANDARD

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances.  "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'"  *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).  Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]."  *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting

---

[1] Plaintiffs named Dkt. #35 "Plaintiff's Response to Defendant's Response for Motion for Reconsideration." The Court refers to the document as Plaintiff's reply for simplicity and accuracy's sake.

*Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)) (citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 585, 862 (5th Cir. 1970)).

Because this is a motion seeking reconsideration of an interlocutory order, the Court uses Federal Rule of Civil Procedure 54(b).  "Federal Rule of Civil Procedure 54(b) provides that, in a case involving multiple claims or parties, 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities or fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'"  *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *4 (N.D. Tex. Jan. 3, 2018) (quoting FED. R. CIV. P. 54(b)).  "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"  *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

## ANALYSIS

Plaintiffs raise several arguments in urging the Court to reconsider its Opinion.  Before turning to each argument, the Court must determine which arguments are properly before it.  The Court construes the filings liberally because Plaintiffs are proceeding *pro se. Eller v. Cole*, 2023 WL 7268221, at *1 (5th Cir. 2023).  Nonetheless, Plaintiffs "must still comply with the law and procedural rules."  *Washington v. East Baton Rouge Par. Sch. Sys.*, 471 F. App'x 306, 306 (5th Cir. 2012).

3

## I.    The Motion on Behalf of the Companies and the Limited Liability Companies (LLCs)

The Motion on behalf of the LLCs and companies is not properly before the Court. Accordingly, it must be denied.  It is well established that corporations, partnerships, associations, and other artificial entities may only appear in federal court through a licensed attorney. *See Rowland v. California Men's Colony, United II Men's Advisory Council*, 506 U.S. 194, 202 (1993).  As such, a company and a limited liability company cannot proceed *pro se* in federal court. *See id.*; *TenPearls, LLC v. Medulla International, LLC*, No. 4:22-cv-550-SDJ, 2023 WL 3292883, at *1 (E.D. Tex. May 5, 2023) (citing *Lattanzio v. COMTA*, 481 F.3d 137, 138 (2nd Cir. 2007)).  Here, the following LLCs are plaintiffs: JLR Global LLC, Jenna Ryan Realty LLC, Jenna Ryan Real Estate LLC,[2] and SelfLoveU, LLC (Dkt. #9 at pp. 1-2).  Two Texas companies are also plaintiffs—the Jenna Ryan Show and dotJenna (Dkt. #9 at p. 2).  Plaintiff Jenna Ryan (Ryan) is not a licensed attorney (*See* Dkt. #30).  Therefore, Ryan cannot appear on behalf of the companies or LLCs before the Court or file any motions on their behalf.[3]  Thus, the Motion on behalf of these entities must be denied.

Accordingly, Ryan may only represent herself and her claims in an individual capacity.  *See* 28 U.S.C.§ 1654.  The Court will now address Ryan's arguments for reconsideration.

## II.    Reconsideration is Unwarranted

Ryan urges the Court to reconsider ordering the parties to arbitration because the proceedings are prohibitively expensive. According to Ryan, this renders the arbitration agreement

---

[2] Plaintiff First Place Real Estate is not an LLC, rather it is an "assumed name" under which Jenna Ryan Real Estate, LLC now operates (Dkt. #9 at p. 2).

[3] Currently, Mark D. Grosso is listed as lead attorney for the following plaintiffs: JLR Global, LLC, Jenna Ryan Realty, LLC, Jenna Ryan Real Estate LLC, SelfloveU, LLC, the Jenna Ryan Show, and dotJenna (Dkt. #41).  Any pleadings for these plaintiffs must be "signed by the lead attorney or by an attorney of record who has the permission of the lead attorney."  Local Rule CV-11(b).

unconscionable and therefore unenforceable (Dkt. #30 at pp. 3-10). Ryan's arguments are unpersuasive.

### A.  The Arbitration Proceedings are Not Prohibitively Expensive

Ryan argues arbitration is prohibitively expensive because she cannot afford to pay for legal counsel or the arbitration fees (Dkt. #30 at pp. 3-6). Ryan's argument lacks merit. In *Green Tree Fin. Corp.-Alabama v. Randolph*, the Supreme Court noted that there could be circumstances in which "the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her federal statutory rights in the arbitral forum." 531 U.S. 79, 90 (2000). The Supreme Court noted that the risk that the party resisting arbitration would "be saddled with prohibit costs" must not be speculative. *Id.* at 91. As such, the Fifth Circuit requires a party resisting arbitration due to cost to provide "some individualized evidence that they likely will face prohibitive costs in the arbitration at issue and that they are financially incapable of meeting those costs." *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 300 (5th Cir. 2004) (cleaned up) (citations omitted).

Here, Ryan hired counsel to represent her before this Court on a contingency basis (Dkt. #30 at p. 3), but once the Court ordered the parties into arbitration, counsel was unable to advance fees for arbitration and withdrew (Dkt. #30 at p. 3). At first glance, it seems that Ryan's argument should carry the day given the standard in *Carter. See Carter*, 362 F.3d at 300. Not so. Ryan impermissibly conflates arbitration costs with attorneys' fees. Case law indicates that costs associated with the arbitration itself may not be prohibitively expensive. *See*, *e.g.*, *See Green Tree Financial Corp.-Ala.*, 531 U.S. at 90 n.6. In fact, in *Green Tree Financial Corp.-Alabama*, the Supreme Court noted what charges constitute "arbitrations costs." *See id*. The charges did not include attorney fees, rather it included costs such as filing fees for a claim, the cost of the

arbitrator, and administrative fees. *Id.; see also Del-Wise v. TaxMasters, Inc.*, No. 4:10-CV-03330, 2011 WL 13257273, at *7 (S.D. Tex. June 13, 2011) (listing arbitration fees and attorneys' fees as separate costs). Accordingly, the proper question is whether the arbitration costs—consisting of the fees associated with the arbitration itself—are prohibitively expensive.

Here, the arbitration fees are not prohibitively expensive. The arbitration agreement requires the proceedings to be in Ryan's county of residence (Dkt. #10-6 at p. 63). This limits travel and lodging expenses. Further, the arbitration agreement permits Ryan to request PayPal to "pay as much of the filing, administration, and arbitrator fees as the arbitrator(s) deem necessary to prevent the cost of accessing the arbitration from being prohibitive" (Dkt. #10-6 at p. 64). The American Arbitration Association also permits parties to request fee waivers, which Ryan requested and received for the filing fee (Dkt. #30, Exhibit 8-H). Despite these avenues to pay for arbitration, Ryan has not availed herself of this benefit (*See* Dkt. #30 at p. 5). Ryan "surmises it is pointless to pay the initial arbitration fees" given her inability to locate counsel to represent her in the arbitration on a contingency fee basis (Dkt. #30 at p. 5). Still, Ryan has not shown that arbitration is prohibitively expensive. Instead, Ryan demonstrates that she will have to represent herself. While this is not how she wants to proceed, the Court's decision is compelled by precedent from the Supreme Court. *See Green Tree Fin. Corp.-Alabama*, 531 U.S. at 90.

## B.  Ryan's Unenforceability Argument is Forfeited

Ryan also argues that the arbitration agreement is unenforceable, unconscionable, and void because of the high costs of arbitration (*See* Dkt. #30 at pp.6-9). First, the Court already determined the arbitration agreement is a valid and enforceable contract (*See* Dkt. #25). Second, these arguments are untimely and should have been raised when Defendant urged the Court to

compel the parties to arbitrate (*See* Dkt. #10).  At that time, Plaintiffs filed their response (Dkt. #14) and sur-reply (Dkt. #19). Yet neither filing contained any argument regarding the prohibitive cost of arbitration (*See* Dkt. #14; Dkt. #19).  The possibility of arbitration should have caused Ryan to wonder what impacts such a decision would have on her case and the potential consequences it could have on her representation by counsel.  Because Ryan did not raise these arguments in a timely manner, she forfeited them.  *See NewsCSI, Inc. v. Staffing 360 Sols., Inc.*, 865 F.3d 251, 259 n.7 (5th Cir. 2017) (noting forfeiture is "the untimely assertion of a right").

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Reconsideration Based on New Evidence of the Prohibitive Costs to Arbitrate and Impossibility of Performance of the Order (Dkt. #30) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 13th day of September, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE