IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



FILED
JAN 27 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

| | |
|---|---|
| JLR GLOBAL, LLC, JENNA RYAN REALTY, LLC, JENNA RYAN REAL ESTATE, LLC, FIRST PLACE REAL ESTATE, SELFLOVEU, LLC, THE JENNA RYAN SHOW, DOTJENNA, and JENNIFER RYAN, <br><br> Plaintiffs, <br><br> v. <br><br> PAYPAL, INC., <br><br> Defendant | Case No. 4:22-CV-559 |

**PLAINTIFFS' MOTION TO LIFT THE STAY PENDING ARBITRATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JENNIFER RYAN, Plaintiff, and respectfully moves this Honorable Court to lift the stay of proceedings and allow this case to proceed in federal court, on the grounds of newly discovered evidence and substantial changes in the legal and factual landscape that render arbitration inappropriate. In support thereof, Plaintiffs state as follows:

I. **INTRODUCTION**

Plaintiff files this Motion to Lift the Stay based on newly discovered evidence revealing that Defendant, PayPal Holdings, Inc. ("PayPal"), acted not as an independent private entity but in concert with the federal government, mainstream media, and financial institutions to deplatform and silence Plaintiffs. This new evidence significantly impacts the fundamental nature of this case, shifting it from a contractual dispute subject to arbitration to a constitutional and statutory matter requiring adjudication in a court of law.

## II. NEWLY DISCOVERED EVIDENCE DEMONSTRATING GOVERNMENT INFLUENCE OVER PAYPAL'S ACTIONS

A. <u>The Twitter Files and Government-Directed Censorship</u>

Recent disclosures from the "Twitter Files" confirm that federal agencies—including the FBI, DHS, and CISA—coordinated directly with private companies to suppress constitutionally protected speech. The newly released evidence reveals systemic government influence over social media and financial platforms to deplatform individuals deemed politically unfavorable. This evidence supports the claim that PayPal acted not independently, but as an arm of the federal government, violating Plaintiffs' First and Fifth Amendment rights.

B. <u>Facebook's Admission of Government Pressure</u>

Facebook has publicly admitted to receiving and acting upon government directives in content moderation decisions. This revelation underscores the extent of government involvement in suppressing certain individuals and viewpoints. Plaintiffs' PayPal accounts were terminated within the same timeframe as significant media smears and DOJ investigations, strongly indicating that PayPal did not act unilaterally but in response to coordinated governmental pressure.

C. <u>ESG Banking Pressures and the Financial Deplatforming Pattern</u>

Reports on ESG (Environmental, Social, and Governance) banking pressures indicate that financial institutions, including PayPal, have engaged in mass deplatforming campaigns aligned with governmental initiatives to control speech. The timing of Plaintiff's removal from PayPal, coinciding with a widespread campaign against certain political and ideological figures, provides further circumstantial evidence of a coordinated effort.

D. <u>PayPal's Contract with the Federal Government and the Court's Financial System</u>

In addition to acting under government pressure to silence Plaintiff, PayPal is also a contracted financial processor for the federal government, including the federal court system where this case is being adjudicated. This contractual relationship raises serious concerns about potential bias, conflicts of interest, and the integrity of the judicial process. When a defendant in a civil rights case also serves as a payment processor for the very court adjudicating the dispute, it creates a structural conflict that undermines the appearance of impartiality and erodes public trust in the judicial process.

E. <u>Congressional Investigation into Government-Directed Debanking Further Supports PayPal's Role as a State Actor</u>

The January 24, 2025, congressional letter from the U.S. House Committee on Oversight and Government Reform (See Exhibit "A") raises serious concerns about financial institutions engaging in government-directed debanking of individuals and businesses based on political viewpoints. While the letter does not explicitly name PayPal, its pattern of conduct aligns with the described industry-wide trend of financial suppression against disfavored entities. Given PayPal's established role in digital finance, history of politically motivated account closures, and contractual ties to the federal government, discovery is warranted to determine the extent of its coordination with government actors in banning Plaintiffs accounts publicly and restricting Plaintiffs' financial access. This aligns with the Operation Chokepoint precedent, where federal regulators pressured financial institutions to cut off services to disfavored industries. Notably, the letter investigates whether financial institutions like PayPal were coerced or incentivized by federal agencies to carry out deplatforming initiatives.

Given that PayPal holds an active financial processing contract with the federal courts, its role is further intertwined with government functions, reinforcing its classification as a state

actor under *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961). This raises serious constitutional concerns, particularly in the context of 18 U.S.C. § 241, which prohibits conspiracies to injure, oppress, threaten, or intimidate individuals in the exercise of their constitutional rights. Given these developments, Plaintiff urges the Court to lift the arbitration stay and permit discovery into the extent of governmental involvement in PayPal's actions.

F. **III. LEGAL BASIS FOR LIFTING THE STAY**

A. State Action Doctrine Applies

Under *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961), a private company can be deemed a state actor if it engages in joint activity with the government. Furthermore, in *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288 (2001), the Supreme Court expanded the state action doctrine by ruling that a private entity can be considered a state actor if there is a "pervasive entwinement" between the entity and government policies. Given PayPal's contractual ties with federal courts and alleged influence from federal regulators, this standard is met.

Additionally, in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), the Supreme Court established a two-pronged test to determine state action: (1) The deprivation must be caused by the exercise of a state-created right or rule of conduct, and (2) The private entity must be sufficiently connected to the government. PayPal's financial services contract with the federal judiciary, coupled with alleged regulatory coercion, satisfies this test.

In *Blum v. Yaretsky*, 457 U.S. 991 (1982), the Court ruled that a private entity can be considered a state actor if the government exercises coercive power or significant encouragement over its decisions. Congressional investigations suggest that financial institutions, including PayPal, may have been pressured by government agencies, reinforcing this argument.

Finally, *Manhattan Community Access Corp. v. Halleck*, 139 S. Ct. 1921 (2019) clarifies that a private entity is a state actor if it performs a traditional, exclusive public function. Given PayPal's role in processing government financial transactions, it arguably serves a public function that further justifies state actor classification.

B. Arbitration Does Not Apply to Constitutional Violations

Arbitration clauses are generally enforceable under the Federal Arbitration Act (FAA), but they do not apply to claims involving constitutional violations (See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985)). Because Plaintiff's claims now include First Amendment retaliation and violations of due process rights, they fall outside the scope of the arbitration agreement. Furthermore, the inherent conflict of interest created by PayPal's contract with the judiciary necessitates a public, transparent judicial proceeding rather than a private arbitration.

C. The Stay Prevents Access to Justice

The Supreme Court has recognized that arbitration clauses cannot be used to deprive plaintiffs of their substantive rights (See *American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228 (2013)). Allowing this case to remain in arbitration would strip Plaintiffs of the ability to assert constitutional claims, effectively nullifying these rights and preventing meaningful relief. This concern is exacerbated by the fact that PayPal contracts with the very federal court system hearing this case, raising significant due process concerns and necessitating judicial scrutiny.

IV. TIMING OF PAYPAL'S ACTIONS DEMONSTRATES COLLUSION

PayPal's decision to terminate Plaintiffs' accounts was not an isolated event but part of a broader coordinated deplatforming effort. This pattern aligns with legal precedents where courts

inferred collusion based on timing (See *Interstate Circuit, Inc. v. United States*, 306 U.S. 208 (1939)). Plaintiff was deplatformed immediately following media smears and DOJ involvement, demonstrating a coordinated effort between PayPal and government actors. Additionally, PayPal's role as a financial contractor for the federal court system further underscores its government entanglement, making arbitration improper in this instance.

## VI. CONCLUSION

Newly discovered evidence confirms that PayPal's actions were not those of a private company acting independently, but rather a coordinated effort with government actors to silence Plaintiffs. As such, the stay pending arbitration must be lifted, and Plaintiffs must be allowed to pursue claims in federal court before a jury.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, for the foregoing reasons, Plaintiff, JENNIFER RYAN, respectfully requests that this Court:

1. Lift the stay and allow this case to proceed in federal court.
2. Declare the arbitration agreement unenforceable due to PayPal's role as a state actor and its direct contractual ties with the federal court system.
3. Permit discovery to further investigate the extent of government involvement in Plaintiff's deplatforming and the implications of PayPal's court-related contracts.
4. Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted:

By: Jennifer L. Ryan, Pro Se
469-491-0587
jennaryanrealty@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed in person on January 27, 2025 electronically in compliance with the pro se exemption to Local Rule CV-5. Pursuant to Fed. R. Civ. P. 5 and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email, on this the 27th day of January, 2025.

/s/ Jennifer L. Ryan