IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



JENNIFER L. RYAN,

    Plaintiff,

v.

PAYPAL INC.,                               CIVIL ACTION NO.: 4:22-cv-559

    Defendant.                             JURY TRIAL DEMANDED

**PLAINTIFF'S MOTION TO DECLARE
DEFENDANT'S ARBITRATION RIGHTS WAIVED**

TO THE HONORABLE JUDGE AMOS MAZZANT:

    COMES NOW Plaintiff Jennifer Ryan, pro se, and respectfully moves this Court to declare that Defendant PayPal Inc. ("PayPal") has waived its right to enforce the arbitration agreement in its Terms of Service (TOS) *(Dkt. #10-9)*. PayPal's actions—publicizing Plaintiff's account termination through media leaks on January 21, 2021, and engaging in substantial litigation activities in this Court since August 2022—demonstrate a knowing relinquishment of arbitration, inconsistent with the TOS's mandate for "final and binding arbitration." Plaintiff submits this Motion under the Federal Arbitration Act *(FAA) (9 U.S.C. §§ 1-16)* and *Morgan v. Sundance, Inc.*, *142 S. Ct. 1708 (2022)*, requesting the Court lift the stay *(Dkt. #25)* and proceed with this case.

## I. INTRODUCTION

PayPal's arbitration clause *(Dkt. #10-9)* requires "any and all disputes" be resolved "exclusively through final and binding arbitration." Yet, PayPal has litigated Plaintiff's dispute publicly *(Exhibits CC1-2 and Dkt. 49 Exhibit D)* and in this Court, waiving its arbitration rights. First, PayPal leaked Plaintiff's termination to the media before and/or immediately after notifying her *(Dkt. #9, Exhibits B, C)*, triggering 28 articles *(Dkt. #9, ¶ 22)* and aligning with its January 6, 2021, crackdown *(Dkt. #49, Exhibits G-K, R)*. Second, since August 2022, PayPal has filed substantive responses *(Dkt. #10, #33, #36, #45)* to Plaintiff's motions *(Dkt. #30, #44, #47)* over 30 months without dismissing the case, arguing arbitration's merits in court. These actions contradict the TOS's private intent, entitling Plaintiff to judicial resolution.

## II. FACTUAL BACKGROUND

1. <u>Public Termination (January 21, 2021)</u>:
    - PayPal terminated Plaintiff's account at 6:45 PM *(Dkt. #9, Exhibit A)*, citing an Acceptable Use Policy (AUP) violation without specifics.
    - Prior, at 3:06 PM, PayPal leaked the ban to Daily Beast *(Dkt. #9, Exhibit E and Exhibit CC1-2*, followed by CNET *(7:31 PM, Dkt. 9, Exhibit B)* and CBS *(7:49 PM, Dkt. 49, Exhibit C)*, sparking 28+ articles *(Dkt. #9, ¶ 22, Dkt. 49, Exhibit D)*.
    - This followed Plaintiff's FBI raid *(January 15, Dkt. #49, Exhibit A)* and a fundraiser tweet *(Dkt. #49, Exhibit B)*, aligning with PayPal's J6 bans *(Exhibits E1-5)* and CEO Schulman's public stance *(Exhibit N)*.
2. <u>Litigation Activities (August 2022–Present)</u>:
    - August 2022: PayPal removed Plaintiff's case to this Court *(Dkt. #1)* and moved to compel arbitration *(Dkt. #1)*.
    - March 15, 2023: Court granted arbitration *(Dkt. #25)*.

- o   November 20, 2023: PayPal responded *(Dkt. #33)* and sur-replied *(Dkt. #36, December 4)* to Plaintiff's Motion to Reconsider *(Dkt. #30)*.
- o   February 10, 2025: PayPal responded *(Dkt. #45)* to Plaintiff's Motion to Lift Stay *(Dkt. #44)*, arguing arbitration without dismissing.
- o   Over 30 months, PayPal has litigated without refusing court participation.

3. <u>Government Context</u>: PayPal joined FinCEN/FBI Zoom meetings post-J6 *(Dkt. #49, Exhibit G, p. 13)*, flagging "MAGA"/"TRUMP" transactions *(Exhibits G, H)*, targeting Plaintiff as a "domestic terrorist" *(Exhibits I, J and Dkt. 47, Exhibit A)*.

## III. LEGAL STANDARD

Under the FAA, a party waives arbitration if it "knowingly relinquishes the right to arbitrate by acting inconsistently with that right" *(<u>Morgan v. Sundance, Inc.</u>, 142 S. Ct. 1708, 1714 (2022))*. Prejudice is not required; intent governs (id.). The Fifth Circuit finds waiver when a party substantially invokes the judicial process *(<u>Cabinetree of Wisconsin v. Kraftmaid Cabinetry</u>, 50 F.3d 388, 391 (5th Cir. 1995))* or acts publicly inconsistent with arbitration's confidentiality *(<u>Nicholas v. KBR, Inc.</u>, 565 F.3d 904, 908 (5th Cir. 2009))*.

## IV. ARGUMENT

PayPal waived arbitration through two inconsistent acts:

A. Public Termination via Media Leaks

PayPal litigated Plaintiff's dispute publicly by leaking her termination:

- <u>Preemptive Leak</u>: At 3:06 PM on January 21, 2021, PayPal informed Daily Beast *(Dkt. #9, Exhibit E)* of Plaintiff's ban—3 hours, 39 minutes before notifying her *(6:45 PM, Dkt. 9, Exhibit A)*. CNET *(7:31 PM, Dkt. 9, Exhibit B)* and CBS *(7:49 PM, Dkt. 49, Exhibit C)* followed, quoting PayPal's Kim Eichorn *(Dkt. 49, Exhibit C)*.

- Public Impact: 28+ articles *(Dkt. #9, ¶ 22, Dkt. 49, Exhibit D)* and Fundly's ban *(Dkt. 49, Exhibit F)* ensued, contradicting the TOS's "final and binding arbitration" intent *(Dkt. #10-9)*.

- J6 Pattern: PayPal's six J6 leaks *(Dkt. 49, Exhibits C, D and Dkt. 9, Exhibits B, C)* and Schulman's public defense *(Dkt. 49, Exhibit N)* show a deliberate media strategy, not private resolution.

- Waiver: Public litigation via leaks bypasses arbitration's confidentiality (*Morgan*: intent to litigate publicly waives; *St. Agnes Medical Center v. PacifiCare*, 31 Cal. 4th 1187 (2003)—public acts waive).

B. Substantial Litigation in Court Since August 2022

PayPal has litigated in court for over 30 months:

- Court Filings: PayPal removed the case *(Dkt. #1)*, moved to compel *(Dkt. #10)*, and responded substantively to Plaintiff's motions *(Dkt. #33, #36, #45)* against Dkt. #30 (November 6, 2023) and Dkt. #44 (January 27, 2025), arguing arbitration's merits without dismissing.

- Delay: Since August 2022, PayPal has engaged for 2.5+ years post-stay *(Dkt. #25, March 15, 2023)*, not refusing court participation or enforcing arbitration swiftly.

- Inconsistency: Responding to state action claims *(Dkt. #45 vs. Dkt. #44)* invokes judicial process, not arbitration's exclusivity (*Cabinetree*: litigation beyond compel waives).

- Waiver: 30-month court activity shows intent to litigate *(Morgan; Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156 (5th Cir. 1986)*—18-month delay waived).

C. Combined Effect

PayPal's dual litigation—public leaks (January 21, 2021) and court filings (August 2022–February 2025)—doubles the waiver:

- Public Trial: Leaks *(Dkt. 49, Exhibit D)* and J6 bans *(Dkt. 49, Exhibit E1-5)* litigated Plaintiff's reputation publicly (28+ articles).

- Court Trial: Responses *(Dkt. #33, #36, #45)* litigated her claims judicially over 2.5 years.

- <u>Waiver</u>: This twin-track approach contradicts the TOS (*Morgan*: inconsistency waives).

## V. CONCLUSION AND PRAYER

PayPal's public termination and court litigation waive arbitration under *Morgan*. Plaintiff prays the Court:

1. Declare PayPal's arbitration rights waived.

2. Lift the stay (Dkt. #25) and proceed with this case.

3. Grant such further relief as deemed just.

Date: February 24, 2025

Respectfully Submitted,

/s/ Jennifer L. Ryan
Jennifer L. Ryan, Pro Se
469-491-0587
jennaryanrealty@gmail.com

## CERTIFICATE OF SERVICE

I certify that on February 24, 2025, I served this document via the Court's CM/ECF system on all counsel of record, per Fed. R. Civ. P. 5 and Local Rule CV-5.

/s/ Jennifer L. Ryan