IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JLR GLOBAL, LLC, JENNA RYAN REALTY, LLC, JENNA RYAN REAL ESTATE, LLC, FIRST PLACE REAL ESTATE, SELFLOVEU, LLC, THE JENNA RYAN SHOW, DOTJENNA, and JENNIFER RYAN, <br><br>**Plaintiffs,** <br><br>v. <br><br>**PAYPAL INC.,** <br><br>**Defendant.** | Case No. 4:22-CV-559 |

**PayPal Inc.'s Response to Plaintiff Jennifer Ryan's Supplemental Motion to Lift the Stay Pending Arbitration**

Just over two weeks following her January 27, 2025 Motion to Lift Stay (ECF No. 44), Plaintiff Jennifer Ryan now files a Supplemental Motion to Lift the Stay, arguing additional "newly discovered evidence" supports the conclusion that Defendant PayPal Inc. acted as a state actor in terminating her accounts following her breach of PayPal's User Agreement such that arbitration is inappropriate to resolve this dispute. This time, Ryan contends that PayPal's "partnerships" with private entities in receipt of financial support from government entities further evidences that PayPal was acting under significant government influence such that it should be treated like a governmental agency. Because the "evidence" Plaintiff offers fails to establish PayPal acted as a state actor, her Supplemental Motion should be denied in its entirety.

**FACTUAL BACKGROUND**

As PayPal noted in its February 10 response to Ryan's Motion to Lift Stay (ECF No. 45) (hereafter, "Response"), the facts of this dispute are well known to this Court. For the purpose of

brevity, PayPal incorporates by reference the factual recitation and arguments set forth in that Response as though they were set forth here.

Through her Supplemental Motion, Ryan offers several articles authored between January 2020 and February 2025 discussing (1) financial crime; (2) the US Agency for International Development's ("USAID") provision of funding to the World Economic Forum; (3) a short biography of Dan Schulman, former President and CEO of PayPal; (4) a Judiciary Committee investigation conducted on the World Economic Forum; (5) PayPal's partnership with the Anti-Defamation League; (6) a grant awarded to the Tides Center by the USAID; (7) PayPal's revision to its acceptable use policy in October 2022; and (8) part of an article titled "PayPal's bans are a form of censorship, put some businesses at risk, digital privacy advocate says."[1] For the reasons below and in PayPal's Response, Ryan's supplemental motion should be denied.

## ARGUMENT AND AUTHORITIES

Through her supplemental motion, Ryan asks the Court to reconsider its Order compelling arbitration under Federal Rule of Civil Procedure 54(b). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

---

[1] PayPal objects to each of the items of "evidence" Ryan attaches to her Supplemental Motion as they constitute inadmissible hearsay for which no exception applies. *James v. Tex. Collin Cnty.*, 535 F.3d 365, 374 (5th Cir. 2008) ("Newspaper articles, however, are not proper summary judgment evidence to prove the truth of the facts that they report because they are inadmissible hearsay. "); *Huddleston v. Fed. Bureau of Investigation*, No. 4:20-CV-447, 2024 WL 3834383, at *3 (E.D. Tex. Aug. 15, 2024) (same); *Wisdom v. Experian Info. Sols., Inc.*, No. 4:23-CV-93-ALM-KPJ, 2023 WL 9058868, at *2 (E.D. Tex. Nov. 30, 2023), *report and recommendation adopted*, No. 4:23CV93, 2024 WL 23136 (E.D. Tex. Jan. 2, 2024) ("Like motions for summary judgment, the Federal Rules of Evidence apply to motions to compel arbitration."). Should the Court grant PayPal's objection, a denial of the supplemental motion is similarly appropriate as no evidence supports Ryan's allegations.

PayPal Inc.'s Response to Plaintiff Jennifer Ryan's Supplemental Motion to Lift the Stay Pending Arbitration - 2

Ryan advances the same argument in her supplemental motion that she offered in her original motion: the Court should permit her to proceed with claims in this Court because PayPal functioned as a "state actor" when it terminated Ryan's PayPal account. But the "evidence" Ryan offers continues to suffer from the same flaws as the purported evidence she offered in her first motion—none of it suggests any direct nexus between PayPal and the government such that the two were sufficiently intertwined that PayPal could be considered a state actor. Indeed, even taking as true for the sake of argument Plaintiff's allegation that "PayPal … established formal relationships with politically aligned organizations, including the World Economic Forum (WEF), the Anti-Defamation League (ADL), and Black Lives Matter (BLM), all of which have received government funding and support," such does not meet the "pervasive entwinement" requirement. There is no evidence that the government had control over PayPal's internal decision making processes or dictated the creation or enforcement of PayPal's user agreement policies. *See, e.g., Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 810 (2019) (noting there are "very few" functions that constitute a traditional, exclusive public function such as running elections and operating a company town); *Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 315 (5th Cir. 2011) (finding insufficient evidence of pervasive entwinement where government had no control over private entity's internal decision making, or in enacting or enforcing any restriction on distribution of literature); *O'Handley v. Weber*, 62 F.4th 1145, 1158 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2715 (2024) (finding no nexus between private actor and government where government had not threatened adverse action to coerce a private party into action or where government provided no

incentive to private party for taking action). Because Ryan's arguments do not support a reversal of this Court's prior rulings, her supplemental motion should be denied.[2]

## CONCLUSION

Ryan's claims remain subject to the valid and enforceable arbitration agreement within the User Agreement. There is no "new evidence" or other legal basis that would support a reconsideration of this Court's prior decision on the matter. PayPal thus requests that the supplemental motion be denied. PayPal requests any other relief the Court deems just and proper.

/s/ *Robert C. Vartabedian*
Robert C. Vartabedian
Texas Bar No. 24053534
Rob.Vartabedian@vhh.law
Alix D. Allison
Texas Bar No. 24086261
Alix.Allison@vhh.law
VARTABEDIAN HESTER & HAYNES LLP
301 Commerce, Suite 3635
Fort Worth, Texas 76102
Telephone: 817-214-4990

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2025, I caused to be served true and correct copies of the foregoing document by filing such notice with the Court's CM/ECF system.

/s/ *Robert C. Vartabedian*
Robert C. Vartabedian

---

[2] Ryan again argues that her new "constitutional and public interests claims" are inappropriate for arbitration. As discussed more in depth in PayPal's Response, such claims are within the scope of PayPal's arbitration clause. Resp. 5, ECF No. 45. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 n.13 (1985).