IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



FILED
MAR 0 3 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

JENNIFER RYAN,

    Plaintiff,

v.

PAYPAL INC.,

    Defendant.

CIVIL ACTION NO.: 4:22-cv-559

JURY TRIAL DEMANDED

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL MOTION TO LIFT THE STAY**

TO THE HONORABLE JUDGE AMOS MAZZANT:

    Plaintiff Jennifer Ryan, pro se, submits this <u>Sur-Reply to Defendant PayPal Inc.'s Response</u> (Dkt. #51, filed February 26, 2025) to her <u>Supplemental Motion to Lift the Stay</u> *(Dkt. #47)*, pursuant to Local Rule CV-7(f). Plaintiff incorporates her prior pleadings *(e.g., Dkt. #9, #30, #44, #47, #49, #50)* and her <u>Supplemental Motion to Declare Arbitration Waived</u> (filed concurrently), asserting that PayPal's substantive arguments in Dkt. #51, coupled with 32 months of litigation and 23 months of inaction post-arbitration order *(Dkt. #25)*, waive their right to enforce arbitration under the User Agreement *(UA, Dkt. #10-8)*. Plaintiff requests the Court overrule PayPal's objections and grant her motions.

**I. INTRODUCTION**

1. The UA mandates: *"You and PayPal each agree that any and all disputes or claims… shall be resolved exclusively through final and binding arbitration"* (Dkt. #10-8), with *"all issues"* for the arbitrator except *"arbitrability, the scope or enforceability"* (id.), intended as *"more informal than a lawsuit in court"* (id.).

2. PayPal's Response to Plaintiff's Supplemental Motion to Lift the Stay argues the merits of Plaintiff's state actor claims *(Dkt. #49, 27)* and objects to her evidence as hearsay *(Dkt. #51, p. 2 n.1)*, exceeding the UA's court-limited scope and waiving arbitration (*Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1714 (2022)).

3. PayPal's 32-month litigation *(July 2022–March 2025)*, including 23 months post-Dkt. #25 without AAA action *(Dkt 54, Exhibit 2—AAA Letter, October 3, 2023)*, despite mutual duty *("you or PayPal may initiate," Dkt. #10-8)*, further confirms waiver (*Carson v. American Brands, Inc.*, 606 F.2d 420, 424 (4th Cir. 1979)).

## II. PAYPAL'S SUBSTANTIVE ARGUMENTS IN DKT. #51 BREACH THE UA

4. PayPal's Dkt. #51 oversteps the UA's court role *("arbitrability, scope or enforceability," Dkt. #10-9)*:
   - **State Actor Rebuttal**: "None of [Plaintiff's evidence] suggests any direct nexus… that PayPal could be considered a state actor… no evidence that the government had control" *(Dkt. #51, p. 3)*—disputes the merits of Plaintiff's claim *(Dkt. #49, 27)*, not arbitrability (*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 n.13 (1985)—substance to arbitrator).
   - **Hearsay Objection**: Plaintiff's exhibits are "inadmissible hearsay… no evidence supports Ryan's allegations" *(Dkt. #51, p. 2 n.1)*—weighs proof, a substantive issue for arbitrator (*Morgan*—court avoids merits).

5. Post-Dkt. #25, PayPal should defer to arbitration: *"All claims are for the arbitrator" (Dkt. #10-8)*. Instead, Dkt. #51 seeks judicial rulings on claim validity, breaching the UA (*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967)).

## III. PAYPAL'S 32-MONTH LITIGATION AND INACTION CONFIRM WAIVER

6. PayPal's removal *(Dkt. #1)* and responses *(Dkt. #10, #33, #36, #45, #51)* over 32 months—23 post-Dkt. #25—without AAA filing or dismissal show intent to litigate (*Morgan*, 142 S. Ct. at 1714—32 months exceeds *Cabinetree of Wis. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (5th Cir. 1995)—18 months)).

7. Plaintiff's AAA filing *(Dkt. #54, Exhibit 1—August 2023)* closed for PayPal's inaction *(Dkt. #54, Exhibit 2 - October 2023)* without pursuit breaches mutual duty *(Dkt. #10-8)* (In re <u>Winter Park Assoc. Ltd. P'ship v. Jaspar</u>, 1999 WL 739433, at *2 (S.D. Tex. 1999)—14 months waived).

## IV. PAYPAL SEEKS COURT RULINGS, NOT ARBITRATION

8. Dkt. #51 *(p. 3)* and prior filings *(e.g., Dkt. #33—unconscionability)* argue Plaintiff's claims lack merit—seeking court denial, not arbitration's "informal" process (Dkt. #10-9) (<u>Price v. Drexel Burnham Lambert, Inc.</u>, 791 F.2d 1156, 1160 (5th Cir. 1986)—18 months waived)).

9. PayPal litigates substance when scrutinized *(Dkt. #51)* but pushes arbitration when advantageous (Dkt. #10)—dual tactics waive (<u>Morgan</u>—intent to exhaust Plaintiff).

## V. PLAINTIFF'S GOOD FAITH VS. PAYPAL'S BREACH

10. Plaintiff sought AAA arbitration *(Dkt. #54, Exhibit 1)*, but PayPal's non-participation halted it *(Dkt. #54, Exhibit 2)*—23 months inaction post-Dkt. #25 breaches mutual duty *(Dkt. #10-8)* (<u>Morgan</u>).

## VI. RESPONSE TO PAYPAL'S OBJECTIONS

11. **Hearsay**: PayPal's objection *(Dkt. #51, p. 2 n.1)* to Plaintiff's exhibits (e.g., <u>PayPal's Statement Re: Law Enforcement Partnership</u>, Dkt. #47, Exhibit A) misapplies trial standards to a motion stage (<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986)—flexible evidence). Exhibits like PayPal statements *(Dkt. #47-A)* are admissions (Fed. R. Evid. 801(d)(2)), and government reports are public records (Fed. R. Evid. 803(8))—admissible and relevant to state action *(Dkt. #49, 27)*.

12. **Pro Se Status**: PayPal's prior objection *(Dkt. #33, p. 1 n.2)* to corporate entities is moot—Plaintiff proceeds individually, and pro se filings are construed liberally (<u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)).

## VII. CONCLUSION

13. PayPal's 32-month litigation *(Dkt. #51—substance)*, 23-month inaction *(Dkt. #25)*, and breach of *"all claims"* to arbitrator (Dkt. #10-*8*) waive arbitration (*Morgan*, 142 S. Ct. at 1714; *Carson*, 606 F.2d at 424; *Winter Park*, 1999 WL 739433, at *2). With new counsel poised to press this case, PayPal's 32-month breach faces full exposure. Plaintiff requests:

    - Overrule PayPal's objections (Dkt. #51).
    - Grant Supplemental Motion to Lift Stay (Dkt. #47).
    - Declare arbitration waived (Dkt. #50).
    - Any further relief deemed just.

March 4, 2025

Respectfully Submitted,

*Jennifer J. Ryan*
Jennifer L. Ryan, Pro Se
jennaryanrealty@gmail.com
469-491-0587

### Certificate of Service

I certify that on March 1, 2025, I served this via CM/ECF on all counsel of record, per Fed. R. Civ. P. 5 and Local Rule CV-5.

/s/ Jennifer L. Ryan