IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



JENNIFER RYAN,

    Plaintiff,

v.

PAYPAL INC.,

    Defendant.

CIVIL ACTION NO.: 4:22-cv-559

JURY TRIAL DEMANDED

## PLAINTIFF'S SUPPLEMENTAL MOTION TO DECLARE ARBITRATION WAIVED

TO THE HONORABLE JUDGE AMOS MAZZANT:

Plaintiff Jennifer Ryan, pro se, files this Supplemental Motion to Declare Arbitration Waived, supplementing her original Motion *(Dkt. #50, filed February 24, 2025)*, pursuant to Federal Rule of Civil Procedure 15(d) and Local Rule CV-7. Plaintiff incorporates all prior pleadings *(e.g., Dkt. #9, #44, #47, #49)* and exhibits, asserting that Defendant PayPal Inc. ("PayPal") has waived its right to enforce arbitration under the User Agreement *("UA," Dkt. #10-8)* through its litigation conduct, including its Response to Plaintiff's Supplemental Motion to Lift Stay *(Dkt. #51, filed February 26, 2025)*, and its failure to pursue arbitration despite mutual contractual obligation. Plaintiff seeks an order declaring arbitration waived, lifting the stay *(Dkt. #25)*, and allowing this case to proceed in this Court.

### I. INTRODUCTION

1. The UA mandates that *"any and all disputes or claims… shall be resolved exclusively through final and binding arbitration"* *(Dkt. #10-8, p. 38)*, with *"all issues"* for the arbitrator(s) except *"arbitrability, the scope or enforceability"* (id.), intended as *"more informal than a lawsuit in court"* (id.).

2. PayPal moved to compel arbitration *(Dkt. #10, August 29, 2022)*, securing a stay *(Dkt. #25, March 15, 2023)*. Yet, for 23 months post-order *(March 2023–March 2025)*, PayPal has neither initiated arbitration nor enforced it, despite mutual duty (**"you or PayPal may initiate,"** *Dkt. #10-8, p. 38)*, abandoning the process after Plaintiff's AAA filing lapsed *(Exhibit 2—AAA Letter, October 3, 2023)*.

3. Over 32 months *(July 2022–March 2025)*, PayPal has litigated in court, with Dkt. #51 arguing substantive merits of Plaintiff's claims (state actor status) and evidence (hearsay), exceeding the UA's court-limited scope and waiving arbitration (<u>Morgan v. Sundance, Inc.</u>, 142 S. Ct. 1708, 1714 (2022)).

## II. FACTUAL BACKGROUND

4. Plaintiff incorporates the factual recitations in Dkt. #50 and prior pleadings *(Dkt. #9, #44, #47, #49)*. Key updates follow:

   a. **Arbitration Order**: On March 15, 2023, this Court granted PayPal's <u>Motion to Compel Arbitration</u> *(Dkt. #10)*, staying proceedings *(Dkt. #25)* under 9 U.S.C. § 3.

   b. **Plaintiff's AAA Attempt**: Plaintiff filed with AAA *(Case No. 01-23-0003-6758, August 24, 2023, Exhibit 1)*, but PayPal failed to engage, leading to closure for uncured deficiencies *(Exhibit 2—AAA Letter, October 3, 2023)*. PayPal received notice but took no action (id.).

   c. **32 Months Litigation**: PayPal removed this case *(Dkt. #1, July 2, 2022)* and filed substantive responses *(Dkt. #10, #33, #36, #45, #51)* over 32 months, including 23 months post-Dkt. #25, without seeking dismissal or AAA filing.

   d. **Dkt. #51 Overreach**: On February 26, 2025, PayPal responded to <u>Plaintiff's Supplemental Motion to Lift Stay</u>, arguing Plaintiff's state actor claim lacks "direct nexus" or "evidence" of government control *(Dkt. #51, p. 3)*, objecting to exhibits as hearsay *(p. 2 n.1)*, and seeking denial for insufficient proof—substantive merits, not arbitrability.

e. **Government Targeting of Dissent:** Plaintiff submits new evidence:

   i. Exhibit 3, DNI's "*Domestic Violent Extremism Poses Heightened Threat in 2021*" *(March 1, 2021)*, labels political dissent like Plaintiff's January 6 protest *(Dkt. #49, ¶¶ 6-9)* as "violent extremism" *(p. 4)*, issued post-J6 and closely tied to PayPal's January 21, 2021, ban *(Dkt. #9, Exhibit A)*, suggests government-driven targeting.

   ii. Exhibit 4, CRS testimony by Rena S. Miller *(January 15, 2020)*, flags small fundraisers like Plaintiff's $200 effort *(Dkt. #49, 7)* as "terrorism financing" risks *(p. 5)*, predating and aligning with PayPal's ban, linking it to federal policy *(Dkt. #49, 27)*.

## III. LEGAL STANDARD

10. Under *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1714 (2022), arbitration is waived when a party "knowingly relinquish[es] the right to arbitrate by acting inconsistently with that right"—intent alone suffices, no prejudice required.

11. Fifth Circuit precedent finds waiver where a party litigates substantially (*Cabinetree of Wis. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (5th Cir. 1995)—18 months) or delays post-order (*Carson v. American Brands, Inc.*, 606 F.2d 420, 424 (4th Cir. 1979)—11 months). Inaction post-order lifts stays (*In re Winter Park Assoc. Ltd. P'ship v. Jaspar*, 1999 WL 739433, at *2 (S.D. Tex. 1999)—14 months).

12. Contract law holds that failing to enforce a right (e.g., arbitration) while acting inconsistently waives it (*Restatement (Second) of Contracts* § 246 (1981)).

## IV. ARGUMENT

### A. PayPal Breaches UA by Litigating Substantive Claims in Court

13. The UA mandates *"any and all disputes or claims… shall be resolved exclusively through final and binding arbitration"* (Dkt. #10-8), with *"all issues"* for the arbitrator except *"arbitrability, the scope or enforceability"* (id.). PayPal's Dkt. #51 breaches this:

**Substantive Argument**: PayPal argues Plaintiff's state actor claim *(Dkt. #49, 27)* lacks "direct nexus" or "evidence" of government control *(Dkt. #51, p. 3)*—a merits issue, not arbitrability *(Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 625 n.13 (1985)—substance to arbitrator).

i. Exhibits 3 and 4 prove otherwise: Exhibit 3, DNI's "*Domestic Violent Extremism Poses Heightened Threat in 2021*" *(March 1, 2021)*, labels political dissent like Plaintiff's J6 protest *(Dkt. #49, ¶¶ 6-9)* as "violent extremism" *(p. 4)*, driving PayPal's ban. Exhibit 4, CRS testimony *(January 15, 2020)*, flags small fundraisers like Plaintiff's $200 effort *(Dkt. #49, 7)* as "terrorism financing" risks *(p. 5)*, tying PayPal's January 21, 2021, termination *(Dkt. #9, Exhibit A)* to government policy *(Dkt. #49, 27)*.

ii. This direct evidence—DNI directives post-J6 and CRS policy predating Plaintiff's ban—shows PayPal acted as a state proxy, a substantive dispute for arbitration, not court. PayPal's Dkt. #51 denial breaches "all issues" to arbitrator *(Dkt. #10-8; Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404 (1967)).

- **Hearsay Objection**: PayPal objects to Plaintiff's exhibits as hearsay *(Dkt. #51, p. 2 n.1)*, claiming "no evidence supports Ryan's allegations"—weighing proof, a substantive ruling for arbitrator (*Morgan*—court avoids merits).

14. Post-Dkt. #25, PayPal should have deferred to arbitration, stating: *"All claims are for the arbitrator"* *(Dkt. #10-8)*. Instead, Dkt. #51 seeks judicial denial of Plaintiff's claims, breaching *"all issues"* to arbitrator (*Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404 (1967)).

## B. PayPal's 32-Month Litigation and 23-Month Inaction Show Intent to Abandon Arbitration

15. PayPal's removal *(Dkt. #1)* and responses *(Dkt. #10, #33, #36, #45, #51)* over 32 months—23 post-Dkt. #25—without AAA filing or dismissal show intent to litigate (*Morgan*, 142 S. Ct. at 1714—32 months exceeds *Cabinetree* 18).

16. Plaintiff filed with AAA *(Exhibit 1—August 2023)*, but PayPal's inaction led to closure *(Exhibit 2 – October 2023)*—23 months post-Dkt. #25 without pursuit breaches mutual duty *(Dkt. #10-9)* (<u>Carson</u>, 606 F.2d at 424—11 months waived; <u>Winter Park</u>, 1999 WL 739433, at *2—14 months lifted stay).

### C. PayPal Seeks Court Advantage, Not Arbitration's Informal Resolution

17. Dkt. #51 *(p. 3—state action)* and prior filings *(e.g., Dkt. #33)* argue claim merits—e.g., "no nexus" to government—seeking court denial, not arbitration's "informal" process *(Dkt. #10-8)* (<u>Price v. Drexel Burnham Lambert, Inc.</u>, 791 F.2d 1156, 1160 (5th Cir. 1986)—18 months waived)).

18. PayPal litigates substance when scrutinized *(Dkt. #51)* but pushes arbitration when advantageous *(Dkt. #10)*—"having it both ways" waives (<u>Morgan</u>—intent to exhaust Plaintiff).

### D. Plaintiff's Good Faith vs. PayPal's Breach

19. Plaintiff sought AAA arbitration *(Exhibit 1—August 2023)*, but PayPal's non-participation closed it *(Exhibit 2 – October 2023)*—23 months inaction post-Dkt. #25 breaches mutual duty *(Dkt. #10-8)* (<u>Morgan</u>).

## V. CONCLUSION

20. PayPal's 32-month litigation *(Dkt. #51—substance)*, 23-month inaction post-Dkt. #25, and breach of *"all claims"* to arbitrator (Dkt. #10-9) waive arbitration (<u>Morgan</u>, 142 S. Ct. at 1714; <u>Carson</u>, 606 F.2d at 424; <u>Winter Park</u>, 1999 WL 739433, at *2). Plaintiff's new counsel stands ready to escalate this fight, leveraging irrefutable evidence of government collusion (Exhibits 3, 4, Dkt. 49, G). Plaintiff requests:

    - Declaration of arbitration waiver.
    - Lifting of stay (Dkt. #25).
    - Case to proceed in this Court.
    - Any further relief deemed just.

March 4, 2025

Respectfully Submitted,

*Jennifer L. Ryan*

Jennifer L. Ryan, Pro Se
jennaryanrealty@gmail.com
469-491-0587

### Certificate of Service

I certify that on March 4, 2025, I served this via CM/ECF on all counsel of record, per Fed. R. Civ. P. 5 and Local Rule CV-5.

/s/ Jennifer L. Ryan