**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **JLR GLOBAL, LLC, JENNA RYAN REALTY, LLC, JENNA RYAN REAL ESTATE, LLC, FIRST PLACE REAL ESTATE, SELFLOVEU, LLC, THE JENNA RYAN SHOW, DOTJENNA, and JENNIFER RYAN,** | |
| **Plaintiffs,** | **Case No. 4:22-CV-559** |
| **v.** | |
| **PAYPAL INC.,** | |
| **Defendant.** | |

**PayPal Inc.'s Response to Plaintiff Jennifer Ryan's Original and Supplemental Motions to Declare Defendant's Arbitration Rights Waived**

Over the course of the last month, Plaintiff Jennifer Ryan has used a scattershot approach to second guess the Court's order granting Defendant PayPal Inc.'s motion to compel arbitration. In addition to arguing "newly found evidence" prohibits the matter proceeding in arbitration and entirely recasting her claims in an attempt to fall outside the scope of the agreement to arbitrate, Ryan now contends that PayPal has waived its right to proceed in arbitration. In support, Ryan argues PayPal has waived this right by (1) litigating "Plaintiff's dispute publicly by leaking her termination," and (2) removing this matter to federal court and responding to Ryan's frivolous motions without "dismissing" this suit or initiating arbitration. But, as with her prior two motions, neither of these arguments carries any weight. Thus, the original and supplemental motions (collectively, "Motions") should be denied.[1]

---

[1] PayPal has expended a considerable amount of resources in responding to Plaintiff's frivolous motions seeking to reverse the Court's stay of this matter in favor of arbitration. As Plaintiff has represented that she is proceeding pro se,

PayPal Inc.'s Response to Plaintiff Jennifer Ryan's Original and Supplemental Motions to Declare Defendant's Arbitration Rights Waived - 1

## FACTUAL BACKGROUND

As PayPal noted in its February 10 and February 26 responses to Ryan's Motion to Lift Stay (ECF No. 45) and Supplemental Motion to Lift Stay (ECF No. 47) (hereafter, "Responses"), the facts of this dispute are well known to this Court. For the purpose of brevity, PayPal incorporates by reference the factual recitation and arguments set forth in those Responses as though they were set forth here.

## ARGUMENT AND AUTHORITIES

Through her Motions, Ryan contends that PayPal has waived its right to arbitration for a variety of reasons: (1) "PayPal litigated Plaintiff's dispute publicly by leaking her termination" to various news sources (ECF No. 50); and (2) PayPal has litigated the dispute before this Court for over 30 months (ECF Nos. 50, 55). As discussed below, each argument fails.

1. **PayPal has not engaged in any public act inconsistent with its right to compel arbitration.**

Ryan contends that PayPal informed news outlets Daily Beast and CBS of its decision to terminate Ryan's accounts, resulting in several additional news sources publicizing the event. As a result, Ryan argues that PayPal's "[p]ublic litigation via leaks bypasses arbitration's confidentiality" thereby waiving any right to arbitration. ECF No. 50, 3-5. Even if true, there is no legal support for such a position. In considering whether a party waives its right to seek arbitration, a court considers "whether the party has substantially invoked the judicial process." *Seifert v.*

---

PayPal has afforded Plaintiff more leniency in the number of frivolous filings. That said, even pro se plaintiffs must comply with Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper…an … unrepresented party certifies that (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law…."). Moreover, in her Supplemental Motion, Ryan contends "Plaintiff's new counsel stands ready to escalate this fight…." ECF No. 55, 5. As PayPal is now responding to Ryan's fourth groundless motion, it hereby provides notice that—whether she continues to proceed pro se or with representation from counsel—PayPal intends to seek an appropriate remedy under Rule 11 should Ryan continue to file legally baseless pleadings for improper purposes.

PayPal Inc.'s Response to Plaintiff Jennifer Ryan's Original and Supplemental Motions to Declare Defendant's Arbitration Rights Waived - 2

*United Built Homes, LLC*, 684 F. Supp. 3d 555, 569 (N.D. Tex. 2023). When a party engages "in an overt act evincing 'a desire to resolve the arbitrable dispute through litigation rather than arbitration,'" that party waives its right to compel arbitration. *Id*. Here, Ryan does not (and cannot) argue that comments to news sources constitute a substantial invocation of judicial rights. PayPal has never intimated in any setting that it did not intend to defend against any of Ryan's claims in arbitration, nor does Ryan submit any evidence on that issue. Rather, throughout this litigation, PayPal has consistently reiterated its intent to proceed in accordance with its agreement to arbitrate. As a result, PayPal has not waived its claim to arbitration on this basis.

   **2.  PayPal has not substantially invoked the judicial process.**

   Ryan further contends that, because PayPal (1) removed this matter to federal court; (2) litigated the substance of her newly asserted "state actor claim"; (3) failed to dismiss the litigation; (4) failed to participate in the arbitration initiated by Ryan; and (5) failed to initiate arbitration, PayPal has effectively waived its right to arbitrate the dispute.

   At the outset, a party does not waive arbitration by removing a case to federal court and immediately seeking to compel arbitration. *Am. Bankers Life Assurance Co. of Fla. v. Mister*, 344 F. Supp. 2d 966, 969 (N.D. Miss. 2004) ("Fifth Circuit precedent makes it plain that removal of a case to federal court and remand-related activities alone do not constitute substantial invocation of the judicial process.") (citing *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661-62 (5th Cir. 1995)). Nor does the fact that PayPal has responded to each of Ryan's motions seeking reversal of the Court's decision compelling arbitration constitute a waiver. Rather, PayPal's consistent defense of the Court's decision to compel arbitration underscores PayPal's intent to arbitrate. Moreover, any discussion of Ryan's "new" evidence submitted in connection with her motions to

reconsider do not constitute litigation of the merits as PayPal analyzed only whether the evidence was sufficient to warrant a reversal of the Court's decision to compel arbitration.

In addition, Ryan's complaints that PayPal (1) failed to dismiss this suit and (2) failed to initiate arbitration are similarly unavailing. As the defendant, PayPal has no ability to unilaterally dismiss this litigation.[2] *See* Fed. R. Civ. P. 41. Nor could (or would) PayPal initiate an arbitration proceeding against itself on Ryan's behalf.

Finally, Ryan argues that PayPal's failure to engage in the arbitration proceeding she initiated ultimately lead the American Arbitration Association ("AAA") to close the matter "for uncured deficiencies." ECF No. 55, 2. But Ryan's evidence establishes it was her own filing deficiencies that caused the AAA to administratively close the file. ECF No. 55-2, Ex. No. 2 ("On August 24, 2023, Claimant was notified that the filing requirements for the above matter have not been met. The filing deficiency has not been cured. Accordingly, we have administratively closed our file."). PayPal entered no formal appearance in the arbitration because Ryan failed to meet her initial filing requirements.

Because each of PayPal's actions in this proceeding have evidenced a clear intent to enforce the Agreement to Arbitrate, Ryan's Motions must be denied.

## CONCLUSION

Ryan's claims remain subject to the valid and enforceable arbitration agreement within the User Agreement. PayPal has consistently acted with the intent to enforce the Agreement to Arbitrate. PayPal thus requests that the Motions be denied. PayPal requests any other relief the Court deems just and proper.

---

[2] Notably, PayPal did request that the Court dismiss this action in favor of arbitration. Ryan opposed that request and the Court decided instead to stay the litigation.

/s/ *Robert C. Vartabedian*
Robert C. Vartabedian
Texas Bar No. 24053534
Rob.Vartabedian@vhh.law
Alix D. Allison
Texas Bar No. 24086261
Alix.Allison@vhh.law
VARTABEDIAN HESTER & HAYNES LLP
301 Commerce, Suite 3635
Fort Worth, Texas 76102
Telephone: 817-214-4990

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2025, I caused to be served true and correct copies of the foregoing document by filing such notice with the Court's CM/ECF system.

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian