IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



JENNIFER RYAN,

    Plaintiff,

v.

PAYPAL INC.,

    Defendant.

CIVIL ACTION NO.: 4:22-cv-559

JURY TRIAL DEMANDED

**PLAINTIFF'S REPLY TO PAYPAL'S RESPONSE TO
MOTIONS TO DECLARE DEFENDANT'S ARBITRATION RIGHTS WAIVED**

1. Plaintiff Jennifer Ryan, pro se, submits this *Reply to PayPal Inc.'s Response opposing the Motions to Declare Defendant's Arbitration Rights Waived* (ECF Nos. 50, 56). PayPal's 30-month delay, merits based litigation, failure to pay arbitration fees, and bad faith conduct clearly establish waiver. Newly presented evidence *(Exhibits A-S)* further demonstrates PayPal's intent to obstruct rather than arbitrate.

**I. PAYPAL WAIVED ARBITRATION THROUGH PRE-SUIT LITIGATION CONDUCT**

2. PayPal claims "consistent intent" to arbitrate *(ECF No. 56, p. 3)*, yet its actions prove otherwise:

**A. Settlement Discussions as Litigation Conduct**

- May 20, 2022: PayPal initiated $5 million settlement talks *(Affidavit, Exhibit A, A-1)*.

- May 25, 2022: PayPal's counsel met with Plaintiff's attorney in Texas to discuss venue, claim strategy, and additional defendants *(e.g., CBS, Exhibits B-E)*.

- May 25, 2022: PayPal requested a week to consult with management before Plaintiff filed suit. After Plaintiff agreed, PayPal ceased settlement communications *(Exhibit A, A-1, H)*.

This is litigation conduct, not arbitration (*Nicholas v. KBR, Inc.*, 565 F.3d 904, 907-08 (5th Cir. 2011)).

## B. Late Pivot to Arbitration

- Arbitration was never mentioned in pre-suit settlement discussions *(Exhibit A)*, showing a deliberate post-litigation shift (*Cabinetree of Wis. v. Kraftmaid*, 50 F.3d 388, 391 (7th Cir. 1995)).

## II. PAYPAL'S POST-STAY INACTION AND FAILURE TO PAY FEES CONFIRM WAIVER

3. After obtaining a stay (July 2022), PayPal's conduct further confirmed waiver:

## A. Plaintiff's Good-Faith Efforts

- July 26, 2022: Plaintiff contacted PayPal to find out fees they would pay for the arbitration, *(Exhibit J)* and was told that was up to the Arbitrator. *(July 26, Exhibit L)*.
- August. 19, 2022: Plaintiff filed an Arbitration Demand *(August 19, Exhibit K)*.
- August 28, 2022: The filing fee for arbitration of Plaintiff's claims was $12,000. Plaintiff, already financially damaged by PayPal's actions, pleaded financial hardship *(August 28, Exhibit M)*.
- August 28, 2022: Plaintiff was required to submit her private financials to the AAA to prove hardship waiver. *(Exhibit M, M-1, M2)*.
- September 6, 2022: A partial fee waiver of $10,500 was granted by AAA *(Exhibit N)*, leaving a $1,500 balance Plaintiff could not afford at the time.
- September 6, 2022: The partial fee waiver of $10,500 from AAA instructed that **Plaintiff would only be getting a hardship waiver for the initial filing fee, and that Plaintiff would be responsible for compensating the arbitrator and any subsequent fees.** *(Exhibit N)*.
- September 6, 2022: Plaintiff thanks the AAA for the partial waiver of fees, but informs AAA that she cannot afford the $1,500 filing fee and asks for a payment plan. *(Exhibit O)*

- September 6, 2022: AAA responded to Plaintiff's email ignoring Plaintiff's requests and informing Plaintiff that her case would be closed by Friday, September 22, 2022 if she could not pay the fees. *(Exhibit P)*

- September 6, 2022: Plaintiff sent emails to AAA expressing that she could not afford the $1,500 filing fee, begging for assistance and asking to appeal the decision and informing the AAA that arbitration was now inaccessible for her. offering a payment plan *(Exhibit Q)* and a second email complaining to the AAA that the amount she was required to pay to initiate arbitration was the amount she had in her bank account (which she disclosed earlier in her financial statements). *(Exhibit R).*

- September 22, 2022: Plaintiff sent email to AAA sharing her frustration with the lack of assistance with arbitration fees.

- October 3, 2022: The AAA sent a letter to Plaintiff and PayPal, informing of termination of arbitration due to a "filing deficiency." *(Dkt. #55, Exhibit 2)* This letter was ignored by PayPal.

- November 20, 2022: PayPal responded in court to Plaintiff's *Motion for Reconsideration Based on New Evidence of the Prohibitive Costs to Arbitrate and Impossibility of Performance of the Order* (Dkt. #33) with substantive arguments regarding the merits of Plaintiff's "evidence." All the while avoiding the Arbitration process. Defending arbitration in court while failing to engage in an actual filed arbitration case *(Dkt: #56, Exhibit 2: AAA # 01-23-0003-6758)* is clear litigation conduct and abandonment of arbitration. **PayPal wants arbitration in Court, but when arbitration is presented, PayPal ignores it.**

4. Plaintiff made repeated good-faith efforts to initiate arbitration but was ultimately precluded due to inability to pay the required fees—a direct result of PayPal's prior actions that had financially crippled her. Plaintiff proactively engaged with both PayPal and the American Arbitration Association (AAA) in an attempt to proceed, filing an arbitration demand, submitting financial hardship documentation, and requesting a payment plan when she was unable to afford the remaining $1,500 balance after a partial waiver was granted.

5. Despite repeated outreach, including direct pleas for assistance and requests for alternative payment arrangements, Plaintiff was denied any further relief. AAA's final determination labeled the matter a "filing deficiency", yet the true barrier was the prohibitive costs that PayPal had contractually committed to covering if arbitration expenses became excessive. PayPal's refusal to facilitate arbitration, despite its financial superiority and contractual obligations, demonstrates its bad faith use of arbitration as a procedural weapon, effectively blocking Plaintiff's access to any forum for redress.

## B. PayPal's Duty and Breach

- PayPal's User Agreement states that if arbitration costs are "prohibitive," PayPal must pay all necessary fees *(Dkt. #10, Exhibit 8)*.
- Given a $20 million claim value, Plaintiff's financial hardship as a result of the damages incurred from her claims against PayPal, and estimated arbitration costs of thousands of dollars, *(Exhibit N)*, the burden was clearly prohibitive.
- Instead of honoring its contractual obligation, PayPal's counsel dodged payment, directing Plaintiff to "ask the arbitrator" *(Exhibit K)* —despite no arbitrator being assigned because Plaintiff couldn't afford the filing fee. *(Exhibits M-S)*. And despite the fact that the arbitration company, AAA, refused to acknowledge Plaintiff's requests for assistance, *(Exhibit P)*.
- PayPal refused to pay anything or engage in arbitration in any way, leading to AAA closing the case *(Dkt. 55, Exhibit 2)*.

6. This follows *Vine v. PLS Fin. Servs., Inc.*, 689 F. App'x 800 (5th Cir. 2017), where a party's failure to pay arbitration fees **waived arbitration**.

## C. Engagement in Merits-Based Arguments is Further Waiver

- PayPal litigated substantive issues in court, arguing Plaintiff's evidence from PayPal's own website was "hearsay" and denying state actor status *(ECF No. 45)*, PayPal further engaged in arguing substantive merits in all of its other filings..

- These are merits-based arguments, not procedural ones, which courts deem inconsistent with arbitration (<u>*St. Mary's Med. Ctr. v. Disco Aluminum*</u>, 969 F.2d 585, 589 (7th Cir. 1992)).

- PayPal falsely claims it could not initiate arbitration *(ECF No. 56, p. 4)*, but its own Terms of Service state otherwise *(Dkt. #10, Exhibit 8)*.

- PayPal's failure to fund arbitration fees directly caused AAA to close the case *(Dkt. 55, Exhibit 2)*, proving waiver (<u>*Vine v. PLS*</u>).

7. PayPal never engaged in the arbitration process whatsoever, despite extensive litigation activity in court, thereby abandoning arbitration and waiving its right to compel it. Courts have consistently held that a party waives arbitration when it substantially invokes the judicial process while failing to engage in arbitration. In <u>*Vine v. PLS Fin. Servs., Inc.*</u>, 689 F. App'x 800, 803 (5th Cir. 2017), the court found that a defendant who compels arbitration but fails to pay required arbitration fees effectively blocks the plaintiff from seeking justice and waives arbitration. Similarly, in <u>*Morgan v. Sundance, Inc.*</u>, 142 S. Ct. 1708 (2022), the Supreme Court held that waiver of arbitration can occur when a party's actions are inconsistent with its right to arbitrate, regardless of whether the delay caused prejudice. Here, PayPal's refusal to participate in arbitration, combined with its continued litigation in court, constitutes a waiver under these well-established principles."

## III. PAYPAL'S "LENIENCY" IS A STALL TACTIC—THEY HAVE SUBSTANTIALLY INVOKED LITIGATION

8. PayPal argues that it has merely "defended" against Plaintiff's filings *(ECF No. 56, p. 2)*. However:

- PayPal's pattern of actions including pre-suit settlement discussions, moving case to federal court, and post-stay merits-based arguments (ECF No. 45, 56) and failure to pay for arbitration fees, and 30 month

delay substantially invoke litigation (*Seifert v. United Built Homes, LLC*, 684 F. Supp. 3d 555, 569 (N.D. Tex. 2023)).

- PayPal mischaracterizes Plaintiff's filings as "frivolous", yet Plaintiff's filings respond to PayPal's own breaches *(Dkt. #55, Exhibits #1-#4)*.
- PayPal's 30-month delay has obstructed Plaintiff's ability to pursue claims with media companies arising from PayPal's leak of her private financial information. *(Exhibits B-E)*.

## IV. PAYPAL'S FALSEHOODS HAVE CAUSED MATERIAL PREJUDICE

- **Stalling Tactics**: PayPal's settlement discussions revealed Plaintiff's media defamation claims related to PayPal's original breach *(Exhibit B-E)*, suggesting they aimed to stall litigation beyond the statute of limitations for Plaintiff's other related causes of action.
- **Defamatory Court Filings**: PayPal's misrepresentation of Plaintiff's conduct on January 6 *(ECF No. 56, p. 2; Exhibit K)* demonstrates bad faith litigation tactics.

## V. PAYPAL'S RULE 11 SANCTIONS THREAT IS BASELESS

- Waiver arguments based on pre-suit conduct, fee breaches, and litigation conduct are legally sound (*Vine v. PLS Fin. Servs.*, 689 F. App'x 800, 803 (5th Cir. 2017); *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000)).
- Supporting evidence *(Dkt. # 55, Exhibits 1 and 2 and Exhibits A-S)* validate Plaintiff's waiver claim.
- Courts do not impose Rule 11 sanctions where legitimate legal claims exist (*Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

## VI. PAYPAL'S ACTIONS CONTRADICT ITS CLAIM OF "INTENT" TO ARBITRATE

### A. Inconsistent Conduct

- 30-month delay, settlement talks, refusal to pay arbitration fees, and substantive litigation arguments show intent to litigate, not arbitrate (*Vine v. PLS*).

- PayPal's own User Agreement states that it must cover arbitration fees if fees are cost prohibitive, *(Dkt. #10, Exhibit 8)*, yet it failed to comply.

## B. Arbitration Used as a Weapon to Delay and Obstruct

- Courts recognize when arbitration is used as a weapon, it warrants waiver (*Vine v. PLS Fin. Servs.*).

- PayPal kicked Plaintiff off its platform for raising legal fees, then blocked access to arbitration by refusing to pay fees.

9. Arbitration is meant to resolve disputes—not to be weaponized as a tool for procedural exhaustion and obstruction.

## VII. CONCLUSION

10. PayPal's pre-suit litigation conduct, post-stay delay, refusal to initiate or fund arbitration, and substantive court arguments are fundamentally inconsistent with a genuine intent to arbitrate. The pattern of obstruction, bad faith, and misrepresentation further demonstrates waiver.

Plaintiff respectfully requests this Court grant the Motion to Declare Arbitration Waived.

March 11, 2025

Respectfully Submitted,

*Jennifer L. Ryan*
Jennifer L. Ryan, Pro Se
jennaryanrealty@gmail.com
469-491-0587

**Certificate of Service**