IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



FILED
MAR 2 6 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

JENNIFER RYAN,

    Plaintiff,

v.

PAYPAL INC.,

    Defendant.

CIVIL ACTION NO.: 4:22-cv-559

JURY TRIAL DEMANDED

## PLAINTIFF'S MOTION TO DECLARE PAYPAL A STATE ACTOR AND DENY ENFORCEMENT OF CLICKWRAP ARBITRATION CLAUSE

TO THE HONORABLE JUDGE AMOS MAZZANT:

1. Plaintiff Jennifer Ryan, pro se, moves this Court to declare Defendant PayPal Holdings, Inc. ("PayPal") a state actor and deny the enforcement of its Delaware clickwrap arbitration clause, as Plaintiff's constitutional claims—First and Fifth Amendment violations suggest criminality in collusion against rights (18 U.S.C. § 241)—exceeding arbitration's reach (*McDonald v. City of West Branch*, 466 U.S. 284, 292 (1984)). New evidence since the Court's March 15, 2023, order (Dkt. #25) renders arbitration obsolete, with "reason to believe" PayPal acted as a state actor via joint action and entwinement with the FBI and FinCEN (*Nielsen v. Piper, Jaffray & Hopwood, Inc.*, 66 F.3d 145, 149 (7th Cir. 1995)), voiding the Federal Arbitration Act's fit. (9 U.S.C. § 2). Plaintiff states:

## I. INTRODUCTION

2. On January 20, 2021, PayPal—a $40 billion government bully—banned Plaintiff's account within hours of a $200 fundraiser tweet and leaked it to the press within 30 minutes (Dkt. #9, Exhibit A; Dkt. #49, Exhibit C1)—Reuters' "uphold the rule of law" (Exhibit A-1) fueling an abnormal media barrage of 28+ adverse articles (Dkt. #49, Exhibit D)—triggering universal deplatforming (Dkt. #49, Exhibit F) and imprisonment—sentenced for "media interest" PayPal ignited (Dkt. #49, Exhibit Q), not acts. This

tracked an FBI raid tied to Plaintiff's peaceful January 6 presence (Dkt. #49, Exhibit A)—post-January 6, Biden's DOJ deemed domestic terrorism an "elevated threat" (Exhibit R—Garland Speech, June 15, 2021, p. 2). Interrelated consequences—raid, ban, leak, media, jail—signal collusion with FBI and FinCEN to crush Plaintiff's speech, not chance—claims beyond the User Agreement (Dkt. #10, Exhibit 1 ¶ 14) and this Court's order (Dkt. #25). Plaintiff went through hell and back—clickwrap arbitration can't shield this; courts must rule.

## II. FACTUAL BACKGROUND

A. **January 15, 2021:** FBI raided Plaintiff's home, pre-notifying media (Dkt. #49, Exhibit A), flagging her in CLEAR, FBI-used since 2019 (Exhibit A-1—Reuters CLEAR AI Monitoring)—post-January 6 "elevated threat" (Exhibit U, p. 2).

B. **January 19, 2021:** FinCEN issued FAQs escalating AML/SAR pressure (Exhibit C) and Adverse Media Guidance (Exhibit D, pgs. 2, 4, 5, 9—Reuters CLEAR-linked); Plaintiff banned from Fundly (Exhibit E).

C. **January 20, 2021**: Plaintiff tweeted a $200 fundraiser at 8:28 AM (Dkt. #49, Exhibit B); PayPal banned her by 3:06 PM (Dkt. #9, Exhibit A), leaking to CBS within 30 minutes (Dkt. #49, Exhibit C2). News went viral to 28+ outlets (Dkt. #49, Exhibits C1-C14, D).

D. **January 21, 2021**: 28+ adverse articles hit SAR/CLEAR alerts (Exhibit D), causing universal bans (Dkt. #49, Exhibit F) and banking issues (Exhibit F).

E. **Sentencing:** Plaintiff jailed, judge citing "media interest" from PayPal's leak, not conduct (Dkt. #49, Exhibit Q—transcript, p. 14; Exhibit G—"peaceful").

F. **PayPal's Pre-2021:** Targeted "hate events" by June 2020 (Exhibit H—Zoom leaks H1, H2), tied to ADL and FinCEN (Exhibit B—2019 DOJ/FBI/Reuters CLEAR partnership), with 4,000 compliance staff (Exhibit J—using Reuters CLEAR, Exhibit A-1).

G. **Actions**: PayPal knowingly amplified Plaintiff's SARs for a $200 fundraiser to silence and discredit her, triggering adverse media alerts to other financial institutions (Exhibit D) in

lockstep with FBI objectives to vilify (Dkt. #49, Exhibit A), in coordination with FinCEN regulations (Exhibit C), leading to her imprisonment though peaceful (Exhibit G) and debanking (Exhibit L); these actions permanently damaged Plaintiff's financial profile (Exhibit A-6—ranking) in the AI-driven CLEAR database (Exhibit A-1) shared by FinCEN, FBI, and PayPal (Exhibits A, A-1, M). Bank examiners secretly micromanage banks to suit government agendas (Exhibit K).

H. **Regulatory Web**: FinCEN's January 6 push (Dkt. #55, Exhibit 3—ODNI Report, Mar. 1, 2021), congressional probe (Dkt. #49, Exhibit G), examiner overreach (Exhibit K—BPI, Nov. 19, 2020; Exhibit L—BPI, Dec. 24, 2020; Exhibit L1—BPI, Mar. 11, 2025), BlackRock's stakes in PayPal (6.7%, Exhibit M) and CLEAR's F&R (55%, Exhibit N), Reuters CLEAR AI link (Exhibit D, pgs. 2, 4, 5, 9—"uphold the rule of law"), SAR surveillance (Exhibit O—SAR Activity Review Issue 19, 2011, p. 1), DOJ's 2021 domestic terrorism strategy (Exhibit U, p. 2; Exhibit S—Garland, Apr. 19, 2021; Exhibit T—FBI DVE Hunt, May 21, 2021), Federal Reserve PEP due diligence (Exhibit Q).

## III. LEGAL STANDARD

3. **State Action**: Joint action (*Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982)) or entwinement (*Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 298 (2001)) renders a private entity a state actor—PayPal's FinCEN ties echo systemic overreach (Exhibit L1, BPI, Mar. 11, 2025, p. 2).

4. **Arbitration Limits:** Constitutional and criminal claims—e.g., conspiracy against rights (18 U.S.C. § 241)—bypass arbitration (*McDonald*, 466 U.S. at 292; *United States v. Price*, 383 U.S. 787, 794 (1966)), as do biased shields (Exhibit L1, p. 3-4—ALJ bias). New evidence voids prior orders (*Concepcion*, 563 U.S. at 339—FAA bends to external constraints like this collusion). "Reason to believe" triggers discovery (*Nielsen*, 66 F.3d at 149).

## V. ARGUMENT

### A. New Evidence Outdates the Order

5. The Court's order (Dkt. #25, p. 12) compelled arbitration under a 2006 clickwrap, framing this as a "contract spat." New evidence (Exhibits A-U; Dkts. #47, #49, #55) reveals state action and criminal collusion—PayPal's ban (Dkt. #9, Exhibit A) and leak (Dkt. #49, Exhibit C1), tied to FBI/FinCEN (Exhibits A, C, H, I, U), fueled sentencing (Dkt. #49, Exhibit Q). "Reason to believe" (*Nielsen*, 66 F.3d at 149) and new evidence voids the FAA's fit (Dkt. #25, p. 5; *Concepcion*, 563 U.S. at 339—FAA bends)—this outstrips "broadly interpreted" (Dkt. #25, p. 12).

### B. Joint Action with FBI and FinCEN

6. PayPal's ban (Dkt. #9, Exhibit A) and leak (Dkt. #49, Exhibit C1), hours after Plaintiff's $200 tweet (Dkt. #49, Exhibit B), synced with FinCEN's FAQs (Exhibit C) and FBI's raid (Dkt. #49, Exhibit A)—post-January 6, DOJ's "elevated threat" crackdown on militia extremists (Exhibit U, p. 2-3). Jenna Ryan's echo (Dkt. #49, Exhibit C2) doubles it. Leaks drove SARs (Exhibit D, p. 5) and 28+ articles (Dkt. #49, Exhibit D), feeding FinCEN (Exhibit I) and FBI's DVE hunt (Exhibit T). Sentencing for "media interest" (Dkt. #49, Exhibit Q) seals it—PayPal executed state punishment, colluding against rights (18 U.S.C. § 241; *Burton*, 365 U.S. at 725; *Lugar*, 457 U.S. at 941).

### C. Pervasive Entwinement with State Systems

7. PayPal's fused with state machinery—BlackRock's stakes (Exhibit M) tie it to CLEAR (Exhibits A-1, N—Reuters' AI "upholding the rule of law," p. 2). CLEAR's AI flagged Plaintiff's tweet (Exhibit A-1), syncing PayPal's ban (Dkt. #9, Exhibit A) with secret surveillance (Exhibit O—SAR Review, p. 1). PayPal's 4,000 staff (Exhibit J) enforce FinCEN's regime (Exhibits D, I), predating 2021 with ADL pressure (Exhibit H). "Hate events" targeting (Exhibit H) mirrors FBI/FinCEN's DVE focus (Exhibit S), with examiner overreach (Exhibits K, L)—a state proxy crushing Plaintiff's rights (Dkt. #49, Exhibits B, Q) (*Lugar*, 457 U.S. at 941; *Brentwood*, 531 U.S. at 298).

### D. Constitutional Claims Overpower Arbitration

8. PayPal's ban axed Plaintiff's speech (Dkt. #49, Exhibit B—First Amendment) and gave no process (Dkt. #9, Exhibit A—Fifth Amendment), hinting at collusion (18 U.S.C. § 241). Arbitration obscures harm; courts rule here (*McDonald*, 466 U.S. at 292; *NRA v. Vullo*, 602 U.S. 175 (2024)). Leak to jail (Dkt. #49, Exhibits C1, Q) demands justice, not a warped clause.

### E. "Reason to Believe" Melts Clickwrap

9. Plaintiff didn't click "Accept" for collusion. FBI raid, FinCEN FAQs, PayPal ban, leak, articles, and bans (Dkt. #49, Exhibits A, C, Dkt. #9, Exhibit A, Dkt. #49, Exhibits C1, D, F), Jenna Ryan's echo (Dkt. #49, Exhibit C2), and shifts ($5M reneged, $20M damages—Dkt. #57, Exhibit A) scream "reason to believe" (*Nielsen*, 66 F.3d at 149). Three years' delay (Dkt. #1—Sept. 27, 2023) shields PayPal—discovery fits.

### F. State Action and Collusion Defies Arbitration

10. A $40 billion PayPal, fanatical over Plaintiff's $200 fundraiser (Dkt. #49, Exhibit B), signals criminal collusion—its ban (Dkt. #9, Exhibit A) and leak (Dkt. #49, Exhibit C1) sparked an abnormal media barrage (Dkt. #49, Exhibits C1-C14, D)—knowingly amplifying SARs (Exhibit D) to silence Plaintiff in lockstep with FBI vilification (Dkt. #49, Exhibit A) and FinCEN (Exhibit C), fueling sentencing (Dkt. #49, Exhibit Q) and debanking (Exhibit L), keeping her broke and infamous—interrelated consequences defying probability. PayPal, a government bully with arbitration shield, conspired against rights (18 U.S.C. § 241) as a state actor (*Burton*, 365 U.S. at 725; *Lugar*, 457 U.S. at 941; *Brentwood*, 531 U.S. at 298)—using Reuters' CLEAR AI "upholding the rule of law" (Exhibit A-1, p. 2) and Biden-era DOJ policy (Exhibit U, p. 2) atop ADL-driven FinCEN roots (Exhibits I, O, p. 1; BPI, Mar. 11, 2025, p. 2-4—systemic overreach)—PayPal must face judicial review, not arbitration (*McDonald*, 466 U.S. at 292; *Waffle House*, 534 U.S. at 294). The 2006 clickwrap (Dkt. #10, Exhibit 1) crumbles—courts rule.

## V. RELIEF REQUESTED

Plaintiff requests:

1. Declare PayPal a state actor under joint action and entwinement.

2. Deny enforcement of its arbitration clause due to new evidence and constitutional claims.

3. Order discovery into PayPal's CLEAR use and FinCEN/FBI ties.

4. Grant further just relief.

March 26, 2025

Respectfully submitted,

_Jennifer L. Ryan_
Jennifer L. Ryan
469-491-0587
jennaryanrealty@gmail.com

Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I, Jennifer L. Ryan, pro se Plaintiff, hereby certify that on this 26th day of March, 2025, I hand-delivered a true and correct copy of the foregoing PLAINTIFF'S MOTION TO DECLARE PAYPAL A STATE ACTOR AND DENY ENFORCEMENT OF ARBITRATION CLAUSE, together with all exhibits, to the Clerk of the Court at the United States District Court, Eastern District of Texas, Sherman Division, located at 101 E. Pecan Street, Sherman, Texas 75090, for filing in Case No. 4:22-cv-00559-ALM. Electronically via the Court's Electronic Case Filing (ECF) system to all counsel of record.

/s/ Jennifer L. Ryan