IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JLR GLOBAL, LLC, JENNA RYAN REALTY, LLC, JENNA RYAN REAL ESTATE, LLC, FIRST PLACE REAL ESTATE, SELFLOVEU, LLC, THE JENNA RYAN SHOW, DOTJENNA, and JENNIFER RYAN,<br><br>**Plaintiffs,**<br><br>v.<br><br>**PAYPAL INC.,**<br><br>**Defendant.** | Case No. 4:22-CV-559 |

**PayPal Inc.'s Combined Response to Plaintiff's Motions to Declare PayPal a State Actor and Deny Enforcement of Clickwrap Arbitration Clause and to Declare the March 15, 2023 Arbitration Order Outdated**

Plaintiff Jennifer Ryan again re-urges her opposition to arbitration using arguments already rejected by this Court. Through her Motion to Declare PayPal a State Actor and Deny Enforcement of Clickwrap Arbitration Clause (ECF No. 58, hereafter "State Actor Motion"), Ryan recycles her prior argument that she need not arbitrate with PayPal because PayPal is a "state actor." This time, however, she contends that PayPal colluded with the Federal Bureau of Investigation ("FBI") and the Financial Crimes Enforcement Network ("FinCEN") to infringe upon her constitutional rights. In addition, through her Motion to Declare the March 15, 2023 Arbitration Order Outdated (ECF No. 59, hereafter "Waiver Motion"), Ryan argues that (1) the "new evidence" of PayPal's FBI and FinCEN collusion, (2) PayPal's wavier of arbitration through litigation activity, and (3) "unconscionable and overbroad" nature of the arbitration agreement all render the order

compelling arbitration "outdated." But as PayPal has repeatedly established, each argument is without merit. Both motions should be denied.

## FACTUAL BACKGROUND

As PayPal noted in its February 10, February 26, and March 10 responses to Ryan's Motion to Lift Stay (ECF No. 45), Supplemental Motion to Lift Stay (ECF No. 47), Original and Supplemental Motions to Declare Defendant's Arbitration Rights Waived (ECF Nos. 50, 55) (hereafter, "Responses"), the facts of this dispute are well known to this Court. For the purpose of brevity, PayPal incorporates by reference the factual recitation and arguments set forth in those Responses as though they were set forth here.

## ARGUMENT AND AUTHORITIES

Through her Motions, Ryan contends (1) that PayPal has colluded with the federal government such that it should be considered a state actor, making arbitration improper, and (2) this "new evidence" when coupled with the unconscionable nature of the Agreement to Arbitrate and PayPal's waiver through litigation require that the order compelling arbitration be withdrawn. As discussed below, each argument fails.

1. **Plaintiff offers no evidence that PayPal is pervasively entwined with either the FBI or FinCEN.**

Through both her Waiver Motion and State Actor Motion, Plaintiff argues that "[i]nterrelated consequences—raid, ban, leak, media, jail—signal [PayPal's] collusion with FBI and FinCEN to crush Plaintiff's speech, not chance—claims beyond the User Agreement … and this Court's order." State Actor Mot. 2, ECF No. 58. Plaintiff offers thirty separate exhibits in support of her claims. Importantly, though, none of the exhibits link PayPal, the FBI, or FinCEN to one another. Nor do they establish that any entity acted in "collusion" to infringe upon Plaintiff's constitutional rights. The "evidence" Ryan offers does not establish that PayPal was acting on

behalf of or with the government such that it committed a constitutional violation when it terminated her account. *See, e.g., Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 315 (5th Cir. 2011) (finding insufficient evidence of pervasive entwinement where government had no control over private entity's internal decision making, or in enacting or enforcing any restriction on distribution of literature); *O'Handley v. Weber*, 62 F.4th 1145, 1158 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2715 (2024) (finding no nexus between private actor and government where government had not threatened adverse action to coerce a private party into action or where government provided no incentive to private party for taking action). Rather, the "evidence" consists of a variety of unrelated documents including promotional materials for Thomson & Reuters' product CLEAR and press releases about government initiatives. None of these documents establish that PayPal worked with the federal government when it terminated Plaintiff's account for her violation of the User Agreement. As a result, Ryan's Waiver and State Actor Motions should be denied.

   2. **The User Agreement is neither unconscionable nor overbroad.**

Through her Waiver Motion, Ryan continues to argue that the Agreement to Arbitrate is unconscionable, now contending that her acceptance of the agreement "was for payment services, not state-backed deplatforming in 2021." Waiver Mot. 4, ECF No. 59. But as this Court and other courts have previously held, PayPal's Agreement to Arbitrate is neither procedurally nor substantively unconscionable. ECF Nos. 25, 43; *Pickaree v. Kim*, No. CV H-22-901, 2022 WL 2317157, at *5 (S.D. Tex. June 28, 2022); *see also Cheng v. PayPal, Inc.*, Case No. 21-cv-03608-BLF, 2022 WL 126305 (N.D. Cal. Jan. 13, 2022); *see also Evans v. PayPal, Inc.*, No. 22-CV-00248-BLF, 2022 WL 1813993, at *5 (N.D. Cal. June 2, 2022), aff'd, No. 22-15979, 2023 WL 6058490 (9th Cir. Sept. 18, 2023). Moreover, there is no evidence that PayPal's decision to terminate her account was "state-backed." Thus, the motion should be denied on this basis.

### 3. PayPal has not waived its rights to arbitration.

Also in her Waiver Motion, Ryan again argues PayPal waived arbitration by (1) failing to initiate or pay for arbitration, (2) responding to Plaintiff's various motions before this Court, and (3) defaulting[1] by failing to respond to Plaintiff's Second Amended Complaint (ECF No. 48). But PayPal was and is under no duty to initiate arbitration proceedings, nor did Plaintiff obtain the requisite findings under the User Agreement requiring PayPal to pay for the arbitration fees. Throughout PayPal's litigation of Plaintiff's motions in this dispute, PayPal has consistently argued that arbitration is appropriate. As such, PayPal has not engaged "in an overt act evincing 'a desire to resolve the arbitrable dispute through litigation rather than arbitration.'" *Seifert v. United Built Homes, LLC*, 684 F. Supp. 3d 555, 569 (N.D. Tex. 2023). Finally, PayPal's decision not to respond to a legally invalid pleading waives none of its rights. *Martinez v. Foods*, No. SA:13-CV-133-DAE, 2013 WL 12394357, at *2 (W.D. Tex. Nov. 6, 2013) ("Because Plaintiff's Amended Complaint was improperly filed, it had no legal effect, and Defendant had no obligation to respond to it.); *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect."). For these reasons, Plaintiff's motion should be denied.

### CONCLUSION

Ryan's claims remain subject to the valid and enforceable arbitration agreement within the User Agreement. PayPal has consistently acted with the intent to enforce the Agreement to Arbitrate. PayPal thus requests that the Waiver and State Actor Motions be denied. PayPal requests any other relief the Court deems just and proper.

---

[1] Plaintiff has separately filed a Motion for Default Judgment (ECF No. 60). As set forth in the response to that motion filed contemporaneously herewith, the motion should be denied.

/s/ *Robert C. Vartabedian*
Robert C. Vartabedian
Texas Bar No. 24053534
Rob.Vartabedian@vhh.law
Alix D. Allison
Texas Bar No. 24086261
Alix.Allison@vhh.law
VARTABEDIAN HESTER & HAYNES LLP
301 Commerce, Suite 3635
Fort Worth, Texas 76102
Telephone: 817-214-4990

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, I caused to be served true and correct copies of the foregoing document by filing such notice with the Court's CM/ECF system.

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian