IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JLR GLOBAL, LLC, JENNA RYAN REALTY, LLC, JENNA RYAN REAL ESTATE, LLC, FIRST PLACE REAL ESTATE, SELFLOVEU, LLC, THE JENNA RYAN SHOW, DOTJENNA, and JENNIFER RYAN,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL INC.,<br><br>Defendant. | Case No. 4:22-CV-559 |

**PayPal Inc.'s Combined Response to Plaintiff's Motion for Default Judgment and Motion to Strike Second and Third Amended Complaints**

Plaintiff Jennifer Ryan continues to flout this Court's March 15, 2023 Memorandum Opinion and Order compelling arbitration and staying litigation. Refusing to accept this Court's well-reasoned analysis—and in lieu of making any effort to initiate arbitration to litigate the substantive merits of her alleged "claims"—Ryan has filed six groundless motions in the span of two months, seeking reversal of the Court's order. In the midst of this flurry, Ryan also filed her Second Amended Complaint, reconstituting her breach of contract claim as one for defamation and violations of the Constitution. Plaintiff later filed her Third Amended Complaint, which asserts no causes of action against PayPal. Instead, it appears to offer supplemental allegations in support of the claims alleged in her Second Amended Complaint. These amended pleadings had no effect as of the time they were filed because Plaintiff filed the amended pleadings both (1) in stayed litigation, and (2) without first obtaining PayPal's written consent or seeking leave of Court. Because the Second

and Third Amended Complaints have no legal effect, the Court should strike the improperly filed pleadings and deny Plaintiff's Motion for Default Judgment.

## FACTUAL BACKGROUND

Plaintiff initiated this litigation in the summer of 2022 in Denton County District Court. PayPal removed the matter to this Court in July 2022. ECF No. 1. Shortly thereafter in August 2022, PayPal filed its Motion to Compel Arbitration and to Dismiss, or in the Alternative, to Stay this Action Pending Arbitration. ECF No. 10. The Court ultimately issued its Memorandum Opinion and Order in March 2023, granting PayPal's motion and staying the litigation pending arbitration. ECF No. 25. Plaintiff filed a Motion for Reconsideration in November 2023, which was later denied in September 2024. ECF Nos. 30, 43. Undeterred, between January and March 2025, Plaintiff filed six separate motions, all asserting various frivolous grounds for the Court to reconsider its March 2023 order. *See* ECF Nos. 44, 47, 50, 55, 58, 59. PayPal has filed responses to each of these Motions and established that each must be denied as a matter of law. *See* ECF Nos. 45, 51, 56, 65.

Plaintiff also filed her Second Amended Complaint, repackaging her breach of contract claim as a claim for constitutional violations and defamation. ECF No. 49. As is evidenced by her recent serial motions to reconsider, Plaintiff now contends that the parties' Agreement to Arbitrate cannot apply to an entity like PayPal that is so "entwined" with the federal government that it should be considered a state actor who violated her first and fifth amendment freedoms. But under Fifth Circuit precedent and this Court's March 2023 order, the pleading was legally null at the time it was filed. As such, no answer or response was required. Nevertheless, Plaintiff seeks an entry of default judgment against PayPal. But because the pleading was improperly filed, the Court should strike the Second and Third Amended Complaints and deny Plaintiff's Motion.

## ARGUMENT AND AUTHORITIES

While a pro se litigant's pleadings must generally be construed liberally, the litigant is not exempt from complying with the Rules of Civil Procedure. *Page v. AV & Amro Merch. Servs.*, No. CIV.A. 6:06-CV-393, 2007 WL 2683830, at *2 (E.D. Tex. Sept. 6, 2007). While Federal Rule of Civil Procedure 15 permits a party an automatic right to amend its pleadings once before receipt of a responsive pleading, the Rule requires a party must obtain either leave of court or written consent of the adverse party to amend a pleading once a responsive pleading is served. *Id.*; Fed. R. Civ. P. 15(a). An amended complaint filed without leave of court or consent of the adverse party is considered a nullity. *Martinez v. Foods*, No. SA:13-CV-133-DAE, 2013 WL 12394357, at *2 (W.D. Tex. Nov. 6, 2013) ("Because Plaintiff's Amended Complaint was improperly filed, it had no legal effect, and Defendant had no obligation to respond to it."); *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect."); *Page*, Civil Action No. 6:06–CV–393, 2007 WL 2683830 at *2. Thus, such a pleading is of no binding effect because it runs afoul of the requirements of Federal Rule of Civil Procedure 15(a).

Plaintiff filed her Amended Complaint on August 9, 2022, pursuant to an Order of this Court. ECF Nos. 4, 9. PayPal timely filed its responsive pleading: a Motion to Compel Arbitration and to Dismiss, or in the Alternative, to Stay this Action. ECF No. 10. As such, under Federal Rule of Civil Procedure 15, Plaintiff was required to seek leave of Court or the written consent of PayPal prior to filing an additional amended pleading like her Second and Third Amended Complaints. She did neither. Moreover, the Court previously stayed the matter in March 2023, halting the litigation pending the resolution of any arbitration. *See, e.g.*, *Nken v. Holder*, 556 U.S. 418, 428-

29 (2009) ("[A] stay operates upon the judicial proceeding itself. It does so either by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability. . . A stay 'simply suspend[s] judicial alteration of the status quo….'"). Consequently, for two independent reasons, no answer or response was required to the Second or Third Amended Complaints.

Because Ryan has failed to meet either of the two requirements necessary under Rule 15(a) that would allow her to file the Second and Third Amended Complaints and because the litigation remains stayed, the Court should strike the amended pleadings from the record and deny Plaintiff's Motion for Default Judgment.

## CONCLUSION

PayPal respectfully requests that the Court strike Plaintiff's Second and Third Amended Complaints for Ryan's failure to comply with the Federal Rules of Civil Procedure and the Court's March 15, 2023 Memorandum Opinion and Order compelling arbitration and staying the instant litigation. PayPal requests any other relief the Court deems just and proper.

/s/ *Robert C. Vartabedian*
Robert C. Vartabedian
Texas Bar No. 24053534
Rob.Vartabedian@vhh.law
Alix D. Allison
Texas Bar No. 24086261
Alix.Allison@vhh.law
VARTABEDIAN HESTER & HAYNES LLP
301 Commerce, Suite 3635
Fort Worth, Texas 76102
Telephone: 817-214-4990

## CERTIFICATE OF CONFERENCE

I hereby certify that I have complied with the meet and confer requirement in Local Rule CV-7(h). In particular, on April 4, 2025, I conferred with pro se litigant Plaintiff Jennifer Ryan via telephone. She is opposed to the relief sought in this Motion. Ms. Ryan is opposed to the Motion as she believes PayPal has defaulted by failing to respond to her Second and Third Amended Complaints. Thus, discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Alix D. Allison*
Alix D. Allison

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, I caused to be served true and correct copies of the foregoing document by filing such notice with the Court's CM/ECF system.

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian