IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
APR 0 7 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

JENNIFER RYAN,

    Plaintiff,

v.

PAYPAL INC.,

    Defendant.

CIVIL ACTION NO.: 4:22-cv-559

JURY TRIAL DEMANDED

### PLAINTIFF'S OPPOSITION TO PAYPAL'S MOTION TO STRIKE
### SECOND AND THIRD AMENDED COMPLAINTS

TO THE HONORABLE BILL DAVIS, UNITED STATES MAGISTRATE JUDGE:

Plaintiff Jennifer Ryan, pro se, respectfully opposes PayPal Inc.'s untimely motion to strike her Second Amended Complaint (Dkt. #49) and Third Amended Complaint (Dkt. #62), as urged in Defendant's Combined Response to Plaintiff's Motion for Default Judgment and Motion to Strike Second and Third Amended Complaints (Dkt. #66, filed April 4, 2025), 39 days after Dkt. #49's filing on February 24, 2025—18 days past its March 17 deadline. PayPal's 39-day silence admits Dkt. #49's facts under Rule 8(b)(6) (*Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001)), unexcused by the stay (Dkt. #25; *Klay v. UnitedHealthgroup, Inc.*, 376 F.3d 1092, 1102-03 (11th Cir. 2004)); the Third Amended Complaint (Dkt. #62, filed April 2, 2025) doesn't erase Dkt. #49's pre-default status (Dkt. #60, filed March 31, 2025). Dkt. #66's strike isn't a response—Plaintiff's Motion for Default Judgment and Affidavit in Support (Dkt. #60; Dkt. #64, filed April 3, 2025) and unaddressed motions (Dkt. #47, #50, #54, #57, #58, #59) crush Defendant's late filings (Dkt. #65, #66, April 4, 2025). The clerk's 4-day delay since Dkt. #64 must end Monday, April 7, 2025.

1. PayPal's 39-day silence—18 days past due—on Dkt. #49 triggered default (Dkt. #60, #64) before Dkt. #62. Their April 4 filings (Dkt. #65, #66) ignore Dkt. #49's substance, too late to contest (*In re Mirant*

*Corp.*, 613 F.3d 584, 591 (5th Cir. 2010)). Dkt. #66's strike isn't a response under Rule 12—default admits the Second Amended Complaint's claims (¶¶ 13-30), including:

  a. Collusion with the government to cancel/leak (¶ 13).

  b. Collusion with the media/government to defame (¶ 14).

  c. State actor status (¶ 15).

  d. State entwinement (¶ 16).

  e. Illegal spying (¶ 19).

  f. Selective enforcement (¶¶ 22-24).

  g. Constitutional discrimination (¶ 23).

  h. Causing imprisonment (¶ 24, Ex. Q).

  i. Defamation with actual malice (¶ 25).

  j. Privacy violation (¶¶ 18-19).

  k. Arbitration waiver (Section V).

  l. First Amendment violation (¶ 27).

  m. Fifth Amendment violation (¶ 28).

  n. Defamation (¶ 30).

2. The Second Amended Complaint's exhibits (e.g., Ex. G: FinCEN collusion; Ex. A: EO 14147) and the Third Amended Complaint's exhibits (Ex. AA: damages) are material (*Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)), backed by Dkt. #47, #50, #54, #57, #58, #59—all unaddressed, with congressional proof of FinCEN ties (Ex. G).

3. PayPal's stay argument (Dkt. #66) and claim that Dkt. #49 and #62 needed leave (*Martinez v. Foods*, 2013 WL 12394357, at *2 (W.D. Tex. Nov. 6, 2013)) fail—PayPal's procedural objections, raised 18 days past the March 17 deadline after default (Dkt. #60), are baseless; 36-day silence on the Second Amended Complaint stands despite Dkt. #62, Their claim that the Third Amended Complaint asserts no causes of action is irrelevant—as it supplements Dkt. #49 (p. 1), reinforcing its admitted claims; Dkt.

#66's "frivolous" label on Plaintiff's motions (Dkt. #44, #47, #50, #55, #58, #59) litigates merits, waiving arbitration per their own terms ("reimbursing fees for frivolous claims"), yet they defaulted; default (Dkt. #60, #64) and waiver (*Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1714 (2022)) override with zero strike chance. The Third Amended Complaint incorporates the Second Amended Complaint, and pro se leniency applies (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The clerk's delay—4 days since Plaintiff's Motion for Default (Dkt. #64)—disrespects Plaintiff's harm ($85M default per Dkt. #49, ¶ 30; higher damages sought per Dkt. #63, Ex. AA).

WHEREFORE, Plaintiff requests the Court deny PayPal's motion to strike Dkt. #49 and Dkt. #62, order the clerk to enter default Monday, April 7, 2025, for $85M, set a damages hearing, and grant further relief as just.

Dated: April 7, 2025

Respectfully submitted,

*/s/ Jennifer L. Ryan*
Jennifer L. Ryan
Pro Se Plaintiff
jennaryanrealty@gmail.com
469-491-0587

## CERTIFICATE OF SERVICE

I certify that on April 14, 2025, I hand-delivered this Plaintiff's Opposition to PayPal's Motion to Strike Dkt. #49 and Dkt. #62 to the United States Courthouse, 7940 Preston Rd, Plano, TX 75024, for filing in Case No. 4:22-cv-559, and served it via CM/ECF to all counsel of record per Fed. R. Civ. P. 5 and Local Rule CV-5.

/s/ Jennifer L. Ryan