IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



JENNIFER RYAN,

    Plaintiff,

v.

PAYPAL INC.,

    Defendant.

CIVIL ACTION NO.: 4:22-cv-559

JURY TRIAL DEMANDED

## PLAINTIFFS' EMERGENCY MOTION TO CLARIFY & TO ENTER DEFAULT AGAINST PAYPAL

TO THE HONORABLE JUDGE BILL DAVIS:

Plaintiff Jennifer Ryan, pro se, files this Emergency Motion to Clarify the April 9, 2025 Order (Dkt. #69) and requests immediate entry of default against Defendant PayPal Inc. under Fed. R. Civ. P. 55(a), asserting the Court's *sua sponte* negation of her Motion for Default Judgment (Dkt. #60)—without a required Rule 55(c) motion—violates due process and procedural rules, prejudicing her urgent $85M claim.

## I. BACKGROUND

1. On February 24, 2025, Plaintiff filed her Second Amended Complaint (Dkt. #49). Defendant failed to respond by March 17, 2025—36 days of silence.

2. On March 31, 2025, Plaintiff filed a Motion for Default Judgment (Dkt. #60), supported by an affidavit (Dkt. #64, April 3), based on Defendant's failure to plead or defend under Rule 55(a).

3. Defendant filed a Motion to Strike (Dkt. #66) on April 4—post-default—late—not a responsive pleading (*Augustus v. Bd. of Pub. Instruction,* 306 F.2d 862 (5th Cir. 1962)) and without leave.

4. On April 9, 2025, the Court ordered (Dkt. #69) that "failure to respond will not be deemed… default," pausing all motions (Dkt. #48–#68), including Dkt. #60, without a Rule 55(c) motion from Defendant.

5. Plaintiff asserts this *sua sponte* action negates her procedural right to default entry under Rule 55(a), absent Defendant's motion to set aside, prejudicing her $85M claim (Dkt. #49).

## II. REQUEST FOR CLARIFICATION

Plaintiff requests clarification:

1. Does Dkt. #69 vacate or delay the clerk's entry of default under Rule 55(a) for Dkt. #60?
2. If so, under what authority—without Defendant's Rule 55(c) motion—and on what findings of fact and law, given no due process hearing or argument?

## III. MOTION TO ENTER DEFAULT

Plaintiff moves for default entry under Rule 55(a):

1. Defendant failed to respond to Dkt. #49 within 21 days (Rule 12(a)(1)(A)(i))—36 days elapsed by April 4th.
2. No Rule 55(c) motion—"good cause"—filed (*Lacy v. Sitel Corp.*, 227 F.3d 290 (5th Cir. 2000)).
3. Rule 55(a) mandates—"clerk must enter"—shown by affidavit (Dkt. #64) and docket—Defendant's silence admits 14 claims (Dkt. #49, ¶¶ 13-30; Rule 8(b)(6)), including constitutional violations (*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985)).
4. Dkt. #69's *sua sponte* negation—without Defendant's motion—violates due process (*U.S. v. Sineneng-Smith*, 140 S. Ct. 1575 (2020)) and Rule 55—prejudicing Plaintiff's $85M claim (Dkt. #63).
5. Defendant's cherry-picking (Dkt. #66)—33 months litigating (Dkt. #1)—waives arbitration (*Morgan v. Sundance*, 142 S. Ct. 1708 (2022)).

## IV. CONCLUSION

Plaintiff requests:

1. Clarification of Dkt. #69's effect on Rule 55(a) default entry for Dkt. #60.

2. Entry of default against PayPal under Rule 55(a), as no Rule 55(c) motion justifies delay.

3. Further relief as just.

                                                     Respectfully submitted,

                                                     Jennifer l. Ryan
                                                     469-491-0587
                                                     jennaryanrealty@gmail.com

                                                     Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I certify that on April 10, 2025, a true and correct copy of this Motion was served on all parties of record via CM/ECF and/or U.S. Mail.

/ s / Jennifer L. Ryan